1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Anthony Mitchell, | Case No. 2:24-cv-01042-RFB-DJA |
|                   Plaintiff, | |
| v. | **Order** |
| Ryan Cohen, et al., | |
|                   Defendants. | |

This is a federal securities action arising out of *pro se* Plaintiff's purchase of 8847 shares of Bed Bath & Beyond stock from trading platform, Robinhood and those shares' loss of value during the "meme stock" movement. Plaintiff sues Ryan Cohen, the chairman of the board of GameStop Corp.; Robinhood Financial, LLC; Robinhood Securities, LLC; Robinhood Money, LLC; The Depository Trust & Clearing Corporation; 20230930-DK-BUTTERFLY-1, Inc. dba Bed Bath and Beyond; Overstock.com; RC Ventures, LLC; and Sue E. Gove, the former interim CEO of Bed Bath & Beyond. Plaintiff moves on an *ex parte*[1] basis to attempt alternative service on Cohen; RC Ventures; and Gove. (ECF No. 13). Because the Court finds that Plaintiff has not demonstrated that he has attempted proper service on either Cohen or RC Ventures before moving for alternate service on these parties, the Court denies Plaintiff's motion in part as to Cohen and RC Ventures. Because the Court finds that Plaintiff has demonstrated that he attempted proper service on Gove before moving for alternative service, it grants Plaintiff's motion as to Gove.

---

[1] Plaintiff has not identified the rule that permits him to file his motion *ex parte* nor has he explained why he filed his motion on an *ex parte* basis as required by Nevada Local Rule IA 7-2. The Court will thus direct the Clerk's Office to remove the *ex parte* designation from this motion.

1  **I.**     **Legal standard.**

2      The Constitution does not require any particular means of service of process.  *Rio Props.,*

3  *Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (*citing Mullane v. Central*

4  *Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).  It requires only that service "be

5  reasonably calculated to provide notice and an opportunity to respond." *Id.*  Service of process is

6  governed by Rule 4 of the Federal Rules of Civil Procedure.

7      A federal court lacks jurisdiction over a defendant unless the defendant has been properly

8  served under Rule 4.  *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d

9  685, 688 (9th Cir. 1988) (citation omitted).  Rule 4, however, "is a flexible rule that should be

10 liberally construed so long as a party receives sufficient notice of the complaint." *Id.*  "[W]ithout

11 substantial compliance with Rule 4," "neither actual notice nor simply naming the defendant in

12 the complaint will provide personal jurisdiction." *Id.*  Federal Rule of Civil Procedure 4(e)(1)

13 provides that an individual within a judicial district of the United States may be served by

14 "following state law for serving a summons in an action brought in courts of general jurisdiction

15 in the state where the district court is located or where service is made."  Federal Rule of Civil

16 Procedure 4(h) provides that a corporation, partnership, or association located in a judicial district

17 of the United States may be served in the manner prescribed by Rule 4(e)(1) for serving an

18 individual or by delivering a copy of the summons and of the complaint to an officer, a managing

19 or general agent, or any other agent authorized by law to receive service of process.

20      ***A.***     ***Alternative service in Nevada.***

21      Under Nevada Rule of Civil Procedure 4.4(b)(1), a plaintiff may serve a party through

22 alternative means if the methods of service provided for in Rules 4.2 (service within Nevada), 4.3

23 (service outside Nevada), and 4.4(a) (statutory service) are impracticable.  Under Nevada Rule of

24 Civil Procedure 4.4(b)(2), a motion seeking an order for alternative service must provide

25 affidavits, declarations or other evidence demonstrating:

26      (i)     the due diligence that the plaintiff undertook to locate and serve the
           defendant; and

27

28

(ii)   the defendant's known, or last known contact information including address, phone numbers, email addresses, social media accounts, or other information used to communicate with the defendant…

The motion must also outline the proposed alternative service method and explain why it comports with due process.  Nev. R. Civ. P. 4.4(b)(2)(B).  Under Nevada Rule of Civil Procedure 4.4(b)(3), if the Court orders alternative service, the plaintiff must also make reasonable efforts to provide additional notice under Rule 4.4(d) and mail a copy of the summons and complaint as well as any order authorizing the alternative service to the defendant's last-known address. Nevada Rule of Civil Procedure 4.4(d) provides that, in addition to any other service method, the court may order a plaintiff to make reasonable efforts to provide additional notice of the commencement of the action by other methods like certified mail, telephone, voice message, email, social media, "or any other method of communication."

## B.   Alternative service in New York.

When traditional methods of service prove "impracticable," New York law provides for service "in such manner as the court, upon motion without notice, directs."  *Ferrarese v. Shaw*, 164 F. Supp 3d 361, 365 (E.D.N.Y. 2016) (quoting N.Y. C.P.L.R. § 308(5)); *see* N.Y. C.P.L.R. § 311-A(b).  Once a plaintiff has shown that the conventional methods of service are impracticable, the court must ensure that the alternative method(s) of service complies with "constitutional due process."  *Id.* (citations omitted).

## C.   Alternative service in Texas.

Texas law provides for alternative methods of service where service has been attempted and unsuccessful.  Texas Rule of Civil Procedure 106(b) provides that a motion for alternative service must be supported by affidavit stating the location of the defendant's usual place of abode and demonstrating that personal and mail service, return receipt requested have been attempted. That rule also provides that, if the party seeking alternative service makes that showing, the court may authorize service by "any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit."  Tex. R. Civ. P. 106(b)(2).

1    **II.    Background.**

2        Plaintiff explains that he attempted service on Cohen and RC Ventures "at the known

3    address (1114 Avenue of the Americas, Ste 32nd Floor, New York, NY 10036) which is the

4    address of attorneys currently representing these defendants but was not able to do this." (ECF

5    No. 13 at 2).  Plaintiff explains that he attempted to serve Gove "at 4408 Long Champ Dr[.]

6    Apt[.] 38, Austin, TX 78746-1187 but was not able to do this due to the access denial by security

7    guard." (*Id.*).  He adds that he "sent the complaint to these defendants by standard mail with

8    signature delivery first, which were delivered and signed for – asking for voluntary waiver of

9    service.  This was ignored." (*Id.*).  He also states that "[t]he law firm representing RYAN

10   COHEN and RC VENTURES LLC has instructed the secretary at the base of the office building

11   to deny access.  Plaintiff is not aware of alternative addresses of defendants." (*Id.*).

12       Plaintiff also attaches proofs of service. (*Id.* at 10-16).  On the first, regarding service on

13   Cohen the server provided, "I returned the summons unexecuted because **No such address** after

14   attempting service at **1114 Avenue of the Americas Fl 32, New York, NY 10036.**" (*Id.* at 10)

15   (emphasis in original).  The server's summary provides:

16/17            8/8/2024 1:10 PM: I spoke with an individual who identified
                themselves as the manager and they stated service not permitted.

18           8/9/2024 4:17 PM: I was unable to access the address due to secured
19           building although I contacted apartment office and waited.  Please
             be mindful because this service is not adding up.  The service says
20           that the subject resides at the address.  The address is a multi unit
             business commercial building. No one resides here!!! Once again
21           THIS IS A COMMERCIAL BUILDING.  SUBSTITUTE
             SERVICE IS NOT ALLOWED AT BUSINESS LOCATION.  Non
22           Service.

23           8/9/2024 4:22 PM:  I was unable to locate the address.  Please be
             mindful because this service is not adding up.  The service says that
24           the subject resides at the address.  The address is a multi unit
             business commercial building. No one resides here!!! Once again
25           THIS IS A COMMERCIAL BUILDING.  SUBSTITUTE
             SERVICE IS NOT ALLOWED AT BUSINESS LOCATION.  Non
26           Service!!

27

28           (*Id.* at 10-11).

On the second, regarding service on RC Ventures, the server provided, "I returned the summons unexecuted because **Disallowed** after attempting service at **1114 Avenue of the Americas Fl 32, New York, NY 10036**." (*Id.* at 13) (emphasis in original).  The server's summary provides:

> 8/6/2024 2:53 PM: I spoke with an individual who identified themselves as the person authorized to accept and they stated service not permitted.

(*Id.*).

On the third, regarding service on Gove, the server provided, "I returned the summons unexecuted because **Other** after attempting service at **4408 Long Champ Dr[.,] Apt[.] 38, Austin, TX 78746**." (*Id.* at 15) (emphasis in original).  The server's summary provides:

> 8/5/2024 2:20 PM:  I was unable to access the address due to gated community.  No access per security guard.  Need to contact owner for access to enter.  This is a community within the Austin Country Club and it's an exclusive, members only area.

> 8/5/2024 2:28 PM:  I placed a phone call to number ending in 1714 resulting in leaving voice mail.

> 8/5/2024 2:28 PM:  I placed a phone call to number ending in 2816 resulting in leaving voice mail.

> 8/7/2024 10:25 AM:  I was unable to access the address due to gated community.  Security guard said to contact owner directly for access.

> 8/10/2024 10:15 AM:  I was unable to access the address due to gated community.  No access per security guard.

> 8/12/2024 8:55 PM:  I was unable to access the address due to gated community.  No access per security guard.

(*Id.*).

Plaintiff proposes the following alternative methods of service:

(1)  [M]ailing a copy of the complaint and summons via certified mail to VINSON & ELKINS LLP at 1114 Avenue of the Americas, Ste 32nd Floor, New York, NY 10036 as attorneys representing Defendants; mailing a copy of the complaint and summons to Sue

E[.] Gove at 4408 Long Champ Dr[.,] Apt[.] 38, Austin, TX 78746-1187.  If defendants decline receipt of certified mail, mail will be sent Fedex with signature confirmation.  If Fedex mail is declined, [m]ail will be sent standard USPS first class mail.

(2)   [E]mailing a copy of the complaint and summons to VINSON & ELKINS LLP at nkoppel@velaw.com and cgarcia@velaw.com; emailing a copy of the complaint and summons to Sue E[.] Gove at segove@yahoo.com and sue.gove@conns.com.

(*Id.* at 4-5).

## III.   Discussion.

### A.   Cohen.

Plaintiff has not demonstrated that he has attempted personal service on Cohen sufficient for the Court to find alternative service appropriate.  Under Nevada law, a party may serve process outside Nevada, but within the United States, in the same manner as serving a person within Nevada or as prescribed by the law of the place where the defendant is served.  Nev. R. Civ. P. 4.3(a)(1).  Service may be made on an individual within Nevada by: (1) delivering a copy of the summons and complaint to the individual personally; (2) leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with a person of suitable age and discretion who currently resides therein and is not an adverse party to the individual being served; or (3) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.  Nev. R. Civ. P. 4.2(a).  Under New York law, service of process on a person may be effectuated by: (1) personal service; (2) delivery to "a person of suitable age and person to be served at the actual place of business, dwelling place or usual abode of the person to be served" and then mailing the summons to the person to be served at his or her last known residence; (3) service on an agent; or (4) so-called "nail and mail" service.  *See* N.Y. C.P.L.R. §§ 308(1)–(4); *E.L.V.H. Inc. v. Bennett*, No. 2:18-cv-00710-DWP-LA, 2018 WL 6131947, at *2 (C.D. Cal. May 2, 2018).

Here, Plaintiff has not attempted service in any of the methods outlined under Nevada or New York law and has instead attempted service on Cohen's attorneys.  But Plaintiff has not demonstrated that the attorneys at this firm are Cohen's agents or that the law firm is Cohen's "actual place of business."  As a result, the Court cannot find that service on Cohen was

impracticable under either Nevada or New York law such that alternative service is justified.  The Court thus denies Plaintiff's motion for alternative service on Cohen without prejudice.

### B.     RC Ventures.

The Court denies Plaintiff's motion for alternative service on RC Ventures because Plaintiff has not demonstrated that he attempted proper service before seeking alternative service. Under Nevada law, a party may serve an entity outside Nevada but within the United States, in the same manner provided in Rule 4.2(c)(1) for serving such a defendant within Nevada, or as prescribed by the law of the place where the defendant is served.  Nev. R. Civ. P. 4.3(a)(3).  In relevant part, an entity may be served in Nevada by delivering a copy of the summons and complaint to: (1) the registered agent of the company or association; (2) any member of a member-managed limited-liability company; (3) any manager of a manager-managed limited-liability company; (4) any managing or general agent of any entity or association; or (3) any other agent authorized by appointment or by law to receive service of process.  Nev. R. Civ. P. 4.2(c)(1).  If the entity is a foreign entity and cannot be served under Rule 4.2(c)(1), it may be served by "delivering a copy of the summons and complaint to any officer, director, partner, member, manager, trustee, or agent identified in Rule 4.2(c)(1) that is located within this state. Nev. R. Civ. P. 4.2(c)(2).

Under New York law, service of process on a limited liability company may be effectuated by: (1) personal service on a member of the limited liability company if the management of the company is vested in its members; (2) personal service on any manager of the limited liability company if the management of the company is vested in one or more managers; (3) personal service on any other agent authorized by appointment to receive process; or (4) personal service on any other person designated by the limited liability company to receive process, in the manner provided by law for service of summons as if such person was a defendant. N.Y. C.L.P.R. § 311-A(a).  New York law also provides that service may be made on a limited liability company by serving the secretary of state as an agent of a domestic limited liability company or authorized foreign limited liability company.  *See* N.Y. C.L.P.R. § 311-A(a); *see* N.Y. C.L.P.R. § 303(a).

Here, Plaintiff does not assert that he attempted service on any of the proper individuals identified under either Nevada or New York law.  Instead, he states that he attempted to serve RC Ventures through its attorneys.  But he does not state whether the attorneys were authorized agents to receive process or were otherwise members, managers, or agents of the company.  Additionally, the process server's explanation about the attempted process on RC Ventures demonstrates that the server only tried to serve RC Ventures once.  And the server's explanation that the "person authorized to accept" "stated service not permitted," is confusing and leaves the Court unable to analyze the attempted service.  The Court denies Plaintiff's motion for alternative service RC Ventures without prejudice.

### C.     Gove.

The Court grants Plaintiff's motion for alternative service on Gove.  Under Nevada law, a party may serve process outside Nevada, but within the United States, in the same manner as serving a person within Nevada or as prescribed by the law of the place where the defendant is served.  Nev. R. Civ. P. 4.3(a)(1).  Service may be made on an individual within Nevada by: (1) delivering a copy of the summons and complaint to the individual personally; (2) leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with a person of suitable age and discretion who currently resides therein and is not an adverse party to the individual being served; or (3) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.  Nev. R. Civ. P. 4.2(a).  Under Texas law, a party may serve an individual by: (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.  Tex. R. Civ. P. 106(a).

Here, Plaintiff has demonstrated that he has attempted service on Gove in line with both Nevada and Texas law by attempting personal service on Gove at her residence and by mailing the complaint with return receipt requested.  Plaintiff has also demonstrated that service was unsuccessful by these methods, despite multiple attempts.  The Court thus grants Plaintiff's motion for alternative service on Gove and finds that his proposed method of alternative service

will be reasonably effective to give Gove notice of the suit.  Plaintiff must mail a copy of this order, the complaint, and the summons to Gove at 4408 Long Champ Dr., Apt. 38, Austin, TX 78746-1187 via certified mail return receipt requested; **and** FedEx mail, with signature confirmation; **and** USPS first class mail.  Plaintiff must also email a copy of this order, the complaint, and the summons to Gove at segove@yahoo.com and sue.gove@conns.com.

      **IT IS THEREFORE ORDERED** that Plaintiff's *ex parte* motion for leave to make alternative service of process on Defendants Ryan Cohen; RC Ventures, LLC; and Sue E. Gove (ECF No. 13) is **granted in part and denied in part.**  It is denied in part regarding Cohen and RC Ventures.  It is granted in part regarding Gove.

      **IT IS FURTHER ORDERED** that Plaintiff must serve Sue E. Gove at the below address and email addresses by serving a copy of this order, the complaint, and summons on her by: (1) email; (2) certified mail, return receipt requested; (2) FedEx mail with signature confirmation; and (3) by USPS first class mail:

**Sue E. Gove**
4408 Long Champ Dr., Apt. 38
Austin, TX 78746-1187
segove@yahoo.com
sue.gove@conns.com

      **IT IS FURTHER ORDERED** that the Clerk's Office is kindly directed to remove the *ex parte* designation from Plaintiff's motion (ECF No. 13).

DATED: September 5, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE