1  Todd L. Bice, Bar No. 4534
   TLB@pisanellibice.com
2  Emily A. Buchwald, Bar No. 13342
   EAB@pisanellibice.com
3  PISANELLI BICE, PLLC
   400 S. 7th Street, Suite 300
4  Las Vegas, Nevada 89101
   Telephone: (702) 214-2100
5  tlb@pisanellibice.com

6  Eric R. Swibel (*pro hac vice forthcoming*)
   LATHAM & WATKINS LLP
7  330 North Wabash Avenue, Ste. 2800
   Chicago, Illinois 60611
8  Telephone: (312) 777-7185
   Eric.Swibel@lw.com

*Attorneys for Defendant Beyond, Inc. (f/k/a Overstock.com, Inc.)*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Anthony Mitchell,<br><br>            Plaintiff,<br><br>v.<br><br>Ryan Cohen, an individual; Robinhood Financial LLC, a Delaware Limited Liability Company; Robinhood Securities, LLC, a Delaware Limited Liability Company; Robinhood Money, LLC, a Delaware Limited Liability Company; The Depository Trust & Clearing Corporation, a New York Corporation; 20230930-DK-Butterfly-1, Inc., a New York Corporation doing business as Bed Bath & Beyond; Overstock.com, Inc., a Delaware Corporation doing business as Bed Bath & Beyond; RC Ventures LLC, a Delaware Limited Liability Company; Sue E. Gove, an individual,<br><br>            Defendants. | CASE NO. 2:24-cv-01042-RFB-DJA<br><br>**DEFENDANT BEYOND, INC.'S (F/K/A OVERSTOCK.COM, INC.) MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND, IN THE ALTERNATIVE, MOTION TO TRANSFER** |

1

## NOTICE OF MOTION TO DISMISS AND, IN THE ALTERNATIVE, TRANSFER

Pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(3), Defendant Beyond, Inc. (f/k/a Overstock.com, Inc.) ("Beyond"), by and through its counsel, hereby moves to dismiss all claims asserted against Beyond (Counts I and X) in the Complaint brought by Plaintiff Anthony Mitchell ("Plaintiff") ("Complaint" or "Compl.") (Dkt. No. 7). In the alternative, Beyond moves to transfer the case to the District of New Jersey for referral to its Bankruptcy Court pursuant to 28 U.S.C. § 1412.

This motion to dismiss and, in the alternative, transfer is based upon this notice, the accompanying memorandum of points and authorities, the Declaration of Dennis Benschoter, the cited exhibits (of which Beyond asks the Court to take Judicial Notice), and any oral argument the Court deems proper.

Dated: September 11, 2024

PISANELLI BICE PLLC

By: _/s/ Todd L. Bice_
Todd L. Bice, Esq., #4534
TLB@pisanellibice.com
Emily A. Buchwald, Esq., #13342
EAB@pisanellibice.com
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone: (702) 214-2100

Eric R. Swibel, Esq.
(*pro hac vice forthcoming*)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Ste 2800
Chicago, Illinois 60611
Telephone: (312) 777-7185
Eric.Swibel@lw.com

*Attorneys for Defendant Overstock.com, Inc. (f/k/a Overstock.com, Inc.)*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's claims against Beyond are frivolous, but the Court need not reach the merits because Plaintiff failed to properly serve the Complaint and, in any event, because the case does not belong in this Court. Plaintiff sued Overstock.com, Inc. "doing business as Bed Bath & Beyond" ("Overstock.com") (now known as Beyond, Inc.) based on alleged misconduct that occurred before Beyond purchased certain intellectual property from Bed Bath & Beyond Inc. through bankruptcy proceedings in June 2023. Per the bankruptcy court order approving that limited asset purchase, Beyond did not assume any successor liability for claims against legacy Bed Bath & Beyond Inc.—*i.e.*, Beyond cannot possibly have liability for any of Plaintiff's claims here. The court order also provides that the Bankruptcy Court for the District of New Jersey retains "exclusive jurisdiction" over the terms of that bankruptcy order and purchase agreement.

At the threshold, Plaintiff's claims against Beyond should be dismissed because (i) Plaintiff failed to properly serve Beyond, and (ii) even if service had been proper, the case should be dismissed for improper venue, as the Bankruptcy Court for the District of New Jersey retains exclusive jurisdiction over Plaintiff's allegations against Beyond. In the alternative, Beyond moves to transfer the case to the District of New Jersey for referral to its Bankruptcy Court pursuant to that court's order dated June 28, 2023. *See* Exhibit 1, *In re Bed Bath & Beyond Inc., et al.*, Case No. 23- 13359-VFP (Bankr. D.N.J. June 28, 2023) (Dkt. No. 1117) (the "Bankruptcy Sale Order").[1]

---

[1] Beyond asks the Court to take judicial notice of the Bankruptcy Sale Order (Exhibit 1), as well as Bed Bath & Beyond Inc.'s Voluntary Petition for Non-Individual's Filing for Bankruptcy, dated April 23, 2023 (Exhibit 2, *In re Bed Bath & Beyond Inc., et al.*, Case No. 23-13359-VFP (Bankr. D.N.J. Apr. 23, 2023) (Dkt. No. 1). In deciding a motion to dismiss under FRCP 12(b), a court may consider matters outside the complaint by taking judicial notice of matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-9 (9th Cir. 2001). Courts "may take judicial notice of court filings and other matters of public records." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *see also Peck v. Nevada*, No. 218CV00237APGVCF, 2022 WL 171192, at *5 (D. Nev. Jan. 18, 2022), *report and recommendation adopted as modified,* No. 218CV00237APGVCF, 2022 WL 833214 (D. Nev. Mar. 21, 2022) (noting a court "may take judicial notice of court filings in underlying or related litigation") (internal citations omitted).

3

## II. BACKGROUND

### A. Bed Bath & Beyond Inc. Bankruptcy

On April 23, 2023, Bed Bath & Beyond Inc. filed for bankruptcy in the Bankruptcy Court for the District of New Jersey. *See* Exhibit 2 at 4. As part of the bankruptcy proceedings, on June 28, 2023, Bed Bath & Beyond Inc. sold certain of its intellectual property, including its name and website, to Overstock.com. *See* Exhibit 1.[2]

Under the Bankruptcy Sale Order, Overstock.com acquired the assets "free and clear of any and all liens, claims, interests, and encumbrances," (Exhibit 1 ¶ S), and without successor liability. *Id*. ¶¶ 13-16 (Overstock.com shall not "be a legal successor, or otherwise be deemed a successor to [Bed Bath & Beyond Inc.]" and shall not have "any responsibility for (a) any liability or other obligations of [Bed Bath & Beyond Inc.] or related to the Acquired Assets or (b) any claims against [Bed Bath & Beyond Inc.]"). The Bankruptcy Court for the District of New Jersey retained "exclusive jurisdiction" over the terms of the Bankruptcy Sale Order and the purchase agreement. *Id*. ¶ 38.

On November 6, Overstock.com changed its name to Beyond, Inc. *See* Exhibit 3, Beyond, Inc., Current Report (Form 8-K) (Nov. 6, 2023), at 2.[3]

### B. Plaintiff's Complaint and Allegations Against Overstock.com

On June 26, 2024, Plaintiff filed his Complaint against nine defendants, including Overstock.com "doing business as Bed Bath & Beyond." *See* Compl. at 1.

Plaintiff's claims against Beyond are limited to alleged harm relating to his Bed Bath & Beyond Inc. stock purchases between July 2022 and April 2023—before Bed Bath & Beyond Inc. filed for bankruptcy and before Overstock.com acquired any of Bed Bath & Beyond Inc.'s intellectual property. *Id*. ¶ 1; *see also* Exhibit 2, at 4. Plaintiff defines "Bed Bath" as

---

[2] *See* specifically Exhibit 1 to the Bankruptcy Sale Order – Asset Purchase Agreement between Bed Bath & Beyond Inc. and Overstock.com, Inc. (Dkt. 1117, 56 at § 2.1 ("Purchase and Sale of the Acquired Assets")).

[3] Beyond asks the Court to take judicial notice of its Form 8-K (November 6, 2023), attached as Exhibit 3. *See Dreiling v. Am. Exp. Co.*, 458 F.3d 942 n.2 (9th Cir. 2006) ("SEC filings" are "subject to judicial notice" on a motion to dismiss).

"Overstock.com., Inc., doing business as Bed Bath & Beyond."[4]  Compl. at 1.  Plaintiff copied verbatim or almost verbatim many of the allegations asserted against legacy Bed Bath & Beyond Inc. in an ongoing class action complaint.  *See, e.g.*, Compl. ¶¶ 22, 29-30, 39-40.[5]  Plaintiff does not acknowledge the Bankruptcy Sale Order in his Complaint.[6]

        **C.     Plaintiff's Attempted Service Against Overstock.Com**

On August 7, 2024, a process server purportedly delivered a summons for Overstock.com to someone at the San Diego office of Latham & Watkins, LLP ("Latham") located at 12670 High Bluff Dr., San Diego, California 92130.  *See* Dkt. No. 12.  The Proof of Service avers the summons was purportedly delivered to associate attorney, Dennis Benschoter, but also notes the individual who received the summons did not provide their name.  *Id.*  Mr. Benschoter was not present at the Latham office on August 7, 2024, and he did not accept service of the summons.  *See* Exhibit 4, September 8, 2024 Declaration of Dennis Benschoter ¶¶ 6-8.  Mr. Benschoter is not authorized to accept service on Beyond's behalf.  *Id.* ¶¶ 3-5.

**III.    ARGUMENT**

        **A.     The Complaint Should Be Dismissed Under FRCP 12(b)(5) Because Plaintiff's Service of Process Was Improper**

The Complaint should be dismissed because Plaintiff failed to properly serve Beyond.  "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly" under FRCP 4.  *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840

---

[4] Plaintiff also includes "20230903-DK-Butterfly-1, Inc. doing business as Bed Bath & Beyond" in the definition of "Bed Bath."  *Id.*  That entity has nothing to do with Beyond.

[5] Copied verbatim or almost verbatim from paragraphs 2, 179-180, and 223-224, respectively, in the Second Amended Class Action Complaint in *In re Bed Bath & Beyond Corp. Sec. Litig.*, Case No. 1:22-cv-02541-TNM (D.D.C. Jan. 20, 2023) (Dkt. No. 66) (the "Class Action Complaint"), attached as Exhibit 5.  The claims asserted against legacy Bed Bath & Beyond Inc. in the Class Action Complaint were automatically stayed when the company petitioned for bankruptcy.  *See* 11 U.S.C. § 362(a)(1); *see also* Exhibit 7, *In re Bed Bath & Beyond Corp. Sec. Litig.*, Case No. 1:22-cv-02541-TNM (D.D.C. Apr. 23, 2023) (Dkt. No. 81) (suggestion of bankruptcy filed by lead plaintiff recognizing claims against Bed Bath & Beyond Inc. are stayed).  As court filings in related litigation, the Class Action Complaint and Exhibit 7 are appropriate for judicial notice.  *Reyn's Pasta Bella, LLC*, 442 F.3d at 746 n.6.

[6] Indeed, Plaintiff does not acknowledge the Bed Bath & Beyond Inc. bankruptcy.  For example, in what appears to be a cut-and-paste mistake from the Class Action Complaint, Plaintiff says Bed Bath is "days away from filing for bankruptcy."  Compl. ¶ 22.

F.2d 685, 688 (9th Cir. 1988).  A court may dismiss a complaint pursuant to FRCP 12(b)(5) if service is improper.  *See Williams v. Bellagio Hotel & Casino*, 2024 WL 1417429, at *2 (D. Nev. Apr. 1, 2024) (citing *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006)).  Plaintiff bears the burden of establishing that a defendant was properly served.  *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

Under FRCP 4, service on a corporation is proper by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(h)(1)(B).  Alternatively, a corporation may be served by "following state law . . . in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  Here, Plaintiff filed the Complaint in Nevada, and Plaintiff attempted service against Beyond in California.  *See* Dkt. No. 12.  That attempted service was improper.

*First*, Plaintiff did not properly serve Beyond under Nevada law governing service on entities outside of Nevada.  Nev. R. Civ. P. 4.3(a)(3).  Where, as with Beyond, a corporation is a foreign entity under Nevada law, a corporation may be served only "as prescribed by the law of the place where defendant is served."[7]  *Id.*; Nev. R. Civ. P. 4.2(c)(1).  As discussed below, Plaintiff did not properly serve Beyond in California.

*Second*, Plaintiff did not properly serve Beyond under California law or FRCP 4(h).  Similar to FRCP 4(h), corporations may be served under California law by delivering a copy of the summons and complaint to "the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation

---

[7] Nev. R. Civ. P. 4.3(a)(3) allows for service on an entity outside of Nevada in accordance with the law of the state where the defendant was served or pursuant to Nev. R. Civ. P. 4.2(c)(1). Nev. R. Civ. P. 4.2(c)(1) applies only to non-foreign entities.  This rule does not apply here because Beyond is not "formed under the laws of [Nevada], [ ] registered to do business in [Nevada]," nor has it "appointed a registered agent in [Nevada]."  Nev. R. Civ. P. 4.2(c)(1); *see also* Exhibit 3 at 1 (Beyond is incorporated under Delaware law).

6

to receive service of process." Cal. Civ. Proc. Code § 416.10(b).[8] Plaintiff did not serve any such person. *See* Exhibit 4 at ¶¶ 3-5.

Instead, Plaintiff attempted to serve Mr. Dennis Benschoter, an associate attorney at Latham, on August 7, 2024, at Latham's office located at 12670 High Bluff Dr., San Diego, California 92130. *See* Dkt. No. 12. However, Mr. Benschoter was not at the Latham office on August 7, 2024. *See* Exhibit 4 at ¶ 7. Indeed, the Proof of Service document states the individual who allegedly received the summons did not provide their name, and the description of that unknown individual does not match a description of Mr. Benschoter. *See* Dkt. No. 12; *see also* Exhibit 4 at ¶ 9.

Even if Plaintiff had served Mr. Benschoter, such service would have been improper. For service upon a corporation's counsel to be effective, "the record must show that the attorney exercised authority beyond the attorney-client relationship, including the power to accept service." *Evony, LLC v. Aeria Games & Ent., Inc.,* 2012 WL 12843210, at *8 (N.D. Cal. Sept. 28, 2012). Consistent with this Court's recent order denying, in part, Plaintiff's motion for alternate service, a general attorney-client relationship alone is insufficient to establish the necessary agency for service purposes. Dkt. No. 16 at 3 ("Plaintiff has not demonstrated that the attorneys at this firm are [Defendant Ryan Cohen's] agents"); *see also SAI v. Smith*, 2017 WL 2438483, at *2 (N.D. Cal. June 6, 2017) (finding service was ineffective because neither defendant's attorney nor the attorney's receptionist was a "person designated to accept service" under federal or California law); *Burch v. Bellagio Hotel & Casino*, 2015 WL 5445018, at *2 (D. Nev. Sept. 15, 2015) (same).

Mr. Benschoter did not and cannot accept service on Beyond's behalf. Exhibit 4 at ¶¶ 3-9. Mr. Benschoter is not an officer, director, employee, or managing or general agent of Beyond. *Id*. at ¶¶ 3-4. Further, Beyond did not authorize Mr. Benschoter to receive service of process on its behalf, (Exhibit 4 at ¶ 5), nor would Mr. Benschoter's representation of Beyond in any other separate action imply such authorization. *See Evony,* 2012 WL 12843210, at *8 (quashing service that was delivered to defendant's counsel in a separate action).

---

[8] Cal. Civ. Proc. Code § 416.10(a) and (d) relate to service of California corporations, and (c) relates to service of banks. Those provisions are inapplicable here.

7

1  Therefore, the Court should grant Beyond's motion to dismiss because Beyond was not
2  properly served.

3  **B.      The Complaint Should Be Dismissed Under FRCP 12(b)(3) Because Venue Is Improper**
4

5  The Complaint should also be dismissed pursuant to FRCP 12(b)(3) because venue in the
6  District of Nevada is improper. "When there are multiple parties and/or multiple claims in an
7  action, the plaintiff must establish that venue is proper as to each defendant and as to each claim."
8  *Kelly v. Echols*, 2005 WL 2105309, at *11 (E.D. Cal. Aug. 30, 2005); *see also Int'l Pat. Dev. Corp.*
9  *v. Wyomont Partners*, 489 F. Supp. 226, 230 (D. Nev. 1980). "The plaintiff bears the burden of
10 showing that venue is proper." *Georgiou v. Ruthen*, 2022 WL 4379192, at *1 (D. Nev. Sept. 21,
11 2022) (citing *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979)).

12 Plaintiff alleges that venue is proper pursuant to 15 U.S.C. § 78aa(a) and 28 U.S.C. §
13 1391(b). Compl. ¶ 16. Neither support venue in the District of Nevada. Venue is instead proper
14 in the District of New Jersey because the Bankruptcy Court for the District of New Jersey retained
15 exclusive jurisdiction over claims relating to Beyond's purchase of Bed Bath & Beyond Inc.'s
16 intellectual property, which is the basis for Plaintiff's claims against Beyond. *See* Exhibit 1 ¶ 38;
17 *see also, e.g.,* Compl. ¶ 98.

18  **1.      Venue Is Improper Under 15 U.S.C. § 78aa(a)**

19 Under 15 U.S.C. § 78aa(a), a civil action brought to enforce the Securities Exchange Act
20 of 1934 may be brought (1) in any district where "any act or transaction constituting the violation
21 occurred" or (2) in the district "wherein defendant is found or is an inhabitant or transacts
22 business." *Georgiou,* 2022 WL 4379192, at *1 (quoting 15 U.S.C. § 78aa(a)); *Vanleeuwen v.*
23 *Keyuan Petrochemicals, Inc.*, 2013 WL 4517242, at *6 (C.D. Cal. Aug. 26, 2013) (same).

24 To support venue in this District, Plaintiff alleges only that "[m]any of the acts and conduct
25 that constitute the violations of law complained of herein occurred in substantial part in this
26 District, including the dissemination of materially misleading information on the Internet that was
27 accessible on the Internet." Compl. ¶ 16. To the extent Plaintiff is arguing venue is proper under
28 prong one of § 78aa(a), he misses the mark because he fails to allege that any defendants, including

Beyond, engaged in any violative act in the District of Nevada. The reason is plain: venue is not established in "any district in which an allegedly-false document was 'made available' to the plaintiff, without some indication of how the document was made available and the role the defendant played in making the document available." *Vanleeuwen,* 2013 WL 4517242, at *7 (finding venue improper for defendant where plaintiff presented no evidence if or how defendant was involved in making stock offering documents and SEC public filings available online; "venue is established under [§ 78aa(a)] on the acts of the defendants"); *see also Georgiou v. Ruthen*, 2022 WL 4379192, at *1 (D. Nev. Sept. 21, 2022) (finding venue was improper where defendant demonstrated evidence showing that plaintiff's allegations related to actions by non-party).

Here, Plaintiff alleges that "**Bed Bath** made misleading statements on August 17, 2022 and August 18, 2022," but relies on and refers to allegations in the Class Action Complaint, which defines "Bed Bath" as "Bed Bath & Beyond Inc." Compl. ¶ 39 (relying on claims as particularized "in class action complaint attached as Exhibit A") (emphasis added). Without any reference to location, the Class Action Complaint refers to alleged misstatements that ***Bed Bath & Beyond Inc.***—a company unrelated to Beyond, except for Beyond's purchase of the name—purportedly made to CNBC and in its Form 8-K in August 2022. *See* Exhibit 5 at ¶¶ 179-180. Bed Bath & Beyond Inc. allegedly made those statements before it filed for bankruptcy—before Beyond acquired any interest in Bed Bath & Beyond Inc.'s intellectual property without any successor liability. *Id.*; *see also* Exhibit 1 ¶¶ S, 13-16. Because Plaintiff has not identified any violative act by Beyond in Nevada, venue is improper under § 78aa(a).[9]

///

///

///

---

[9] Plaintiff does not allege that venue for Beyond would be proper under prong two of under 15 U.S.C. § 78aa(a); he does not allege Beyond "is found or is an inhabitant or transacts business" in the District of Nevada. Indeed, Plaintiff makes no claims whatsoever that Beyond has any connection to Nevada.

9

**2.      Venue Is Improper Under 28 U.S.C. § 1391(b)**

Plaintiff's reliance on the more stringent 28 U.S.C. § 1391(b) venue standard also fails. *See Creative Intellects Inc. v. Haygood,* 2021 WL 3568238, at *5 (C.D. Cal. July 23, 2021) (noting § 78aa(a) is a "more liberal standard" than § 1391(b)). Venue is proper under 28 U.S.C. § 1391(b) in a district in which: "(1) 'any defendant resides, if all defendants are residents of the State in which the district is located;' or (2) 'a substantial part of the events or omissions giving rise to the claim occurred…If neither of those two bases applies, then venue is properly laid in [(3)] 'any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.'" *Georgiou v. Ruthen*, 2022 WL 4379192, at *2 (D. Nev. Sept. 21, 2022) (quoting 28 U.S.C. § 1391(b)).

Plaintiff seemingly relies on § 1391(b)(2) by claiming that alleged violations occurred "in substantial part" in the District of Nevada, including the "dissemination of materially misleading information on the Internet that was accessible" here. Compl. ¶ 16.[10] Like with the § 78aa(a) analysis, however, the "substantiality inquiry focuses on the relevant activities of the defendant, not of the plaintiff." *Knuttel v. Omaze, Inc.*, 572 F. Supp. 3d 866, 870 (N.D. Cal. 2021). The fact that allegedly misleading information was accessible on the Internet in this District is insufficient because Plaintiff has alleged no facts about any defendant's conduct in Nevada. *See, e.g, id.* (finding plaintiff did not establish proper venue based on plaintiff visiting and interacting with defendant's website in district, where all decisions regarding language at issue were made by defendant elsewhere); *see also Jamba Juice Co. v. Jamba Grp., Inc.*, 2002 WL 1034040, at *2 (N.D. Cal. May 15, 2002) ("To accept plaintiff's contention [that venue is proper anywhere website was accessed] would be to adopt a rule that would subject any corporation with a website to venue in the district in which plaintiff does business.").

As to Beyond, venue is appropriate under § 78aa(a) and § 1391(b) in the District of New Jersey. Plaintiff sued Beyond only because Beyond bought intellectual property (including the

---

[10] Plaintiff does not allege venue is proper under § 1391(b)(1). However, based on the record to date, all defendants do not reside in the District of Nevada because, at a minimum, Sue Gove resides in Texas. *See* Dkt. No. 12 (noting Plaintiff attempted service at Gove's residence in Texas).

name) from Bed Bath & Beyond Inc. *See* Compl. ¶ 98. That sale was approved by the Bankruptcy Court for the District of New Jersey, with Beyond having no successor liability and the Bankruptcy Court retaining exclusive jurisdiction over the sale and any related issues. *See* Exhibit 1 ¶¶ S, 13-16, 38. To the extent Plaintiff claims Beyond has liability for the allegations as against Bed Bath & Beyond Inc., venue is proper in New Jersey given that any events relating to Beyond's liability would relate to the New Jersey Bankruptcy Sale Order. Therefore, the Complaint should be dismissed for improper venue in the District of Nevada.

### C. In the Alternative, the Case Should Be Transferred to the District of New Jersey for Referral to Its Bankruptcy Court

In the alternative, Beyond moves to transfer the case against Beyond to the District of New Jersey for referral to its Bankruptcy Court. "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. Section 1412 transfers are appropriate for proceedings that are "related to" a bankruptcy case. *Stoer Constr. Inc. v. Benson Sec. Sys., Inc.*, 2022 WL 704836, at *1 (N.D. Cal. Mar. 9, 2022). A post-bankruptcy action is "related to" a bankruptcy case when there is a "close nexus" to the bankruptcy plan or proceeding.[11] *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1194 (9th Cir. 2005). A "close nexus" exists when the matter affects "the interpretation, implementation, consummation, execution, or administration of the confirmed plan." *In re Wilshire Courtyard*, 729 F.3d 1279, 1289 (9th Cir. 2013) (quoting *Pegasus Gold Corp.*, 394 F.3d at 1194).

Here, there is a "close nexus" between Plaintiff's allegations against Beyond and the Bankruptcy Sale Order, under which Beyond (formerly Overstock.com) purchased certain assets from Bed Bath & Beyond Inc. As noted above, Plaintiff sued Beyond based solely on Beyond's

---

[11] The U.S. Bankruptcy Court for the District of New Jersey confirmed the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates on September 14, 2023. *See* Exhibit 6, *In re Bed Bath & Beyond Inc., et al.*, Case No. 23-13359-VFP (Bankr. D.N.J. Sept. 14, 2023) (Dkt. No. 2172), at 35. As a publicly filed court document, this court order is appropriate for judicial notice. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts "may take judicial notice of court filings and other matters of public records").

purchase of certain intellectual property from Bed Bath & Beyond in a transaction approved by the bankruptcy court. *See* Compl. ¶ 98. The Bankruptcy Sale Order states that Overstock.com acquired those assets "free and clear of any and all liens, claims, interests, and encumbrances," (Exhibit 1 ¶ S), and without successor liability. *Id*. ¶¶ 13-16 (Overstock.com shall not "be a legal successor, or otherwise be deemed a successor to [Bed Bath & Beyond Inc.]" and shall not have "any responsibility for (a) any liability or other obligations of [Bed Bath & Beyond Inc.] or related to the Acquired Assets or (b) any claims against [Bed Bath & Beyond Inc.]"). The Bankruptcy Court retains "exclusive jurisdiction" with respect to the terms of the Bankruptcy Sale Order and the asset purchase agreement. *See id*. ¶ 38. Adjudication of this matter therefore will require a court to interpret and apply the terms of the Bankruptcy Sale Order to determine whether it bars Plaintiff's claims against Beyond. This plainly qualifies as a "close nexus" between Plaintiff's claims and the bankruptcy proceeding. *See BGC Partners, Inc. v. Avison Young (Canada) Inc.*, 2016 WL 3636921, at *3 (D. Nev. July 7, 2016) (finding "related to" jurisdiction existed where adjudication of plaintiff's claims "require[d] interpretation of documents associated in the [bankruptcy], namely the [Asset Purchase Agreement]").

Under Section 1412, a district court may transfer a case "in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. Transfer is within the court's discretion "based on an individualized case-by-case analysis of convenience and fairness." *In re Mun. Corr., LLC*, No. BR 12-12253-MKN, 2012 WL 6737509, at *4 (Bankr. D. Nev. Dec. 28, 2012) (quoting *In re B.L. of Miami, Inc.*, 294 B.R. 325, 328–29 (Bankr. D. Nev. 2003)). A court may transfer if either statutory basis—"interest of justice" or "convenience of parties"—is established. *Id.; see also Baca v. Patriot Nat'l, Inc.*, 2018 WL 10435228, at *3-4 (N.D. Cal. June 19, 2018) (granting a Section 1412 motion to transfer in the interest of justice alone). Here, transfer is both in the interest of justice and for the convenience of the parties.

When considering whether a transfer is in the "interest of justice," courts typically weigh the following factors: "[1] the economics of estate administration, [2] the presumption in favor of the 'home court,' [3] judicial efficiency, [4] the ability to receive a fair trial, [5] the state's interest in having local controversies decided within its borders by those familiar with its laws, [6] the

enforceability of the judgment, and [7] plaintiff's original choice of forum." *Stoer Constr. Inc. v. Benson Sec. Sys., Inc.*, 2022 WL 704836, at *2 (N.D. Cal. Mar. 9, 2022).

On balance, these factors support transferring this case to the District of New Jersey for referral to its Bankruptcy Court. First, allowing the Bankruptcy Court to interpret its own Bankruptcy Sale Order—***including its retention of jurisdiction over any related disputes***—to determine liability for Plaintiff's claims "promotes the efficient administration of the bankruptcy estate and the interests of judicial economy." *Tulacro v. Chrysler Grp., LLC*, 2011 WL 13227751, at *3 (C.D. Cal. Feb. 2, 2011) (finding transfer to the bankruptcy court promoted efficient administration of the estate because "the court is already familiar with the terms of the [asset purchase agreement] and has already issued a sale order that defines the limits of [defendant's] liability"). Second, there is a presumption in favor of transfer to the "home court" where the bankruptcy proceedings take place, which is the District of New Jersey in this case. *See McGillis/Eckman Invs.-Billings, LLC v. Sportsman's Warehouse, Inc.*, 2010 WL 3123266, at *6 (D. Mont. June 30, 2010) (presuming that post-confirmation claims should be transferred to the "home court" that issued the relevant bankruptcy order). Third, "judicial efficiency" strongly favors transfer because the Bankruptcy Court is best positioned to interpret its own order, and doing so avoids the possibility of conflicting liability arising under the Bankruptcy Sale Order. *See, e.g.*, *Dearden v. FCA US LLC*, 2017 WL 1190980, at *4 (E.D. Pa. Mar. 31, 2017) ("Allowing for different courts in different jurisdictions to interpret the terms of the Sale Order creates the possibility for inconsistent determinations, inconsistent liability to the Defendant, and needless confusion.") (internal citation omitted)).

Importantly, a plaintiff's choice of forum alone is insufficient to override the presumption in favor of the home court.[12]  *See Baca*, 2018 WL 10435228, at *3 (holding that the plaintiff's

---

[12] The remaining factors are neutral. *See, e.g., Tulacro*, 2011 WL 13227751, at *3 (finding factors four and six were neutral because there was "no reason to believe . . . that [plaintiff's] ability to have a fair trial or to obtain an enforceable judgment would be affected in any way by the transfer" to the bankruptcy court in a different district); *McGillis/Eckman Invs.-Billings, LLC*, 2010 WL 3123266, at *7 (finding factor five neutral because a state's interest in having controversies decided locally is "diminished" in matters related to a bankruptcy case and consequently finding this factor to be neutral).

choice of forum "is less important than the presumption in favor of the home court[,]" including when there are non-debtor defendants). Accordingly, if the Court does not dismiss this case for the reasons set forth in Sections III.A and III.B, this case should be transferred to the New Jersey District Court for referral to its Bankruptcy Court in the interest of justice.

Additionally, to the extent the Court also considers the "convenience of the parties," which is not required under Section 1412 where transfer is in the interest of justice, *see Mun. Corr., LLC*, 2012 WL 6737509, at *4, the bankruptcy court is a more appropriate venue. The factors weighed by courts when considering the "convenience of the parties" include: "[1] location of the plaintiff and the defendant; [2] ease of access to necessary proof; [3] convenience of witnesses; [4] availability of subpoena power for the unwilling witnesses; and [5] expenses related to obtaining witnesses." *Doe v. Weinstein Co. LLC*, 2018 WL 5880191, at *3 (C.D. Cal. June 14, 2018) (cleaned up).

Here, Plaintiff is the only connection between Nevada and the claims at issue. None of the Defendants are located in Nevada, (*see* Compl. ¶¶ 4–12), and there is no indication that their alleged acts or omissions giving rise to Plaintiff's claims took place there. On the other hand, Plaintiff alleges that at least two defendants have a principal place of business in New Jersey (Compl. ¶¶ 8-9) and, as discussed above, the claims giving rise to Beyond's alleged liability relate to the Bankruptcy Sale Order in the New Jersey Bankruptcy Court. Access to witnesses and proof relating to the Bankruptcy Sale Order and any supposed liability therein would more convenient in that state and in the Bankruptcy Court. Therefore, the convenience of the parties also favors transferring the case to New Jersey.

///

///

///

14

**IV.     CONCLUSION**

For the reasons discussed above, Beyond respectfully requests the Court dismiss all claims as against Beyond, or in the alternative, transfer the case to the U.S. District Court in the District of New Jersey for referral to its Bankruptcy Court.

DATED: September 11, 2024

PISANELLI BICE PLLC

By:  /s/ Todd L. Bice
    Todd L. Bice, Esq., #4534
    TLB@pisanellibice.com
    Emily A. Buchwald, Esq., #13342
    EAB@pisanellibice.com
    400 South 7th Street, Suite 300
    Las Vegas, Nevada  89101
    Telephone: (702) 214-2100

Eric R. Swibel, Esq.
(*pro hac vice forthcoming*)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Ste 2800
Chicago, Illinois  60611
Telephone: (312) 777-7185
Eric.Swibel@lw.com

*Attorneys for Defendant Overstock.com, Inc. (f/k/a Overstock.com, Inc.)*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of PISANELLI BICE PLLC, and that on the 11th day of September 2024, I caused a true and correct copy of the foregoing **DEFENDANT BEYOND, INC.'S (F/K/A OVERSTOCK.COM, INC.) MOTION TO DISMISS AND IN THE ALTERNATIVE, TRANSFER PLAINTIFF'S COMPLAINT** to be electronically filed with the Clerk of the Court by using CM/ECF service and serving on all parties of record via U.S. Mail as follows:

Anthony Mitchell
412 Viewmont
Henderson, NV 89015

*Pro Se*

                                             */s/ Téa Rivera*
                                             An employee of PISANELLI BICE PLLC

**TABLE OF EXHIBITS**

| Exhibit No. | Description |
|---|---|
| 1 | *In re Bed Bath & Beyond Inc., et al.*, Case No. 23- 13359-VFP (Bankr. D.N.J. June 28, 2023) (Dkt No. 1117) |
| 2 | *In re Bed Bath & Beyond Inc., et al.*, Case No. 23- 13359-VFP (Bankr. D.N.J. April 23, 2023) (Dkt. No. 1) |
| 3 | Beyond, Inc., Current Report (Form 8-K) (Nov. 6, 2023) |
| 4 | Declaration of Dennis Benschoter |
| 5 | *In re Bed Bath & Beyond Corp. Sec. Litig.*, Case No. 1:22-cv-02541-TNM (D.D.C. Jan. 20, 2023) (Dkt. No. 66) |
| 6 | *In re Bed Bath & Beyond Inc., et al.*, Case No. 23-13359-VFP (Bankr. D.N.J. Sept. 14, 2023) (Dkt. No. 2172) |
| 7 | *In re Bed Bath & Beyond Corp. Sec. Litig.*, Case No. 1:22-cv-02541-TNM (D.D.C. Apr. 23, 2023) (Dkt. No. 81) |