FILED ✓  ___ RECEIV.
___ ENTERED   ___ SERVED
COUNSEL/PARTIES OF RECC.

SEP 16 2024

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY: _____ MRM ___ DEP'T

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY MITCHELL,<br><br>*Plaintiff*,<br><br>v.<br><br>RYAN COHEN, an individual; ROBINHOOD FINANCIAL LLC, a Delaware Limited Liability Company; ROBINHOOD SECURITIES, LLC, a Delaware Limited Liability Company; ROBINHOOD MONEY, LLC, a Delaware Limited Liability Company; THE DEPOSITORY TRUST & CLEARING CORPORATION, a New York Corporation; 20230930-DK-BUTTERFLY-1, INC., a New York Corporation doing business as BED BATH & BEYOND; OVERSTOCK.COM, INC., a Delaware Corporation doing business as BED BATH & BEYOND; RC VENTURES LLC, a Delaware Limited Liability Company; SUE E. GOVE, an individual,<br><br>*Defendants*. | Case No. 2:24-cv-01042<br><br>**PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE OF SUMMONS AND COMPLAINT** |

  Plaintiff Anthony Mitchell ("Plaintiff") hereby files the Motion to extend time for service of summons and complaint.

  Plaintiff has attempted to serve defendants in the present case, but these attempts were unsuccessful. Only two defendants have been served, 20230930-DK-BUTTERFLY-1, INC., a New York Corporation doing business as BED BATH & BEYOND and OVERSTOCK.COM,

INC., a Delaware Corporation doing business as BED BATH & BEYOND. Service attempts are attached as **Exhibit A**.

District courts retain broad discretion to permit service-of-process extensions under Rule 4(m). See <u>Mann v. Am. Airlines</u>, 324 F.3d 1088, 1090 (9th Cir. 2003). In considering whether to grant an extension, "a district court may consider factors 'like the statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" <u>Efaw v. Williams</u>, 473 F.3d 1038, 1041 (9th Cir. 2007) (quoting <u>Troxell v. Fedders of N. Am. Inc.</u>, 160 F.3d 381, 383 (9th Cir. 1998)).

Here, Plaintiff took steps to attempt to effectuate service within the 90 days proscribed by Rule 4(m) and Civil Local Rule 4.1(a). Specifically, Plaintiff engaged a process server to serve the Defendant with the Summons and Complaint.

Despite Plaintiff's efforts, Defendant remains unserved. Notwithstanding Plaintiff's inability to effectuate timely service, it is clear the delay is not attributable to Plaintiff. Plaintiff has shown by this motion and declaration that he has been unable to serve Defendants at the address on record for them with Secretary of State.

For these reasons, Plaintiff respectfully requests that this Court grant his Motion to extend time for service of summons and complaint.

Dated: September 7, 2024                             Respectfully submitted,

                                     ANTHONY MITCHELL, pro se

**PLAINTIFF'S MOTION TO EXTEND TIME**
**FOR SERVICE OF SUMMONS AND COMPLAINT**