1  Todd L. Bice, Esq. Bar No. 4534
   TLB@pisanellibice.com
2  Emily A. Buchwald, Esq. Bar No. 13342
   EAB@pisanellibice.com
3  PISANELLI BICE, PLLC
   400 S. 7th Street, Suite 300
4  Las Vegas, Nevada 89101
   Telephone: (702) 214-2100
5  tlb@pisanellibice.com

6  Eric R. Swibel (*pro hac vice forthcoming*)
   LATHAM & WATKINS LLP
7  330 North Wabash Avenue, Ste. 2800
   Chicago, Illinois 60611
8  Telephone: (312) 777-7185
   Eric.Swibel@lw.com
9
   *Attorneys for Defendant Beyond, Inc. (f/k/a Overstock.com, Inc.)*
10

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| Anthony Mitchell, | CASE NO. 2:24-cv-01042-RFB-DJA |
|---|---|
| Plaintiff, | |
| v. | **REPLY IN SUPPORT OF DEFENDANT BEYOND, INC.'S (F/K/A OVERSTOCK.COM, INC.) MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND, IN THE ALTERNATIVE, MOTION TO TRANSFER** |
| Ryan Cohen, an individual; Robinhood Financial LLC, a Delaware Limited Liability Company; Robinhood Securities, LLC, a Delaware Limited Liability Company; Robinhood Money, LLC, a Delaware Limited Liability Company; The Depository Trust & Clearing Corporation, a New York Corporation; 20230930-DK-Butterfly-1, Inc., a New York Corporation doing business as Bed Bath & Beyond; Overstock.com, Inc., a Delaware Corporation doing business as Bed Bath & Beyond; RC Ventures LLC, a Delaware Limited Liability Company; Sue E. Gove, an individual, | |
| Defendants. | |

1

## I. INTRODUCTION

As detailed in Beyond's Motion to Dismiss, (*see* Dkt. No. 18 ("Motion" or "Mot.")), Plaintiff's claims against Beyond are frivolous and arise from his purchase of shares of Bed Bath & Beyond Inc.—a different entity unaffiliated with Beyond at the time of the purchase. Plaintiff's Response to Beyond's Motion does nothing to suggest his Complaint should not be dismissed. *See* Dkt. No. 23 ("Response" or "Opp."). Plaintiff's Complaint should be dismissed because Plaintiff concedes that he did not properly serve Beyond and because Plaintiff failed to establish that venue is proper in this District. Beyond's only relationship to the misconduct alleged in the Complaint is its purchase of certain intellectual property—free and clear of any liability for past conduct—from Bed Bath & Beyond Inc. through bankruptcy proceedings in the District of New Jersey. Mot. at 4–5. Therefore, in the alternative, the case should be transferred to that District because the Bankruptcy Court retained "exclusive jurisdiction" over the terms of the purchase agreement and its order approving the sale. *See* Mot. Exhibit 1 (the "Bankruptcy Sale Order") ¶ 38.

## II. ARGUMENT

### A. The Complaint Should Be Dismissed Because Plaintiff Concedes that Beyond Was Not Properly Served.

The Complaint should be dismissed because in his Response, Plaintiff concedes that he did not properly serve Beyond and does not provide an explanation for his failure to do so. Apart from the bare conclusion that "Overstock was served," (Opp. at 2), Plaintiff has provided no evidence and cited no authority showing that, if Dennis Benschoter had been served, he was an individual authorized to receive service on behalf of Beyond. *See* Mot. at 6–7. By failing to provide such evidence or otherwise rebutting Beyond's argument—supported by a sworn declaration—that service was not proper, Plaintiff concedes that service was insufficient. *See Resnick v. Hyundai Motor Am., Inc.*, 2017 WL 1531192, at *22 (C.D. Cal. Apr. 13, 2017) ("Failure to oppose an argument raised in a motion to dismiss constitutes waiver of that argument."); *see also* Dkt. No. 16 at 6–7 (denying motion for alternate service on Defendant Ryan Cohen because "Plaintiff has not demonstrated that the attorneys at this firm are Cohen's agents"). Further, Plaintiff provides no justification for failing to effect proper service upon Beyond, a publicly traded corporation

1  whose agent for service of process is readily available in public sources. Accordingly, the Court
2  should dismiss the case for insufficient service of process pursuant to Federal Rule of Civil
3  Procedure ("FRCP") 12(b)(5). *See Williams*, 2024 WL 1417429, at *3 (granting motion to dismiss
4  where "[plaintiff's] failure to address or acknowledge the deficiencies of her latest service attempt
5  indicates that it is unlikely that any future attempt would be successful").

**B.   The Complaint Should Be Dismissed Because Plaintiff Has Not Met His Burden to Show Venue Is Proper in this District.**

The Complaint should also be dismissed because Plaintiff has not established that venue is proper in the District of Nevada. *See Knuttel v. Omaze, Inc.*, 572 F. Supp. 3d 866, 869 (N.D. Cal. 2021) ("[P]laintiff bears the burden of showing that venue is proper." (citation omitted)).

*First*, in his Response, Plaintiff does not address Beyond's argument that venue is improper under 15 U.S.C. § 78aa(a) and thus has abandoned his ability to rely on this theory. *See Resnick*, 2017 WL 1531192, at *22.

*Second*, as detailed in Beyond's Motion, venue is improper under 28 U.S.C. § 1391(b)(2) because a "substantial portion of the events" giving rise to the Complaint did not take place in this District. Citing no authority, Plaintiff continues to claim in his Response that venue is proper based on his purchase of Bed Bath & Beyond Inc. stock and "the dissemination of materially misleading information on the Internet that was accessible in this District." (Opp. at 4). As explained in the Motion, these allegations are insufficient to establish proper venue because the Complaint does not allege any act or omission by Beyond in Nevada. *See* Mot. at 10; *see also Knuttel*, 572 F. Supp. 3d at 870 ("[T]he venue inquiry focuses on the defendant's activities, not the plaintiff's."). The mere fact that Plaintiff allegedly suffered economic harm in this District does not establish venue here. *See Knuttel*, 572 F. Supp. 3d at 870 ("[S]uffering economic harm within a district is not by itself sufficient to warrant transactional venue there." (quoting Wright & Miller, 14D Fed. Prac. & Proc. Juris. § 3806)). Plaintiff has thus failed to establish any theory under which venue is proper in the District of Nevada.

*Third*, venue is proper as to Beyond in the District of New Jersey under § 78aa(a) and § 1391(b) because the entire basis for naming Beyond as a defendant is Beyond's purchase of

intellectual property from Bed Bath & Beyond Inc. in Bankruptcy Court there. *See* Mot. at 10. Ignoring venue, Plaintiff instead argues that the Bankruptcy Court lacks jurisdiction because he is not a party to the purchase agreement, he did not participate in the bankruptcy proceedings, and his claims do not relate to the terms of the Bankruptcy Sale Order or purchase agreement. *See* Opp. at 4–5. As explained below, these arguments are incorrect and misinterpret the scope of the Bankruptcy Court's jurisdiction. Regardless, Plaintiff has not established that venue is proper in the District of Nevada or that his claims could not have been brought in the District of New Jersey, so the Complaint should be dismissed pursuant to FRCP 12(b)(3).

**C.     In the Alternative, Transfer to the District of New Jersey Is Proper Under Section 1412.**

In the alternative, the Court should grant Beyond's motion to transfer the case to the District of New Jersey pursuant to 28 U.S.C. § 1412. Plaintiff argues that Section 1412 does not apply because "[t]his case is not a bankruptcy case under title 11." Opp. at 5. This argument is without merit and ignores all precedent to the contrary. Courts in this District and others in the Ninth Circuit have made clear that Section 1412 governs transfer of cases "related to" a bankruptcy case. *See, e.g., W. Thrift & Loan v. Homeowners Lending Corp.*, 2010 WL 11512191, at *1 (D. Nev. May 24, 2010) ("[P]ursuant to 28 U.S.C § 1412, . . . district courts may transfer cases *relating to* bankruptcy proceedings 'in the interest of justice or for the convenience of the parties.'" (emphasis added)); *Stoer Constr. Inc. v. Benson Sec. Sys., Inc.*, 2022 WL 704836, at *1 (N.D. Cal. Mar. 9, 2022) (same). A civil action is "related to" a bankruptcy case if there is a "close nexus" to the bankruptcy plan or proceeding. *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1194 (9th Cir. 2005). A "close nexus" exists if the civil action affects "the interpretation, implementation, . . . or administration of the confirmed plan," *id.*, regardless of the parties' involvement (or lack thereof) in the bankruptcy proceeding. *Cf. Tulacro v. Chrysler Grp.*, LLC, 2011 WL 13227751, at *2 (C.D. Cal. Feb. 2, 2011) (granting motion to transfer breach of warranty claims brought against post-bankruptcy Chrysler based on a vehicle purchased before the company went bankrupt because the claims "related to" the bankruptcy sale order limiting Chrysler's liability for assets acquired from the bankrupt entity).

4

Here, resolution of Plaintiff's claims against Beyond will require interpreting the Bankruptcy Sale Order to determine whether it bars his claims, *see* Mot. at 12, clearly establishing a "close nexus" to the bankruptcy proceeding. *See BGC Partners, Inc. v. Avison Young (Canada) Inc.*, 2016 WL 3636921, at *3 (D. Nev. July 7, 2016) ("Plaintiffs' claims require interpretation of documents associated in the [bankruptcy], namely the [asset purchase agreement], such that 'related to' jurisdiction exists in this case."); *see also In re Wilshire Courtyard*, 729 F.3d 1279, 1287 (9th Cir. 2013) ("A bankruptcy court's 'related to' jurisdiction is very broad, including nearly every matter directly or indirectly related to the bankruptcy." (quoting *Sasson v. Sokoloff*, 424 F.3d 864, 868 (9th Cir. 2005))). Therefore, this case is "related to" the bankruptcy proceeding in the District of New Jersey and should be transferred to that District for referral to its Bankruptcy Court.

### III. CONCLUSION

For the reasons discussed in the Motion and above, Beyond respectfully requests the Court dismiss all claims as against Beyond, or in the alternative, transfer the case to the U.S. District Court in the District of New Jersey for referral to its Bankruptcy Court.

DATED this 26th day of September, 2024

                              PISANELLI BICE PLLC

                              By:   */s/ Emily A. Buchwald*
                                    Todd L. Bice, Esq. #4534
                                    Emily A. Buchwald, Esq. #13342
                                    400 South 7th Street, Ste 300
                                    Las Vegas, Nevada 89101

                                    Eric R. Swibel (*pro hac vice forthcoming*)
                                    LATHAM & WATKINS LLP
                                    330 North Wabash Avenue, Ste 2800
                                    Chicago, Illinois 60611

                              *Attorneys for Defendant Overstock.com, Inc.*
                              *(f/k/a Overstock.com, Inc.)*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of PISANELLI BICE PLLC and that on the 26th day of September 2024, I caused a true and correct copy of the foregoing **REPLY IN SUPPORT OF DEFENDANT BEYOND, INC.'S (F/K/A OVERSTOCK.COM, INC.) MOTION TO DISMISS AND IN THE ALTERNATIVE, TRANSFER PLAINTIFF'S COMPLAINT** to be electronically filed with the Clerk of the Court by using CM/ECF service and serving on all parties of record via U.S. Mail as follows:

Anthony Mitchell
412 Viewmont
Henderson, NV 89015

*Pro Se*

/s/ Téa Rivera
An employee of PISANELLI BICE, PLLC