## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

ANTHONY MITCHELL,

        *Plaintiff,*

   v.

RYAN COHEN, an individual;
ROBINHOOD FINANCIAL LLC, a
Delaware Limited Liability Company;
ROBINHOOD SECURITIES, LLC, a
Delaware Limited Liability Company;
ROBINHOOD MONEY, LLC, a Delaware
Limited Liability Company; THE
DEPOSITORY TRUST & CLEARING
CORPORATION, a New York Corporation;
20230930-DK-BUTTERFLY-1, INC., a New
York Corporation doing business as BED
BATH & BEYOND; OVERSTOCK.COM,
INC., a Delaware Corporation doing business
as  BED BATH & BEYOND; RC
VENTURES LLC, a Delaware Limited
Liability Company; SUE E. GOVE, an
individual,

        *Defendants.*

Case No. 2:24-cv-01042



FILED        RECEIVED
ENTERED       SERVED ON
COUNSEL/PARTIES OF RECORD

OCT 0 8 2024

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:           DEPUTY

## PLAINTIFF'S MOTION
## TO SERVE DEFENDANTS BY WAY OF SUBSTITUTE SERVICE

    Plaintiff Anthony Mitchell ("Plaintiff") hereby files motion to serve defendants by way of

substitute service.

Plaintiff has attempted to serve defendants RYAN COHEN and RC VENTURES LLC at the known address which is the address of attorneys previously represented these defendants but was not able to do this. The address for service was:

VINSON & ELKINS LLP
1114 Avenue of the Americas
Ste 32nd Floor
New York, NY 10036

The law firm representing RYAN COHEN and RC VENTURES LLC has instructed the secretary at the base of the office building to deny access.

Plaintiff attempted to find alternative address for service and discovered that RYAN COHEN was a defendant in the civil action filed by the United States of America, Case No. 1:24-cv-02670. Plaintiff in that case stated that RYAN COHEN is the managing member of RC VENTURES LLC with the principal office and place of business at RC VENTURES LLC at P.O. Box 25250, PMB 30427, Miami, FL 33102. On March 28, 2024, Mr. Cohen's attorney W. Todd Miller signed the Stipulation and Order in the Case No. 1:24-cv-02670. The address of W. Todd Miller is: Baker & Miller PLLC, Suite 300, 2401 Pennsylvania Avenue, N. W., Washington, D.C. 20037. Moreover, on or about June 13, 2023, Mr. Cohen filed Form 4 Statement of changes in beneficial ownership with US Securities and Exchange Commission. The address for Cohen and RC Ventures in this form was the same P.O. Box ( P.O. Box 25250, PMB 30427, Miami, FL 33102). A copy of complaint, stipulation and Form 4 are attached as **Exhibit A**.

Plaintiff contacted the process server to find out if the process server can serve the P.O.

Box because the U.S. Post Office does not accept service of process for any box holder. The process server responded that they will not be able to serve P.O. box. A copy of the process server's response is attached as **Exhibit B**.

Plaintiff is not aware of alternative addresses of defendants.

The Constitution does not require any particular means of service of process. Rio Props., Inc. v. Rio Intern. Interlink, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). It requires only that service "be reasonably calculated to provide notice and an opportunity to respond." Id. Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. A federal court lacks jurisdiction over a defendant unless the defendant has been properly served under Rule 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citation omitted). Rule 4, however, "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." Id. "[W]ithout substantial compliance with Rule 4," "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." Id.

Federal Rule of Civil Procedure 4(e)(1) provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or

PLAINTIFF'S MOTION
TO SERVE DEFENDANTS BY WAY OF SUBSTITUTE SERVICE

where service is made." Federal Rule of Civil Procedure 4(h) provides that a corporation, partnership, or association located in a judicial district of the United States may be served in the manner prescribed by Rule 4(e)(1) for serving an individual or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by law to receive service of process. Under Nevada Rule of Civil Procedure 4.2(c)(1) a Nevada entity may be served by delivering a copy of the summons and complaint to the registered agent, any officer or director, or any manager of a manager-managed limited liability company.

Under Nevada Rule of Civil Procedure 4.4(b)(1), a plaintiff may serve a party through alternative means if the methods of service provided for in Rules 4.2 (service within Nevada), 4.3 (service outside Nevada), and 4.4(a) (statutory service) are impracticable. Under Rule 4.4(b)(2), a motion seeking an order for alternative service must provide affidavits, declarations or other evidence demonstrating:

> (i) the due diligence that the plaintiff undertook to locate and serve the defendant; and
>
> (ii) the defendant's known, or last known contact information including address, phone numbers, email addresses, social media accounts, or other information used to communicate with the defendant…

The motion must also outline the proposed alternative service method and explain why it comports with due process. Nev. R. Civ. P. 4.4(b)(2)(B). Under Nevada Rule of Civil Procedure 4.4(b)(3), if the Court orders alternative service, the plaintiff must also make reasonable efforts to provide additional notice under Rule 4.4(d) and mail a copy of the summons and complaint as well as any order authorizing the alternative service to the defendant's last-known address.

Nevada Rule of Civil Procedure 4.4(d) provides that, in addition to any other service method, the court may order a plaintiff to make reasonable efforts to provide additional notice of the commencement of the action by other methods like certified mail, telephone, voice message, email, social media, "or any other method of communication."

Plaintiff proposes the following methods of alternate service on Defendants:

1)      mailing a copy of the complaint and summons via regular mail to defendants RYAN COHEN and RC VENTURES LLC at P.O. Box 25250, PMB 30427, Miami, FL 33102;

2)      mailing a copy of the complaint and summons via certified mail to Baker & Miller PLLC, Suite 300, 2401 Pennsylvania Avenue, N. W., Washington, D.C. 20037.

Plaintiff's proposed methods of service are reasonably calculated to provide Defendants with notice and an opportunity to respond and that they comply with the alternative means of service identified by the Federal and Nevada Rules of Civil Procedure. Plaintiff has demonstrated his due diligence in locating and serving the Defendants and has demonstrated that no other means of personal service are possible.

For these reasons, Plaintiff respectfully requests that this Court grant his motion to serve defendants by way of substitute service.

Dated: October 1, 2024                    Respectfully submitted,

                                          ANTHONY MITCHELL, pro se

PLAINTIFF'S MOTION
TO SERVE DEFENDANTS BY WAY OF SUBSTITUTE SERVICE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ANTHONY MITCHELL, | |
| *Plaintiff,* | Case No. 2:24-cv-01042 |
| v. | |
| RYAN COHEN, an individual; ROBINHOOD FINANCIAL LLC, a Delaware Limited Liability Company; ROBINHOOD SECURITIES, LLC, a Delaware Limited Liability Company; ROBINHOOD MONEY, LLC, a Delaware Limited Liability Company; THE DEPOSITORY TRUST & CLEARING CORPORATION, a New York Corporation; 20230930-DK-BUTTERFLY-1, INC., a New York Corporation doing business as BED BATH & BEYOND; OVERSTOCK.COM, INC., a Delaware Corporation doing business as  BED BATH & BEYOND; RC VENTURES LLC, a Delaware Limited Liability Company; SUE E. GOVE, an individual, | **DECLARATION OF ANTHONY MITCHELL IN SUPPORT OF MOTION TO SERVE DEFENDANTS BY WAY OF SUBSTITUTE SERVICE** |
| *Defendants.* | |

I, ANTHONY MITCHELL declare as follows:

1.      I am over 18, residing at 412 Viewmont, Henderson, NV 89015.

2.      I am filing this declaration in support of my motion to serve Defendants by way of substitute service.

**DECLARATION OF ANTHONY MITCHELL IN SUPPORT OF MOTION TO SERVE DEFENDANTS BY WAY OF SUBSTITUTE SERVICE**

3.      I have attempted to serve defendants RYAN COHEN and RC VENTURES LLC at the known address which is the address of attorneys previously represented these defendants but was not able to do this. The address for service was:

VINSON & ELKINS LLP

1114 Avenue of the Americas

Ste 32nd Floor

New York, NY 10036

4.      I sent the complaint to these defendants by standard mail with signature delivery first, which were delivered and signed for - asking for voluntary waiver of service. This was ignored. The law firm representing RYAN COHEN and RC VENTURES LLC has instructed the secretary at the base of the office building to deny access.

5.      I attempted to find alternative address for service and discovered that RYAN COHEN was a defendant in the civil action filed by the United States of America, Case No. 1:24-cv-02670.

6.      Plaintiff in that case stated that RYAN COHEN is the managing member of RC VENTURES LLC with the principal office and place of business at RC VENTURES LLC at P.O. Box 25250, PMB 30427, Miami, FL 33102.

**DECLARATION OF ANTHONY MITCHELL IN SUPPORT OF MOTION TO SERVE DEFENDANTS BY WAY OF SUBSTITUTE SERVICE**

7.      On March 28, 2024, Mr. Cohen's attorney W. Todd Miller signed the Stipulation and Order in the Case No. 1:24-cv-02670. The address of W. Todd Miller is: Baker & Miller PLLC, Suite 300, 2401 Pennsylvania Avenue, N. W., Washington, D.C. 20037.

8.      Moreover, on or about June 13, 2023, Mr. Cohen filed Form 4 Statement of changes in beneficial ownership with US Securities and Exchange Commission. The address for Cohen and RC Ventures in this form was the same P.O. Box ( P.O. Box 25250, PMB 30427, Miami, FL 33102).

9.      I contacted the process server to find out if the process server can serve the P.O. Box because the U.S. Post Office does not accept service of process for any box holder. The process server responded that they will not be able to serve P.O. box.

10.     I am not aware of alternative addresses of defendants.

I declare under penalty of perjury under the laws of Nevada that the foregoing is true and correct.


Dated: October 1, 2024                    Respectfully submitted,


                                          ANTHONY MITCHELL, pro se


Page 3
**DECLARATION OF ANTHONY MITCHELL IN SUPPORT OF MOTION TO SERVE DEFENDANTS BY WAY OF SUBSTITUTE SERVICE**

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>c/o Department of Justice<br>Washington, D.C. 20530,<br><br>                         *Plaintiff,*<br><br>    v.<br><br>RYAN COHEN<br>c/o RC Ventures, LLC<br>P.O. Box 25250<br>PMB 30427<br>Miami, FL 33102<br><br>                         *Defendant.* | Civil Action No. |

## COMPLAINT FOR CIVIL PENALTIES FOR FAILURE TO COMPLY WITH THE PREMERGER REPORTING AND WAITING REQUIREMENTS OF THE HART-SCOTT RODINO ACT

The United States of America, acting under the direction of the Attorney General of the United States and at the request of the United States Federal Trade Commission, brings this civil antitrust action to obtain monetary relief in the form of civil penalties against Defendant Ryan Cohen ("Cohen"). The United States alleges as follows:

I.    <u>NATURE OF THE ACTION</u>

1.    Cohen violated the notice and waiting period requirements of Section 7A of the Clayton Act, 15 U.S.C. § 18a, commonly known as the Hart-Scott-Rodino Antitrust

Improvements Act of 1976 ("HSR Act" or "Act"), in March 2018 when he acquired voting securities of Wells Fargo & Company ("Wells Fargo") in excess of the threshold for filing established by the HSR Act.

## II.     JURISDICTION AND VENUE

2.     This Court has jurisdiction over the subject matter of this action pursuant to Section 7A(g) of the Clayton Act, 15 U.S.C. § 18a(g), and 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and over Defendant by virtue of Defendant's consent in the Stipulation relating hereto, to the maintenance of this action and entry of the Final Judgment in this District.

3.     Venue is proper in this District by virtue of Defendant's consent in the Stipulation relating hereto, to the maintenance of this action and entry of the Final Judgment in this District.

## III.     THE DEFENDANT

4.     Defendant Cohen is a natural person with his principal office and place of business at RC Ventures, LLC, P.O. Box 25250, PMB 30427, Miami, FL 33102. Cohen is an entrepreneur and is the managing member of RC Ventures, LLC. Cohen is engaged in commerce, or in activities affecting commerce, within the meaning of Section 1 of the Clayton Act, 15 U.S.C. § 12, and Section 7A(a)(1) of the Clayton Act, 15 U.S.C. § 18a(a)(1). At all times relevant to this complaint, Cohen had sales or assets that met the operative threshold.

## IV.     OTHER ENTITY

5.     Wells Fargo & Company is a corporation organized under the laws of Delaware with its principal place of business at 420 Montgomery Street, San Francisco, CA 94104. Wells Fargo is engaged in commerce, or in activities affecting commerce, within the meaning of

Section 1 of the Clayton Act, 15 U.S.C. § 12, and Section 7A(a)(1) of the Clayton Act, 15 U.S.C. § 18a(a)(1). At all times relevant to this complaint, Wells Fargo had sales or assets that met the operative threshold.

## V.    THE HART-SCOTT-RODINO ACT AND RULES

6.      The HSR Act requires certain acquiring persons and certain persons whose voting securities or assets are acquired to file notifications with the Department of Justice and the Federal Trade Commission (collectively, the "federal antitrust agencies") and to observe a waiting period before consummating certain acquisitions of voting securities or assets. 15 U.S.C. § 18a(a) and (b). These notification and waiting period requirements apply to acquisitions that meet the HSR Act's size of transaction and size of person thresholds, which have been adjusted annually since 2004. The size of transaction threshold is met for transactions valued over $50 million, as adjusted ($84.4 million in 2018). In addition, there is a separate filing requirement for transactions in which the acquirer will hold voting securities in excess of $100 million, as adjusted ($168.8 million in 2018). With respect to the size of person thresholds, the HSR Act requires one person involved in the transaction to have sales or assets in excess of $10 million, as adjusted ($16.9 million in 2018), and the other person to have sales or assets in excess of $100 million, as adjusted ($168.8 million in 2018).

7.      The HSR Act's notification and waiting period requirements are intended to give the federal antitrust agencies prior notice of, and information about, proposed transactions. The waiting period is also intended to provide the federal antitrust agencies with the opportunity to

investigate a proposed transaction and to determine whether to seek an injunction to prevent the consummation of a transaction that may violate the antitrust laws.

8.      At all times relevant to this complaint, the HSR Act required, *inter alia,* an acquirer who meets the operative threshold who, as a result of an acquisition, would hold voting securities in excess of a relevant filing threshold of an issuer who also meets the operative threshold, to file premerger notification and report forms with the federal antitrust agencies and to observe the required waiting period before making the acquisition, unless otherwise exempted.

9.      As codified in 15 U.S.C. § 18a(c)(9), the Act exempts from the requirements of the HSR Act acquisitions of voting securities "solely for the purpose of investment" if, as a result of the acquisition, the securities held do not exceed 10 percent of the outstanding voting securities of the issuer.

10.     Pursuant to Section (d)(2) of the HSR Act, 15 U.S.C. § 18a(d)(2), rules were promulgated to carry out the purposes of the HSR Act. 16 C.F.R. §§ 801-03 ("HSR Rules"). The HSR Rules, among other things, define terms contained in the HSR Act.

11.     Section 801.1(i)(1) of the HSR Rules, 16 C.F.R. § 801.1(i)(1), defines the term "solely for the purpose of investment" as follows:

> Voting securities are held or acquired "solely for the purpose of investment" if the person holding or acquiring such voting securities has no intention of participating in the formulation, determination, or direction of the basic business decisions of the issuer.

12.     Section 7A(g)(1) of the Clayton Act, 15 U.S.C. § 18a(g)(1), provides that any person, or any officer, director, or partner thereof, who fails to comply with any provision of the HSR Act is liable to the United States for a civil penalty for each day during which such person

is in violation. Pursuant to the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, Pub. L. 114-74, § 701 (further amending the Federal Civil Penalties Inflation Adjustment Act of 1990), the dollar amounts of civil penalties listed in Federal Trade Commission Rule 1.98, 16 C.F.R. § 1.98, are adjusted annually for inflation; the maximum amount of civil penalty in effect at the time of Cohen's corrective filing was $43,792 per day. 86 Fed. Reg. 2541 (January 13, 2021).

## VI.    DEFENDANT'S VIOLATION OF THE HSR ACT

13.    Beginning in June 2016, Cohen made periodic acquisitions of Wells Fargo voting securities.

14.    On February 5, 2018, Cohen emailed Wells Fargo's CEO to advise him of the contributions he could make to Wells Fargo should he become a member of the Board of Directors. Cohen also made suggestions on how Wells Fargo could improve its operations, such as improving its technology and mobile app. Cohen proceeded to have periodic communications with Wells Fargo's leadership regarding suggestions to improve Wells Fargo's business and to advocate for a potential board seat through at least April 2020.

15.    On March 22, 2018, Cohen acquired 562,077 voting securities in Wells Fargo in the open market, which resulted in his aggregated holdings of Wells Fargo voting securities exceeding the $100 million threshold, as adjusted, which in March 2018, was $168.8 million.

16.    Cohen's acquisitions of Wells Fargo voting securities described in Paragraph 15 above were not exempt under the HSR Act's "solely for the purpose of investment" exemption. Although Cohen's holdings of Wells Fargo voting securities did not exceed 10 percent of the

outstanding voting securities, Cohen's intent when he made the March 22, 2018, acquisitions of Wells Fargo voting securities was to participate "in the formulation, determination, or direction of the basic business decisions" of Wells Fargo, as evidenced, *inter alia,* by Cohen's email on February 5, 2018, wherein he advocated to join the Wells Fargo's board as described in Paragraph 14.

17.     Although required to do so, Cohen did not file anything under the HSR Act or observe the HSR Act's waiting period prior to completing the March 22, 2018, transaction.

18.     From March 22, 2018, through September 2, 2020, Cohen continued to acquire Wells Fargo voting securities through open market purchases, and in twenty instances those acquisitions exceeded 100,000 shares. For example, Cohen acquired: 350,000 voting securities on August 14, 2019; 354,131 voting securities on March 10, 2020; 366,316 voting securities on July 20, 2020; and 500,000 voting securities on August 5, 2020.

19.     All these acquisitions described in Paragraph 18 were made on the open market. Open market acquisitions require an acquirer to decide affirmatively and actively to acquire voting securities; given the scope of Cohen's open market acquisitions, it was not excusable negligence for him to be unaware of HSR Act legal requirements.

20.     On January 14, 2021, Cohen made a corrective filing under the HSR Act for the acquisition he made on March 22, 2018. That acquisition resulted in Cohen's aggregated holdings of Wells Fargo voting securities exceeding the $100 million threshold, as adjusted.

21.     Cohen was in continuous violation of the HSR Act from March 22, 2018, when he acquired the Wells Fargo voting securities valued in excess of the HSR Act's $100 million filing

threshold, as adjusted, through February 16, 2021, when the waiting period expired on his

corrective filing.

## VII.    REQUESTED RELIEF

WHEREFORE, the United States requests:

a.       that the Court adjudge and decree that Defendant's acquisitions of Wells Fargo

voting securities from March 22, 2018, through September 2, 2020, were violations of the HSR

Act, 15 U.S.C. § 18a; and that Defendant was in violation of the HSR Act each day from March

22, 2018, through February 16, 2021;

b.       that the Court order Defendant to pay to the United States an appropriate civil

penalty as provided by the Section 7A(g)(1) of the Clayton Act, 15 U.S.C. § 18a(g)(1), the Debt

Collection Improvement Act of 1996, Pub. L. 104 134 § 31001(s) (amending the Federal Civil

Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461), and the Federal Civil Penalties

Inflation Adjustment Act Improvements Act of 2015, Pub. L. 114-74, § 701 (further amending

the Federal Civil Penalties Inflation Adjustment Act of 1990), and Federal Trade Commission

Rule 1.98, 16 C.F.R. § 1.98, 86 Fed. Reg. 2541 (January 13, 2021);

c.       that the Court order such other and further relief as the Court may deem just and

proper; and

d.       that the Court award the United States its costs of this suit.

Dated: _____

FOR THE PLAINTIFF UNITED STATES
OF AMERICA:

**Jonathan Kanter**
Digitally signed by
Jonathan Kanter
Date: 2024.09.13
16:16:57 -04'00'

Jonathan Kanter
Assistant Attorney General
Department of Justice
Antitrust Division
Washington, D.C. 20530

**MARIBETH PETRIZZI**
Digitally signed by
MARIBETH PETRIZZI
Date: 2024.09.17
09:21:53 -04'00'

Maribeth Petrizzi
DC Bar No. 435204
Special Attorney

**KENNETH LIBBY**
Digitally signed by
KENNETH LIBBY
Date: 2024.09.17
09:44:37 -04'00'

Kenneth A. Libby
Special Attorney

**JENNIFER LEE**
Digitally signed by
JENNIFER LEE
Date: 2024.09.17
09:30:19 -04'00'

Jennifer Lee
Special Attorney

**Danielle Sims**
Digitally signed by
Danielle Sims
Date: 2024.09.17
09:39:49 -04'00'

Danielle Sims
DC Bar No. 982506
Special Attorney

Federal Trade Commission
Washington, D.C. 20580
(202) 326-2694

8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

*Plaintiff,*

v.

RYAN COHEN

*Defendant.*

Civil Action No.

## **STIPULATION AND ORDER**

It is stipulated by and between the undersigned parties, subject to approval and entry by the Court, that:

(1) The Court has jurisdiction over the subject matter of this action and over each of the parties hereto, and venue for this action is proper in the United States District Court for the District of Columbia. Defendant waives service of summons of the Complaint and authorizes Baker & Miller PLLC to accept service of all process in this matter on his behalf;

(2) A Final Judgment in the form attached as Exhibit A may be filed with and entered by the Court, upon the motion of the United States or upon the Court's own motion, after compliance with the requirements of the Antitrust Procedures and Penalties Act ("APPA") (15 U.S.C. § 16), and without further notice to any party or other proceedings, provided that the United States has not withdrawn its consent. The United States may withdraw its consent at any time before the entry of judgment by serving notice on Defendant and filing that notice with the Court;

(3) Defendant must arrange, at his expense, publication as quickly as possible of the newspaper notice required by the APPA, which will be drafted by the United States in its sole discretion. The publication must be arranged no later than five (5) business days after Defendant's receipt from the United States of the text of the notice and the identity of the newspaper or newspapers within which the publication must be made. Defendant must promptly send to the United States (a) confirmation that publication of the newspaper notice has been arranged and (b) the certification of the publication prepared by the newspaper or newspapers within which the notice was published;

(4) This Stipulation and Order applies with equal force and effect to any amended proposed Final Judgment agreed upon in writing by the United States and Defendant and submitted to the Court;

(5) Defendant represents that the actions he is required to perform pursuant to the proposed Final Judgment can and will be performed, and that the Defendant will not later raise a claim of mistake, hardship, or difficulty of compliance as grounds for asking the Court to modify any of its provisions;

(6) In the event that (a) the United States has withdrawn its consent, as provided in Paragraph (2); (b) the United States voluntarily dismisses the Complaint in this matter; or (c) the Court declines to enter the proposed Final Judgment, the time has expired for all appeals of any ruling declining entry of the proposed Final Judgment, and the Court has not otherwise ordered continued compliance with the terms and provisions of the proposed Final Judgment, Defendant is released from all further obligations under this Stipulation and Order and the making of this Stipulation and Order will be without prejudice to any party in this or any other proceeding; and

2

(7) The entry of the Final Judgment in accordance with this Stipulation and Order settles, discharges, and releases any and all claims of the United States for civil penalties and equitable relief pursuant to Section 7A(g)(1) of the Clayton Act, 15 U.S.C. § 18a(g)(1), against Defendant for failure to comply with Section 7A of the Clayton Act, 15 U.S.C. § 18a, in connection with Defendant's acquisitions of voting securities for which Defendant made filings under Section 7A of the Clayton Act, 15 U.S.C. § 18a, on January 14, 2021.

**FOR THE DEFENDANT:**

Ryan Cohen

By: _W. Todd Miller_

W. Todd Miller (D.C. Bar #414930)
Baker & Miller PLLC
Suite 300
2401 Pennsylvania Avenue, N.W.
Washington, D.C. 20037

Counsel for Defendant Ryan Cohen

Dated: 28 MARCH 2024

4

**FOR PLAINTIFF UNITED STATES:**

Jonathan Kanter
Digitally signed by Jonathan Kanter
Date: 2024.09.13 16:17:47 -04'00'

Jonathan S. Kanter (DC Bar #473286)
Assistant Attorney General for Antitrust
United States Department of Justice
Antitrust Division
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

HENRY LIU
Digitally signed by HENRY LIU
Date: 2024.09.17 08:20:14 -04'00'

Henry Liu (DC Bar #986296)
Director, Bureau of Competition

TARA KOSLOV
Digitally signed by TARA KOSLOV
Date: 2024.09.17 11:11:13 -04'00'

Tara Isa Koslov (DC Bar #448147)
Deputy Director, Bureau of Competition

MARIBETH PETRIZZI
Digitally signed by MARIBETH PETRIZZI
Date: 2024.09.17 11:34:49 -04'00'

Maribeth Petrizzi (DC Bar #435204)
Assistant Director

KENNETH LIBBY
Digitally signed by KENNETH LIBBY
Date: 2024.09.17 12:07:44 -04'00'

Kenneth A. Libby
Attorney

JENNIFER LEE
Digitally signed by JENNIFER LEE
Date: 2024.09.17 11:37:34 -04'00'

Jennifer Lee
Attorney

Danielle Sims
Digitally signed by Danielle Sims
Date: 2024.09.17 11:43:54 -04'00'

Danielle Sims (DC Bar #982506)
Attorney

Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2694

5

## **ORDER**

IT IS SO ORDERED by the Court, this _____ day of _____, _____.


_____

United States District Judge

6

SEC Form 4

**FORM 4**

☐ Check this box if no longer subject to Section 16. Form 4 or Form 5 obligations may continue. See Instruction 1(b).

**UNITED STATES SECURITIES AND EXCHANGE COMMISSION**
Washington, D.C. 20549

**STATEMENT OF CHANGES IN BENEFICIAL OWNERSHIP**

Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934
or Section 30(h) of the Investment Company Act of 1940

| OMB APPROVAL | |
|---|---|
| OMB Number | 3235-0287 |
| Estimated average burden hours per response | 0.5 |

| 1. Name and Address of Reporting Person[*] | 2. Issuer Name and Ticker or Trading Symbol | 5. Relationship of Reporting Person(s) to Issuer (Check all applicable) |
|---|---|---|
| Cohen Ryan | GameStop Corp. [ GME ] | X Director   X 10% Owner |
| (Last) (First) (Middle) | 3. Date of Earliest Transaction (Month/Day/Year) | X Officer (give title below)   Other (specify below) |
| PO BOX 25250 PMB 30427 | 06/09/2023 | Executive Chairman |
| (Street) | 4. If Amendment, Date of Original Filed (Month/Day/Year) | 6. Individual or Joint/Group Filing (Check Applicable Line) |
| MIAMI FL 33102 | | X Form filed by One Reporting Person |
| (City) (State) (Zip) | | X Form filed by More than One Reporting Person |
| | Rule 10b5-1(c) Transaction Indication | |
| | ☐ Check this box to indicate that a transaction was made pursuant to a contract, instruction or written plan that is intended to satisfy the affirmative defense conditions of Rule 10b5-1(c). See Instruction 10 | |

**Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned**

| 1. Title of Security (Instr. 3) | 2. Transaction Date (Month/Day/Year) | 2A. Deemed Execution Date, if any (Month/Day/Year) | 3. Transaction Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed Of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Code | V | Amount | (A) or (D) | Price | | | |
| Class A Common Stock, $0.001 par value[1] | 06/09/2023 | | P | | 253,204 | A | $22.2485[2] | 36,657,204[3] | I | By RC Ventures LLC[4] |
| Class A Common Stock, $0.001 par value[1] | 06/09/2023 | | P | | 190,638 | A | $22.9072[5] | 36,847,842 | I | By RC Ventures LLC[4] |

**Table II - Derivative Securities Acquired, Disposed of, or Beneficially Owned**
**(e.g., puts, calls, warrants, options, convertible securities)**

| 1. Title of Derivative Security (Instr. 3) | 2. Conversion or Exercise Price of Derivative Security | 3. Transaction Date (Month/Day/Year) | 3A. Deemed Execution Date, if any (Month/Day/Year) | 4. Transaction Code (Instr. 8) | | 5. Number of Derivative Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 and 5) | | 6. Date Exercisable and Expiration Date (Month/Day/Year) | | 7. Title and Amount of Securities Underlying Derivative Security (Instr. 3 and 4) | | 8. Price of Derivative Security (Instr. 5) | 9. Number of derivative Securities Beneficially Owned Following Reported Transaction(s) (Instr. 4) | 10. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 11. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Code | V | (A) | (D) | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | | |

| 1. Name and Address of Reporting Person[*] | | |
|---|---|---|
| Cohen Ryan | | |
| (Last) | (First) | (Middle) |
| PO BOX 25250 PMB 30427 | | |
| (Street) | | |
| MIAMI | FL | 33102 |
| (City) | (State) | (Zip) |

Relationship of Reporting Person(s) to Issuer

| X Director | X 10% Owner |
| X Officer (give title below) | Other (specify below) |
| Executive Chairman | |

| 1. Name and Address of Reporting Person[*] | | |
|---|---|---|
| RC Ventures LLC | | |
| (Last) | (First) | (Middle) |
| PO BOX 25250 PMB 30427 | | |
| (Street) | | |
| MIAMI | FL | 33102 |
| (City) | (State) | (Zip) |

Relationship of Reporting Person(s) to Issuer

| Director | X 10% Owner |
| Officer (give title below) | Other (specify below) |

**Explanation of Responses:**

1. This Form 4 is filed jointly by RC Ventures LLC ("RC Ventures") and Ryan Cohen ("Mr. Cohen" and together with RC Ventures, the "Reporting Persons"). Each of the Reporting Persons may be deemed to be a member of a Section 13(d) group that collectively beneficially owns more than 10% of the Issuer's outstanding shares of Class A Common Stock, $0.001 par value (the "Shares"). Each Reporting Person disclaims beneficial ownership of the Shares reported herein except to the extent of his or its pecuniary interest therein, and this report shall not be deemed to be an admission that any Reporting Person is the beneficial owner of such Shares for purposes of Section 16 or for any other purpose.

2. Shares owned directly by RC Ventures. Mr. Cohen, as the Manager of RC Ventures, may be deemed to beneficially own the Shares owned directly by RC Ventures.

3. On July 21, 2021, the Issuer effected a 4-for-1 stock split of the Shares in the form of a stock dividend, as a result of which RC Ventures received an additional 27,500,000 Shares.

4. Represents a weighted average price. These Shares were purchased in multiple transactions at prices ranging from $21.8160 to $22.6000, inclusive. The Reporting Person undertakes to provide the Issuer, any security holder of the Issuer or the staff of the Securities and Exchange Commission, upon request, full information regarding the number of Shares purchased at each separate price within the range set forth in this footnote.

5. Represents a weighted average price. These Shares were purchased in multiple transactions at prices ranging from $22.6100 to $23.3900, inclusive. The Reporting Person undertakes to provide the Issuer, any security holder of the Issuer or the staff of the Securities and Exchange Commission, upon request, full information regarding the number of Shares purchased at each separate price within the range set forth in this footnote.

/s/ Ryan Cohen   06/13/2023
RC Ventures LLC, By: /s/ Ryan Cohen, Manager   06/13/2023
** Signature of Reporting Person   Date

Reminder: Report on a separate line for each class of securities beneficially owned directly or indirectly.
* If the form is filed by more than one reporting person, see Instruction 4 (b)(v).
** Intentional misstatements or omissions of facts constitute Federal Criminal Violations. See 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).
Note: File three copies of this Form, one of which must be manually signed. If space is insufficient, see Instruction 6 for procedure.
Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB Number.

# Exhibit B

 Gmail

**A M <realanthonymitchell@gmail.com>**

---

## Chat transcript on https://secure.abclegal.com/abc/customer/search
1 message

---

**Wendy** <support+2D1=abclegal.com.hs-inbox.com@4018507t.abclegal.com>
Reply-To: support-1@abclegal.com.hs-inbox.com
To: realanthonymitchell@gmail.com

Mon, Sep 30, 2024 at 4:08 PM



### Thanks for chatting!

Here's your chat transcript from https://secure.abclegal.com/
abc/customer/search

---

I can assist you with your
question.

3:50 PM

What can I help you with today?

3:50 PM

Something else

**You** 3:50 PM

What can I help you with today?

**Dave** 3:50 PM

Tip: try using keywords and
specific phrases like "how can I
find my case status" or "what do I
do with my proof"

**Dave** 3:50 PM

question about service of process

**You** 3:50 PM

**Service of Process through the Secretary of State**
Please include the direction to serve through the Secretary of State (and any special instructions) in the "Physical Description/Helpful Notes" section when placing an or...
Read more

**Dave** 3:50 PM

**Service of Process Through a Registered Agent**
Include the instruction to serve a registered agent as well as the registered agent's name in the "Physical Description/Helpful Notes" section when placing your order....
Read more

**Dave** 3:50 PM

**Request Expedited Service of Process**
Our Rush Delivery service provides expedited service nationwide...
Read more

**Dave** 3:50 PM

Is there anything else I can help you with today?

**Dave** 3:50 PM

Chat with a live agent

**You** 3:50 PM

Got it. To make sure our team is on the same page when they join the chat....

**Dave** 3:50 PM

Please tell us what you'd like to discuss.

**Dave** 3:50 PM

If there's a particular case you want to discuss, can you include the Reference ID or the URL of the Case Details page you're looking at?

**Dave** 3:50 PM



**Dave** 3:50 PM

Case #: 2:24-CV-01042-RFB-DJA

**You** 3:51 PM

Thanks. We've passed along this information. A member of our team will be in touch soon.

**Dave** 3:51 PM

Hello! My name is Wendy and I'll be assisting you today. Give me a moment to look over your inquiry and I'll be happy to help.

**Wendy** 3:51 PM

can you provide service of process at a PO box address ? The address that I have is P.O. Box 25250, PMB 30427, Miami FL 33102

**You** 3:51 PM

Hi Anthony. We are unable to complete service at a PO Box. without a court order specifically requesting this. Do you have a court order?

**Wendy** 3:52 PM

not yet, but thankyou for this information

**You** 3:52 PM

Of course, is there anything else I can assist with at this time?

**Wendy** 3:54 PM

not at this time thankyou for your help today

**You** 3:55 PM

Perfect. If you need anything else, don't hesitate to reach out and we'll be happy to help. Have a great day!

**Wendy** 3:55 PM

Visit website

Search for case by number, title, court...

Case Activity & Search ▐ Case Details

🔍 Case Details

◀ Previous    1 of 1    Next ▶

## ANTHONY MITCHELL v RYAN COHEN, AN INDIVIDUAL, ET AL.

( (1) Contacts )

**Reference ID:** Bed Bath And Beyond

**Submitted:** 08/03/24

**Case #:** 2:24-CV-01042-RFB-DJA

**Party to Serve:** Ryan Cohen
1114 Avenue of the Americas Fl 32, New York, NY 10036
**Status:** Non-Served - Disallowed

**Party to Serve:** Sue E Grove
4408 Long Champ Dr Apt 38, Austin, TX 78746
**Status:** Non-Served - Other

**Party to Serve:** 20230930-DK-butterfly Inc
28 LIBERTY STREET C T CORPORATION SYSTEM (floor 42), new york,
NY 10005
**Status:** Served

**Party to Serve:** RC Ventures
1114 Avenue of the Americas Fl 32, New York, NY 10036
**Status:** Non-Served - Disallowed

**Party to Serve:** The Depository Trust and Clearing Corporation
11 Times Sq Ste 14, New York, NY 10036
Status: Non-Served - Disallowed

**Party to Serve:** Overstock.com Inc, doing business as Bed Bath and
Beyond
12670 High Bluff Dr, San Diego, CA 92130
**Status:** Served

**Documents Category:** Summons

**Type:** Serve Only

**Court:** US District Court, Nevada,

## Status Overview

03.31 P

can

## Key Events

✓ **Served**      Overstock.com Inc, doing business as Bed Bath and Beyond  <u>Proof Signed (8/7/24)</u>

✓ **Served**      20230930-DK-butterfly Inc  <u>Proof Signed (8/7/24)</u>

## Status Updates & Activity

08/29/24 1:11 PM

<u>Signed Proof of Non-Service</u> for RC Ventures at 1114 Avenue of the Americas Fl 32, New York, N

08/29/24 1:11 PM

<u>Signed Proof of Non-Service</u> for Ryan Cohen at 1114 Avenue of the Americas Fl 32, New York, N

08/27/24 9:32 AM

Action Needed: Choose next service address for RC Ventures

08/27/24 9:32 AM

Non-service confirmed for **RC Ventures** at 1114 Avenue Of The Americas Fl 32, New York, NY 10

08/27/24 9:31 AM

Action Needed: Choose next service address for Ryan Cohen

08/27/24 9:31 AM

Non-service confirmed for **Ryan Cohen** at 1114 Avenue Of The Americas Fl 32, New York, NY 100

08/27/24 9:30 AM

Service attempted upon **RC Ventures** at 1114 Avenue Of The Americas Fl 32, New York, NY 1003

08/27/24 9:28 AM

Service attempted upon **Ryan Cohen** at 1114 Avenue Of The Americas Fl 32, New York, NY 1003

08/13/24 9:57 AM

Documents dispatched to process server for Ryan Cohen at 1114 Avenue of the Americas Fl 32,

08/13/24 9:56 AM

Documents dispatched to process server for RC Ventures at 1114 Avenue of the Americas Fl 32

08/13/24 9:14 AM

Signed Proof of Non-Service for Sue E Grove at 4408 Long Champ Dr Apt 38, Austin, TX 78746

08/13/24 8:54 AM

Action Needed: Choose next service address for Sue E Grove

08/13/24 8:54 AM

Non-service confirmed for **Sue E Grove** at 4408 Long Champ Dr Apt 38, Austin, TX 78746-1187

08/12/24 6:55 PM

Service attempted upon **Sue E Grove** at 4408 Long Champ Dr Apt 38, Austin, TX 78746-1187

08/12/24 11:23 AM

Message from TD Travis Dahl

08/12/24 5:56 AM

Message from SB Summer Burrows

08/10/24 8:15 AM

Service attempted upon **Sue E Grove** at 4408 Long Champ Dr Apt 38, Austin, TX 78746-1187

08/09/24 6:13 PM

Signed Proof of Non-Service for Ryan Cohen at 1114 Avenue of the Americas Fl 32, New York, N

08/09/24 1:24 PM

Action Needed: Choose next service address for Ryan Cohen

Message from (AM) anthony mitchell

08/07/24 6:24 PM

Message from (AM) anthony mitchell

08/07/24 6:17 PM

Message from (TD) Travis Dahl

08/07/24 6:12 PM

Message from (TD) Travis Dahl

08/07/24 11:05 AM

Signed Proof of Service upon **Overstock.com Inc, doing business as Bed Bath and Beyond**

08/07/24 10:37 AM

Service completed upon **Overstock.com Inc, doing business as Bed Bath and Beyond** at 12670 I
92130-3086

08/07/24 8:41 AM

Service completed upon **20230930-DK-butterfly Inc** at 28 Liberty St, New York, NY 10005-1400

08/07/24 8:25 AM

Service attempted upon **Sue E Grove** at 4408 Long Champ Dr Apt 38, Austin, TX 78746-1187

08/06/24 3:54 PM

Process server received documents for 20230930-DK-butterfly Inc

08/06/24 3:29 PM

Signed Proof of Non-Service for The Depository Trust and Clearing Corporation at 11 Times Sq S

08/06/24 3:29 PM

Signed Proof of Non-Service for RC Ventures at 1114 Avenue of the Americas Fl 32, New York, N

08/06/24 3:29 PM

08/06/24 11:53 AM

Non-service confirmed for **RC Ventures** at 1114 Avenue Of The Americas Fl 32, New York, NY 10

08/06/24 11:53 AM

Service attempted upon **RC Ventures** at 1114 Avenue Of The Americas Fl 32, New York, NY 1003

08/06/24 11:20 AM

Action Needed: Choose next service address for 20230930-DK-butterfly Inc

08/06/24 11:19 AM

Non-service confirmed for **20230930-DK-butterfly Inc** at 780 3rd Ave Fl 34, New York, NY 10017-

08/06/24 11:18 AM

Service attempted upon **20230930-DK-butterfly Inc** at 780 3rd Ave Fl 34, New York, NY 10017-20

08/05/24 7:18 PM

Process server received documents for Overstock.com Inc, doing business as Bed Bath and Bey

08/05/24 2:28 PM

Process server received documents for RC Ventures

08/05/24 2:27 PM

Process server received documents for Ryan Cohen

08/05/24 2:26 PM

Process server received documents for The Depository Trust and Clearing Corporation

08/05/24 2:25 PM

Process server received documents for 20230930-DK-butterfly Inc

08/05/24 12:28 PM

Service attempted upon **Sue E Grove** at 4408 Long Champ Dr Apt 38, Austin, TX 78746-1187

08/05/24 12:28 PM

Service attempted upon **Sue E Grove** at 4408 Long Champ Dr Apt 38, Austin, TX 78746-1187

| 🖹 Documents |
|---|
| 🖻 Invoices |
| 🚢 Support |

Need Help?

Create a customer support ticket.

Please explain the issue and a member of our team will follow up.

📎 Attach or Drag & Drop Documents

Send Request

4 New Messages. Mark All as Read

**TD** Travis D. Aug 12, 2024 11:23 AM | ABC Legal Customer Support

Hello Anthony,

We will have service reattempted with updated instructions for the server.  Your proof of servic
has been signed and is attached.

Thank you,

Travis Dahl
ABC Legal Customer Success Team

**SB** Summer B. Aug 12, 2024 5:56 AM | ABC Legal Customer Support

Hello Anthony,

Thank you for providing this additional information. I am reaching out for additional informatio
expect to have an update for you shortly.

Kindly,
Summer Burrows

Hi Ryan,

While reviewing our chat, I noticed something that will need clarification.  Please clarify if you are no l
attempting service on RC Ventures and Ryan Cohen at the address provided and are requesting a crec
or would like to have the address reattempted after providing the server with more clear instructions.

Thank you,

Travis Dahl
ABC Legal Customer Success Team

---

**TD**   Travis D. Aug 7, 2024 6:12 PM | ABC Legal Customer Support

Hi Anthony,

Thank you for reaching out to us in chat today.  We will review your request and get back to you

Thank you,

Travis Dahl
ABC Legal Customer Success Team

---

🖼 FAQ & Documentation        ✉ Request a Feature        📄 Terms of S