# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY MITCHELL,

                Plaintiff(s),

vs.

RYAN COHEN, et al.,

                Defendant(s).

2:24−cv−01042−RFB−DJA

MINUTES OF THE COURT

November 8, 2024

PRESENT:
The Honorable __Richard F. Boulware II__, U.S. District Judge

Deputy Clerk: __ALZ____         Recorder/Reporter: __None Appearing___

Counsel for Plaintiff(s): __None Appearing___    Counsel for Defendant(s): __None Appearing___

**MINUTE ORDER IN CHAMBERS**
**REGARDING THE REQUIREMENTS OF**
*Klingele v. Eikenberry* **and** *Rand v. Rowland***:**

      A party or parties have filed a motion to dismiss, motion for judgment on the pleadings, or a motion for summary judgment. These are known as "dispositive motions", for they may terminate either some portion or all of this lawsuit, if granted. This notice is given to all parties to this litigation, and particularly to the party against whom the above referenced motion has been filed, pursuant to the requirements of *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988) and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

      Pursuant to the last sentence in Fed. R. Civ. P. 12(b), if evidence is submitted with a motion to dismiss and considered by the court, then the motion will be treated as a motion for summary judgment. The same is true regarding a motion for judgment on the pleadings. *See* Fed. R. Civ. P. 12(c). **This notice is issued, in part, to alert the plaintiff that if defendants have submitted evidence in support of a motion to dismiss or a motion for judgment on the pleadings, then the court may treat the pending motion as a motion for summary judgment. If the court grants summary judgment, then judgment may be entered against plaintiff and this lawsuit will end without trial.** This notice contains important information about what you need to do to oppose the motion. Please read it carefully.

MINUTE ORDER IN CHAMBERS re: Klingele v. Eikenberry and Rand v. Rowland – 1

**Motion to Dismiss–Fed. R. Civ. P. 12(b)(6)**

If the party or parties which filed the motion (hereinafter, the "moving party") have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the party or parties against whom that motion is filed (hereinafter, the "non–moving party") must file points and authorities in opposition to that motion within 14 days after service of the motion. Local Rule 7–2(b). The failure to file points and authorities in response to any motion shall constitute a consent to the granting of the motion. Local Rule 7–2(d). The court may then grant the motion and dismiss the non–moving party's claims. If the non–moving party does not agree that its claims should be dismissed, it must file and serve points and authorities in opposition within 14 days from the date the moving party served the non–moving party with the motion.

**Motion for Judgment on the Pleadings–Fed. R. Civ. P. 12(c)**

If the moving party has filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), the non–moving party must file points and authorities in opposition to that motion for judgment within 14 days after service of the motion. Local Rule 7–2(b). The failure to file points and authorities in response to any motion shall constitute a consent to the granting of the motion. Local Rule 7–2(d). The court may then grant the motion and dismiss the non–moving party's claims. If the non–moving party does not agree that its claims should be dismissed, the non–moving party must file and serve points and authorities in opposition within 14 days from the date the moving party served the non–moving party with the motion.

**Motion for Summary Judgment–Fed. R. Civ. P. 56**

If the moving party has filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) and attached admissible evidence to the motion, or if it has filed a motion for summary judgment under Fed. R. Civ. P. 56, then the non–moving party must properly oppose the motion, by filing opposing points and authorities, admissible evidence, and a statement of facts under Local Rule 56–1, within 21 days after service of the motion. _See_ Fed. R. Civ. P. 56, Local Rules 7–2(b) and 56–1. The standards governing motions for summary judgment are stated in Rule 56 of the Federal Rules of Civil Procedure. All parties should read that rule and be familiar with it.

The Ninth Circuit Court of Appeals has directed that the following notice be given to you:

A motion for summary judgment is a means through which the defendants seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Federal Rule of Civil Procedure 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact––that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in the form of admissible evidence (such as affidavits, declarations, depositions, answers to interrogatories, or properly authenticated documents as provided in Rule 56(e)), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

Rule 56–1 of the Local Rules for the United States District Court for the District of Nevada also requires, in addition, that you file with your opposition to a motion for summary judgment a statement of facts which you contend are or are not genuinely in issue in this summary judgment procedure. If you are opposing a summary judgment motion, you should review the opposing party's Local Rule 56–1 statement of facts not genuinely in issue, and you should set forth in writing those facts (supported by specific citation to evidence in the record which you have attached to your motion or statement) which contradict the claims of the opposing party. In other words, you must provide the court a statement of facts supported by attached admissible evidence that demonstrates that the opposing party is not entitled to judgment against you.

If you are the party moving for summary judgment, you should set forth, in writing, a statement of material facts, not genuinely in issue (supported by specific citation to evidence in the record which you have attached to your motion or statement) which supports your claim for summary judgment.  In so doing, you must show the court those material facts which can be proven with admissible evidence that demonstrate that you are entitled to have judgment entered in your favor at this time.

If the non-moving party fails to oppose the motion within 21 days, or if the non-moving party fails to submit evidence supporting its opposition, the court may consider the facts as undisputed. Accordingly, if the motion for summary judgment has merit, the Court may then grant the motion and enter judgment.

**IT IS THEREFORE ORDERED** that non–moving party or parties shall have 14 days, or 21 days for a motion for summary judgment, from the date of this Minute Order within which to file and serve points and authorities (and any other required documents) in opposition to the pending dispositive motion pursuant to the instructions herein, and the moving party shall thereafter have 7 days, or 14 days for a motion for summary judgment, after filing of the opposing points and authorities within which to file and serve reply points and authorities (and any other required documents).  The pending motion(s) shall then be submitted to the court for decision.

DEBRA K. KEMPI, CLERK

By:  /s/ ALZ

Deputy Clerk

MINUTE ORDER IN CHAMBERS re: Klingele v. Eikenberry and Rand v. Rowland – 3