UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Anthony Mitchell,<br><br>                    Plaintiff,<br><br>     v.<br><br>Ryan Cohen, et al.,<br><br>                    Defendants. | Case No. 2:24-cv-01042-RFB-DJA<br><br>**Order** |

This is a federal securities action arising out of *pro se* Plaintiff's purchase of 8847 shares of Bed Bath & Beyond stock from trading platform, Robinhood and those shares' loss of value during the "meme stock" movement. Plaintiff sues various defendants, including Ryan Cohen, the chairman of the board of GameStop Corp. and RC Ventures, LLC. Plaintiff moves a second time for alternative service on Cohen and RC Ventures. (ECF No. 29). Because the Court finds that Plaintiff has not provided enough information to demonstrate diligence in attempting to serve these Defendants or to demonstrate that Plaintiff's proposed methods of alternative service comport with due process, the Court denies Plaintiff's motion without prejudice.

**I.      Legal standard.**

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (*citing Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). It requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure.

A federal court lacks jurisdiction over a defendant unless the defendant has been properly served under Rule 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citation omitted). Rule 4, however, "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Id.* "[W]ithout

substantial compliance with Rule 4," "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Id.* Federal Rule of Civil Procedure 4(e)(1) provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Federal Rule of Civil Procedure 4(h) provides that a corporation, partnership, or association located in a judicial district of the United States may be served in the manner prescribed by Rule 4(e)(1) for serving an individual or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by law to receive service of process.

        **A.**     *Alternative service in Nevada.*

Under Nevada Rule of Civil Procedure 4.4(b)(1), a plaintiff may serve a party through alternative means if the methods of service provided for in Rules 4.2 (service within Nevada), 4.3 (service outside Nevada), and 4.4(a) (statutory service) are impracticable. Under Nevada Rule of Civil Procedure 4.4(b)(2), a motion seeking an order for alternative service must provide affidavits, declarations or other evidence demonstrating:

    (i)    the due diligence that the plaintiff undertook to locate and serve the defendant; and
    (ii)    the defendant's known, or last known contact information including address, phone numbers, email addresses, social media accounts, or other information used to communicate with the defendant…

The motion must also outline the proposed alternative service method and explain why it comports with due process. Nev. R. Civ. P. 4.4(b)(2)(B). Under Nevada Rule of Civil Procedure 4.4(b)(3), if the Court orders alternative service, the plaintiff must also make reasonable efforts to provide additional notice under Rule 4.4(d) and mail a copy of the summons and complaint as well as any order authorizing the alternative service to the defendant's last-known address. Nevada Rule of Civil Procedure 4.4(d) provides that, in addition to any other service method, the court may order a plaintiff to make reasonable efforts to provide additional notice of the commencement of the action by other methods like certified mail, telephone, voice message, email, social media, "or any other method of communication."

## II. Discussion.

The Court denied Plaintiff's initial motion for alternative service on Cohen and RC Ventures because Plaintiff had not demonstrated that he attempted proper service under either Nevada law (where this district court is located) or New York law (where he attempted service) on either Cohen or RC Ventures before moving for alternative service. (ECF No. 16). Specifically, Plaintiff had not demonstrated that he had attempted personal service on Cohen and had not demonstrated that he had attempted service on RC Ventures' registered agent, members, managers, or authorized agent. (*Id.* at 6-8). The Court also noted that, while Plaintiff asserted that he had attempted service on Cohen and RC Ventures' attorneys, the process servers' explanations about why they could not affect service at the attorneys' office was confusing. (*Id.* at 8).

In his renewed motion, Plaintiff still fails to explain whether he was diligent in attempting proper service. Plaintiff does not provide information about any attempts—other than the ones he made in his initial motion—that he has made to serve Cohen or RC Ventures. And although Plaintiff explains that he has been unable to find alternative service addresses for Cohen and RC Ventures, he does not provide sufficient information about his attempts to find this information. While Plaintiff does explain that he was able to find a P.O. Box address for both Defendants and learned that Cohen was represented by a Washington, D.C. law firm in another case, Plaintiff does not otherwise explain whether he has attempted to contact Defendants through the P.O. Box or these attorneys. Plaintiff also still fails to provide information about whether he attempted to find and serve RC Ventures' registered agent, members, managers, or any other agent authorized to accept service.

Plaintiff also does not provide any other information that might inform the Court about whether Plaintiff's proposed alternative service would comport with due process. Plaintiff does not provide any email addresses or phone numbers for Cohen's Washington, D.C. attorneys and provides no email addresses or phone numbers for the New York attorneys on whom he initially attempted service. Plaintiff does not explain whether he was able to find any email addresses or phone numbers for either Cohen or RC Ventures themselves.

Without this information, the Court cannot find that Plaintiff was diligent in attempting to serve Cohen or RC Ventures and cannot determine whether Plaintiff's proposed method of alternative service will comport with due process. The Court recognizes that Plaintiff is pro se and appreciates his efforts to detail the searches he has conducted for other addresses for these Defendants. The Court also recognizes the difficulty that Plaintiff may face, particularly as a pro se litigant, in obtaining an address suitable for personal service on Cohen. However, the Court requires more detail from Plaintiff about the efforts he took to find proper service addresses for these Defendants, the efforts he took to contact or serve these Defendants, and whether any other methods of communication with these Defendants might exist (for example, phone numbers, email addresses, social media accounts, or other information used to communicate with these Defendants).

**IT IS THEREFORE ORDERED** that Plaintiff's renewed motion for substitute service (ECF No. 29) is **denied without prejudice.**

DATED: November 14, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE