Bradley Austin (Nevada Bar #13064)
SNELL & WILMER L.L.P.
1700 S Pavilion Center Drive, Suite 700
Las Vegas, NV 89135
Tel.  702.784.5200
Fax.  702.784.5252
Email:  baustin@swlaw.com

Jared M. Gerber (*Pro Hac Vice application forthcoming*)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Email: jgerber@cgsh.com

*Attorneys for Sue Gove*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY MITCHELL,<br><br>                              Plaintiff,<br><br>                    v.<br><br>RYAN COHEN, an individual; ROBINHOOD FINANCIAL LLC, a Delaware Limited Liability Company; ROBINHOOD SECURITIES, LLC, a Delaware Limited Liability Company; ROBINHOOD MONEY, LLC, a Delaware Limited Liability Company; THE DEPOSITORY TRUST & CLEARING CORPORATION, a New York Corporation; 20230930-DK-BUTTERFLY-1, INC., a New York Corporation doing business as BED BATH & BEYOND; OVERSTOCK.COM, INC., a Delaware Corporation doing business as BED BATH & BEYOND; RC VENTURES LLC, a Delaware Limited Liability Company; SUE E. GOVE, an individual,<br><br>                              Defendants. | Case No. 2:24-cv-01042-RFB-DJA<br><br>**REPLY IN FURTHER SUPPORT OF DEFENDANT SUE GOVE'S MOTION TO DISMISS THE COMPLAINT** |

1  **DEFENDANT SUE GOVE'S REPLY IN FURTHER SUPPORT OF DEFENDANT'S**

2  **MOTION TO DISMISS THE COMPLAINT**

3       Defendant Sue Gove respectfully submits this reply memorandum in further support of her

4  motion to dismiss with prejudice Plaintiff's Complaint (ECF No. 7).[1]

5

6  Dated: November 25, 2024                    SNELL & WILMER L.L.P.

7                                              */s/ Bradley Austin*
                                               Bradley Austin, Esq.
8                                              1700 S Pavilion Center Drive, Suite 700
                                               Las Vegas, Nevada 89135
9
                                               Jared M. Gerber (*Pro Hac Vice application*
10                                             *forthcoming*)
                                               CLEARY GOTTLIEB STEEN & HAMILTON
11                                             LLP
                                               One Liberty Plaza
12                                             New York, New York 10006

13                                             *Attorneys for Sue Gove*

14

15

16

17

18

19

20

21

22

23

24

25

26

27
28

---

[1] All capitalized terms not defined herein have the meaning ascribed to them in Defendants Sue Gove's Motion To Dismiss (ECF No. 31) ("Mot." or "Motion").  The "Opposition" or "Opp'n" refers to Plaintiff's Opposition To Defendant Sue Gove's Motion To Dismiss the Complaint (ECF No. 36).

i

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................. iii

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

CONCLUSION ................................................................................................... 5

CERTIFICATE OF SERVICE .............................................................................. 6

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ..............................................................................1

*Boykin v. K12,*
    54 F.4th 175 (4th Cir. 2022)..................................................................3

*Brown v. Las Vegas Metro. Police Dep't,*
    2020 WL 4548217 (D. Nev. Aug. 6, 2020).......................................3-4

*In re Bed Bath & Beyond Corp. Sec. Litig.,*
    687 F. Supp. 3d 1 (D.D.C. 2023)...........................................................3

*In re Nektar Therapeutics Sec. Litig.,*
    34 F.4th 828 (9th Cir. 2022)..................................................................1

*Mortg. Elec. Registration Sys., Inc. v. Koeppel,*
    2020 WL 1233925 (N.D. Cal. Mar. 13, 2020).......................................2

*Mwanza v. Foster,*
    2015 WL 4530412 (D. Nev. July 27, 2015) ..........................................3

*Neal v. Kendall,*
    2022 WL 3715765 (D. Nev. Aug. 26, 2022)..........................................3

*Shull v. Ocwen Loan Servicing, LLC,*
    2014 WL 1404877 (S.D. Cal. Apr. 10, 2014).........................................2

*Steckman v. Hart Brewing, Inc.,*
    143 F.3d 1293 (9th Cir. 1998)................................................................3

*Umbach Med. Grp., PLLC v. Elevance Health Inc.,*
    2024 WL 4349358 (D. Nev. Sept. 30, 2024)..........................................2

*Walsh v. Nev. Dep't of Human Res.,*
    471 F.3d 1033, 1037 (9th Cir. 2006)......................................................1

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2      Defendant Sue Gove ("Gove") writes briefly in response to *pro se* Plaintiff Anthony

3  Mitchell's Opposition brief.  Plaintiff's Opposition largely repeats the generic allegations contained

4  in his Complaint without seriously responding to the numerous fatal deficiencies identified in Gove's

5  motion to dismiss (the "Motion to Dismiss").  Indeed, the Opposition entirely ignores the district

6  court's thorough and well-reasoned decision in the related Securities Class Action, which rejected

7  identical arguments in granting Gove's similar motion to dismiss filed there.  Thus, for several

8  reasons, Gove's Motion to Dismiss should be granted with prejudice here.

9      *First*, in arguing that "[a] complaint should not be dismissed unless it appears beyond doubt

10  that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to

11  relief" and that he has "satisfied the pleading standard by giving Defendant fair notice of improper

12  conduct," Opp'n at 1, 10, Plaintiff severely understates his pleading burden here.  Even under the

13  basic notice pleading standards of Rule 8(a), the Supreme Court "retired the [] no-set-of-facts test"

14  cited by Plaintiff over 15 years ago.  *Ashcroft v. Iqbal*, 556 U.S. 662, 670 (2009).  Instead, as

15  discussed in the Motion, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual

16  matter . . . to state a claim to relief that is plausible on its face," which requires "factual content" not

17  "labels and conclusions" or "naked assertions devoid of further factual enhancement."  Mot. at 4

18  (quoting *Iqbal*, 556 U.S. at 678).  Moreover, the securities fraud claims asserted against Gove here

19  must also meet the particularity requirements of Rule 9(b), which require Plaintiff to plead the "who,

20  what, when, where, and how of the misconduct charged," and the further heightened pleading

21  requirements of the PSLRA, which (among other things) require the Complaint to "state with

22  particularity facts giving rise to a strong inference that the defendant acted with the required state of

23  mind."  Mot. at 4; *see also In re Nektar Therapeutics Sec. Litig.*, 34 F.4th 828, 837 (9th Cir. 2022)

24  (dismissing claims under "the PSLRA's exacting pleading standards").  Plaintiff makes no attempt

25  to address the actual heightened pleading standards that apply to this action—because his Complaint

26  utterly fails to satisfy them—and thereby concedes that his claims against Gove should be dismissed.

27  *See, e.g.*, *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (affirming

28  dismissal where plaintiff made no "overture to the district court" in response to argument raised by

1

defendant); *Umbach Med. Grp., PLLC v. Elevance Health Inc.*, 2024 WL 4349358 (D. Nev. Sept. 30, 2024) ("When opposition to a motion to dismiss failed to address arguments in the motion to dismiss, the plaintiff effectively abandoned the claim to relief."); *Mortg. Elec. Registration Sys., Inc. v. Koeppel*, 2020 WL 1233925, at *3 (N.D. Cal. Mar. 13, 2020) ("[W]hen a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") (citing *Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries,* 238 F. Supp. 2d 174, 178 (D.D.C. 2002)); *Shull v. Ocwen Loan Servicing, LLC*, 2014 WL 1404877, at *2-3 (S.D. Cal. Apr. 10, 2014) ("Where a party fails to address arguments against a claim raised in a motion to dismiss, the claims are abandoned and dismissal is appropriate.").

*Second*, other than repeating the conclusory assertions in the Complaint, the Opposition fails to meaningfully engage with the substantive arguments made in the Motion—including that the challenged statements attributed to Gove were true, puffery, and opinions, and that the Complaint does not raise a strong inference of scienter against Gove. Similarly, the Opposition does not mention even a single time (let alone distinguish) the extensive motion to dismiss decision in the related Securities Class Action that rejected the very allegations incorporated by reference here. *See In re Bed Bath & Beyond Corp. Sec. Litig.*, 687 F. Supp. 3d 1, 8-10 (D.D.C. 2023) (rejecting identical claims against Gove as "a bridge too far," despite allowing "[m]ost" claims against other defendants to survive). Again, the Opposition's failure to address these points effectively concedes that Plaintiff has no response to them.

For example, with respect to the Motion's showing that the statement Bed Bath was "pleased to have reached a constructive agreement with RC Ventures in March" was true, Mot. at 5, the Opposition only briefly contends that the statement was "misleading" because it "omitted to disclose that Cohen had already formed a plan to liquidate his interest" and, "[a]s a result, the agreement with RC Ventures was not constructive at that time." Opp'n at 13.[2] But this superficial argument was directly considered and rejected by the court in the Securities Class Action, which squarely held that

---

[2] The Opposition makes no attempt to respond to the Motion's explanation that the statements that the Company was "working . . . on strengthening [its] balance sheet" and "enhanc[ing] liquidity" are not actionable, Mot. at 5, and thereby concedes that these statements are not actionable.

"the statement specifically says that the constructive agreement was from five months earlier" and therefore "no reasonable investor would assume that meant Bed Bath and Cohen remained in lock step" in August. Mot. at 7 (quoting *In re Bed Bath & Beyond Corp. Sec. Litig.*, 687 F. Supp. 3d at 9). The Opposition simply ignores this holding, and makes no attempt to explain why it should not be applied here. And the Opposition likewise does not respond at all to the Motion's further showing that "merely disclosing a historical fact does not give rise to a duty to disclose current information on the same topic," *id.* at 7-8, and instead only asserts in conclusory manner that Gove should have done so.

Similarly, beyond making the conclusory assertion that Gove "knew or recklessly disregarded the adverse non-public information" about the Company's relationship with Cohen, Opp'n at 11-12, the Opposition makes no attempt to explain how these naked legal conclusions satisfy the heightened pleading standards that apply here, let alone raise an inference of scienter that is more "cogent" and "compelling" than the alternative inference that "Gove (like the market more broadly) was uncertain of Cohen's intentions and therefore [] made statements accurately describing the Company's historical agreement with him . . . without intending to make any reference to whether Cohen still held his shares." Mot. at 14-17. Nor does the Opposition address—let alone distinguish—the decision by the court in the related Securities Class Action accepting these arguments, and holding that the allegations incorporated by reference here "fail[] to plead scienter" because "Gove and Bed Bath never lied," "[n]or were they reckless to mention an old agreement in a generic corporate statement without first checking to make sure that the party to that old agreement still held stock in the company," and regardless "any inference of recklessness is less compelling than the 'nonculpable explanations' for the statement: it was meant to describe Bed Bath's efforts to right the ship." *In re Bed Bath & Beyond Corp. Sec. Litig.*, 687 F. Supp. 3d at 10 ("Indeed, had Gove known of Cohen's impending sale, she had no reason to hide this knowledge from investors. A coverup would only help Cohen while further damaging the brand when investors learned the truth [the next day]. So

1    [Plaintiff] fails to allege scienter too."). Again, the Opposition's failure to address these arguments

2    effectively concedes them.[3]

3          *Third*, Plaintiff entirely fails to support his request for leave to amend if the Court grants the

4    Motion. Opp'n at 14-15. As an initial matter, Plaintiff has not provided any description of what

5    additional facts he might allege to correct the defects identified in the Motion, let alone provide a

6    proposed pleading with those additional allegations, which by itself is a sufficient to reject his request

7    for leave to amend. *See, e.g.*, *Mwanza v. Foster*, 2015 WL 4530412, at *1 (D. Nev. July 27, 2015);

8    *Neal v. Kendall*, 2022 WL 3715765, at *4 (D. Nev. Aug. 26, 2022) ("The failure to attach a proposed

9    amended complaint is a sufficient basis on which to deny" plaintiff's motion for leave to amend);

10   *Brown v. Las Vegas Metro. Police Dep't*, 2020 WL 4548217 (D. Nev. Aug. 6, 2020) ("Plaintiff's

11   failure to attach a complete proposed Third Amended Complaint violates Local Rule 15-1(a) and his

12   Motion should also be denied for that reason."). Regardless, leave to amend is inappropriate where,

13   as here, the Complaint contains many fundamental defects—including that the challenged statements

14   were true and non-actionable puffery—that could not be cured by any conceivable amendment. *See,*

15   *e.g.*, *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) ("Although there is a

16   general rule that parties are allowed to amend their pleadings, it does not extend to cases in which

17   any amendment would be an exercise in futility, or where the amended complaint would also be

18   subject to dismissal.") (internal citations omitted). It is for this very reason that the sophisticated

19

20

21   ³ With respect to the Motion's separate argument that the challenged statements were inactionable puffery, the Opposition
22   only musters that "BBBY's statements cannot be mischaracterized as puffery when reasonable investors did, in fact,
     interpret the Company's statements as a highly significant endorsement of its positive relationship with Cohen and an
23   indication that Cohen continued to hold his shares." Opp'n at 13-14. However, the Opposition makes no effort to explain
     how a reasonable investor could interpret the statement that way—when it only explicitly referenced an agreement
24   months earlier—and instead only appears to contend that a small number of anonymous posters on Reddit did so. *Id.*
     But merely alleging that a small number of posters on an internet message board misinterpreted the statement fails to
25   plead that a reasonable investor would have done so. *See Boykin v. K12, Inc.*, 54 F.4th 175, 185 (4th Cir. 2022) (declining
     to adopt plaintiff's proposed reading of challenged disclosure, despite argument that "[t]wo financial analysts covering
26   the company" read it that way, because "[t]he falsity element of a Rule 10b-5 claim boils down to the reasonable
     investor's view of [the] statements, [] not any individual investor's reaction"). Indeed, the facts incorporated into the
27   Complaint show that the anonymous posters on Reddit were responding to a misleading summary of the challenged
     statement here—which only said "Bed Bath and Beyond are pleased to have reached constructive agreement with RC
28   Ventures," rather than saying it "was" pleased to have reached that agreement "in March"—and that other posters
     acknowledged it was that summary and not Bed Bath's statement that was misleading. *See* Brief for Defendant Sue Gove
     at 7-12, *In re Bed Bath & Beyond Corp. Sec. Litig.*, 687 F. Supp. 3d 1 (D.D.C. 2023) (No. 1:22-cv-02541-TNM).

1  plaintiff and counsel in the related Securities Class Action declined to reassert any claims against

2  Gove after the court's decision dismissing the identical claims that were asserted there.

3  <u>**CONCLUSION**</u>

4        For the foregoing reasons, and those contained in the Motion to Dismiss, the claims asserted

5  against Gove in the Complaint should be dismissed with prejudice.

6  Dated: November 25, 2024

7                                          SNELL & WILMER, L.L.P.

8                                          <u>*/s/ Bradley Austin*</u>

9                                          Bradley Austin, Esq.
                                        1700 S Pavilion Center Drive, Suite 700

10                                         Las Vegas, NV 89135

11                                         Jared M. Gerber (*Pro Hac Vice application*
                                        *forthcoming*)

12                                         CLEARY GOTTLIEB STEEN & HAMILTON
                                        LLP

13                                         One Liberty Plaza

14                                         New York, New York 10006
                                        Telephone: (212) 225-2000

15                                         Email: jgerber@cgsh.com

16                                         *Attorneys for Defendant Sue Gove*

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

On November 25, 2024, I served the foregoing document on all parties appearing in this case when filing said document through the court's PACER system with automatic e-service on all persons who have registered for e-service on PACER for this case.

*/s/ Lyndsey Mosbey*
An employee of SNELL & WILMER L.L.P.