Kelly A. Evans, Esq. (SBN #7691)
David W. Gutke, Esq. (SBN 9820)
**EVANS FEARS & SCHUTTERT LLP**
6720 Via Austi Parkway, Suite 300
Las Vegas, NV 89119
Telephone: (702) 805-0290
kevans@efsmmlaw.com
dgutke@efsmmlaw.com

Dane H. Butswinkas (*to be admitted pro hac vice*)
Steven M. Farina (*to be admitted pro hac vice*)
Madeline C. Prebil (*to be admitted pro hac vice*)
Jenna L. Romanowski (*to be admitted pro hac vice*)
**WILLIAMS & CONNOLLY LLP**
680 Maine Ave. S.W.
Washington, DC 20024
Telephone: (202) 434-5000
dbutswinkas@wc.com
sfarina@wc.com
mprebil@wc.com
jromanowski@wc.com

*Attorneys for Defendants RC Ventures, LLC and Ryan Cohen*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY MITCHELL,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>RYAN COHEN, an individual; ROBINHOOD FINANCIAL LLC, a Delaware Limited Liability Company; ROBINHOOD SECURITIES, LLC, a Delaware Limited Liability Company; ROBINHOOD MONEY, LLC, a Delaware Limited Liability Company; THE DEPOSITORY TRUST & CLEARING CORPORATION, a New York Corporation; 20230930-DK-BUTTERFLY-1, INC., a New York Corporation doing business as BED BATH & BEYOND; OVERSTOCK.COM, INC., a Delaware Corporation doing business as BED BATH & BEYOND; RC VENTURES LLC, a Delaware Limited Liability Company; SUE E. GOVE, an individual,<br><br>　　　　　　Defendants. | Case No. 2:24-cv-01042-RFB-DJA<br><br>**DEFENDANTS RC VENTURES, LLC AND RYAN COHEN'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM IN SUPPORT** |

# DEFENDANTS RC VENTURES LLC'S AND RYAN COHEN'S
# MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(5), Defendants RC Ventures, LLC and Ryan Cohen (collectively the "Cohen Defendants"), by the undersigned counsel, hereby move to dismiss all claims asserted against the Cohen Defendants in the Complaint brought by Plaintiff Anthony Mitchell.  ECF No. 7.  This Motion is supported by the accompanying Memorandum of Points and Authorities.

Dated: December 10, 2024.            **EVANS FEARS SCHUTTERT MCNULTY MICKUS**

　　　　　　　　　　　　　　　　　　 /s/ David W. Gutke
　　　　　　　　　　　　　　　　　Kelly A. Evans, Esq. (SBN 7691)
　　　　　　　　　　　　　　　　　David W. Gutke, Esq. (SBN 9820)
　　　　　　　　　　　　　　　　　6720 Via Austi Parkway, Suite 300
　　　　　　　　　　　　　　　　　Las Vegas, NV 89119

　　　　　　　　　　　　　　　　　Dane H. Butswinkas (*to be admitted pro hac vice*)
　　　　　　　　　　　　　　　　　Steven M. Farina (*to be admitted pro hac vice*)
　　　　　　　　　　　　　　　　　Madeline C. Prebil (*to be admitted pro hac vice*)
　　　　　　　　　　　　　　　　　Jenna L. Romanowski *(to be admitted pro hac vice)*
　　　　　　　　　　　　　　　　　**WILLIAMS & CONNOLLY LLP**
　　　　　　　　　　　　　　　　　680 Maine Ave. S.W.
　　　　　　　　　　　　　　　　　Washington, DC 20024
　　　　　　　　　　　　　　　　　*Attorneys for Defendants RC Ventures LLC and Ryan Cohen*

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff's claims against Ryan Cohen and RC Ventures, LLC (collectively "the Cohen Defendants") should be dismissed because Plaintiff failed to properly serve them. Although Plaintiff purports to have served the Cohen Defendants through an individual in Carson City named Ana Gomes, Ms. Gomes is a stranger to both Mr. Cohen and RC Ventures, LLC, and she has not been authorized to accept service on their behalf.

### FACTUAL BACKGROUND

Plaintiff's Complaint was filed on the docket on June 26, 2024. ECF No. 7. Eight weeks later, a process server declared that she served RC Ventures LLC on November 19, 2024 by delivering the summons to Ana Gomes at 701 South Carson Street, Suite 200, Carson City, Nevada 89701, claiming inaccurately that Ms. Gomes is "designated by law to accept service on behalf of RC Ventures LLC." ECF No. 39. It appears that 701 South Carson Street may be associated with CT Corporation, an entity offering registered agent services. But neither Ms. Gomes nor CT Corporation is a registered agent authorized to accept service on behalf of RC Ventures LLC. Declaration of Ryan Cohen ("Cohen Decl.") ¶¶ 7, 8.

The process server also claimed to have served Ryan Cohen on November 20, 2024 by way of the same individual (Ms. Gomes) at the same address. ECF No. 40. The Proof of Service states inaccurately that 701 South Carson Street Suite 200 is Mr. Cohen's "residence or usual place of abode." *Id.* In fact, Mr. Cohen does not have any residence in Nevada. Cohen Decl. ¶ 5. Mr. Cohen does not know Ms. Gomes and has not authorized her or CT Corporation to accept service on his behalf. *Id.* ¶¶ 6, 8.

### ARGUMENT

**I.    Plaintiff's Complaint Should Be Dismissed Pursuant to Rule 12(b)(5) Because Plaintiff's Service of Process Was Insufficient.**

Plaintiff's Complaint should be dismissed because Plaintiff has not properly served the Cohen Defendants. "A federal court does not have jurisdiction over a defendant unless the

1  defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v.*
2  *Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citing *Jackson v. Hayakawa*,
3  682 F.2d 1344, 1347 (9th Cir. 1982)). District courts are empowered to dismiss actions for
4  insufficient service of process under Rule 12(b)(5). *Williams v. Bellagio Hotel & Casino*, 2024
5  WL 1417429, at *2 (D. Nev. Apr. 1, 2024) (citing *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d
6  1288, 1293 (9th Cir. 2006)). Plaintiff bears the burden of establishing that service was valid. *Id*.

**Ryan Cohen.** Plaintiff's service of process as to Mr. Cohen was insufficient. Rule 4(e) provides that an individual may be served by "delivering a copy of the summons and of the complaint to the individual personally," "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). The Rule also provides that an individual can be served by following the law for serving a summons in the State where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). Plaintiff's Complaint was filed in Nevada and service on Mr. Cohen was attempted in Nevada. ECF No. 7, 40. The Nevada rule for serving an individual within Nevada mirrors the Federal Rule. Nev. R. Civ. P. 4.2(a); *see also Snyder v. Hill*, 2024 WL 4804961, at *1 (D. Nev. Nov. 15, 2024).

Plaintiff's claim—that he served Mr. Cohen by way of Ana Gomes at 701 South Carson Street, Suite 200, Carson City, Nevada 89701—necessarily fails. ECF No. 40. The summons and complaint were not served on Mr. Cohen personally, Mr. Cohen does not live at 701 Carson Street, and Ana Gomes (like CT Corporation) is not an agent authorized to receive service of process for Mr. Cohen. Cohen Decl. ¶¶ 6,8. Plaintiff has not effectuated service on Mr. Cohen.

**RC Ventures LLC.** Plaintiff's service of process was also insufficient as to RC Ventures LLC. Rule 4(h) provides that a corporation may be served by the same means as an individual or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). A corporation may also be served by following the law for serving a

summons in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1)(A). Plaintiff's Complaint was filed in Nevada and service on RC Ventures LLC was attempted in Nevada. ECF No. 7, 39. An entity may only be served in Nevada if it is "formed under the laws of [Nevada], is registered to do business in [Nevada], or has appointed a registered agent in [Nevada]," and the summons is served on one of the individuals or entities enumerated in the rule. Nev. R. Civ. P. 4.2(c)(1)(A). If such service cannot be accomplished, service can also be made on a foreign entity by delivering a copy of the summons and complaint to any "officer, director, partner, member, manager, trustee, or agent identified in Rule 4.2(c)(1)" that is located in Nevada. *Id.* 4.2(c)(2).

Plaintiff's delivery of the summons and complaint to Ana Gomes at 701 South Carson Street, Suite 200, Carson City, Nevada 89701, did not effectuate service on RC Ventures LLC. *See* ECF No. 39. Ana Gomes is not an officer, managing or general agent, or any other agent authorized to receive service of process for RC Ventures LLC. Cohen Decl. ¶ 7. Assuming Ana Gomes is an agent of CT Corporation, CT Corporation is likewise not a registered agent for RC Ventures LLC. Cohen Decl. ¶ 8. Further, RC Ventures LLC is not formed under Nevada law or registered to do business in Nevada and has no appointed registered agents in Nevada. Cohen Decl. ¶ 3. Plaintiff has failed to effectuate service on RC Ventures LLC.

## CONCLUSION

For the foregoing reasons, the claims asserted against the Cohen Defendants in Plaintiff's Complaint should be dismissed.

Dated: December 10, 2024.          **EVANS FEARS SCHUTTERT MCNULTY MICKUS**

  /s/ David W. Gutke
Kelly A. Evans, Esq. (SBN 7691)
David W. Gutke, Esq. (SBN 9820)
6720 Via Austi Parkway, Suite 300
Las Vegas, NV 89119

Dane H. Butswinkas (*to be admitted pro hac vice*)
Steven M. Farina (*to be admitted pro hac vice*)
Madeline C. Prebil (*to be admitted pro hac vice*)

1
2
3
4

Jenna L. Romanowski *(to be admitted pro hac vice)*
**WILLIAMS & CONNOLLY LLP**
680 Maine Ave. S.W.
Washington, DC 20024
*Attorneys for Defendants RC Ventures LLC and Ryan Cohen*

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on December 10, 2024, a true and correct copy of the foregoing Defendants RC Ventures, LLC and Ryan Cohen's Motion to Dismiss Plaintiff's Complaint and Memorandum in Support was served electronically on all counsel of record and Plaintiff Anthony Mitchell via CM-ECF.  Plaintiff Mitchell was also mailed a copy at 618 Painted Opus Place, North Las Vegas, NV 89084.

*Faith Radford*
An employee of Evans Fears Schuttert McNulty Mickus