1  Kelly A. Evans, Esq. (SBN 7691)
   David W. Gutke, Esq. (SBN 9820)
2  **EVANS FEARS SCHUTTERT MCNULTY MICKUS**
3  6720 Via Austi Parkway, Suite 300
   Las Vegas, NV 89119
4  Telephone: (702) 805-0290
   kevans@efsmmlaw.com
5  dgutke@efsmmlaw.com

6  Dane H. Butswinkas (*pro hac vice application forthcoming*)
7  Steven M. Farina (*pro hac vice application forthcoming*)
   Madeline C. Prebil (*pro hac vice application forthcoming*)
8  Jenna L. Romanowski (*pro hac vice application forthcoming*)
   **WILLIAMS & CONNOLLY LLP**
9  680 Maine Ave. SW
   Washington, DC 20024
10 Telephone: (202) 434-5000
11 dbutswinkas@wc.com
   sfarina@wc.com
12 mprebil@wc.com
   jromanowski@wc.com
13 *Attorneys for Defendants RC Ventures LLC*
14 *and Ryan Cohen*

**UNITED STATES DISTRICT COURT**
15 **DISTRICT OF NEVADA**

| | |
|---|---|
16 | ANTHONY MITCHELL, | Case No. 2:24-cv-01042-RFB-DJA |
17 |             Plaintiff, | **REPLY BRIEF IN SUPPORT OF** |
   |                        | **DEFENDANTS RC VENTURES** |
18 |     v. | **LLC'S AND RYAN COHEN'S** |
   |        | **MOTION TO DISMISS** |
19 | RYAN COHEN, an individual; ROBINHOOD | **PLAINTIFF'S COMPLAINT** |
   | FINANCIAL LLC, a Delaware Limited Liability | |
20 | Company; ROBINHOOD SECURITIES, LLC, a | |
   | Delaware Limited Liability Company; | |
21 | ROBINHOOD MONEY, LLC, a Delaware Limited | |
   | Liability Company; THE DEPOSITORY TRUST & | |
22 | CLEARING CORPORATION, a New York | |
   | Corporation; 20230930-DK-BUTTERFLY-1, INC., | |
23 | a New York Corporation doing business as BED | |
   | BATH & BEYOND; OVERSTOCK.COM, INC., a | |
24 | Delaware Corporation doing business as BED | |
   | BATH & BEYOND; RC VENTURES LLC, a | |
25 | Delaware Limited Liability Company; SUE E. | |
   | GOVE, an individual, | |
26 | | |
27 |             Defendants. | |

28

1

# INTRODUCTION

2      Plaintiff does not dispute that he has failed to properly serve Ryan Cohen and RC

3   Ventures LLC (collectively "the Cohen Defendants").  *See generally* ECF No. 45 ("Opp.").  As

4   this Court already explained, "[a] federal court lacks jurisdiction over a defendant unless the

5   defendant has been properly served under Rule 4."  ECF No. 34 at 1.  "'[W]ithout substantial

6   compliance with Rule 4' 'neither actual notice nor simply naming the defendant in the complaint

7   will provide personal jurisdiction.'"  *Id.* (quoting *Direct Mail Specialists, Inc. v. Eclat*

8   *Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988)).  Because Plaintiff has not

9   substantially complied with Rule 4, his Complaint should be dismissed.[1]

10

# ARGUMENT

11      Plaintiff bears the burden of proving that he properly served the Cohen Defendants.

12   *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  Plaintiff barely attempts to do so, while

13   largely ignoring undisputed facts proving the contrary.  Plaintiff contends, for instance, that

14   "[d]ocuments were served on Ana Gomes," whom "[u]pon information and belief . . . represented

15   that she accepts service on behalf of RC Ventures LLC."  Opp. at 3.  That conclusory assertion,

16   however, is refuted by the Cohen Defendants' declaration—which Plaintiff fails to rebut—

17   attesting that Ms. Gomes "is *not* authorized to accept service for RC Ventures LLC."  ECF No.

18   43-1 ("Cohen Decl.") ¶ 7 (emphasis added).  Plaintiff also argues that "the process server served

19   Ryan Cohen" personally.  Opp. at 3.  But that contention is flatly contradicted both by Plaintiff's

20   Proof of Service stating that the summons was left with Ms. Gomes (ECF No. 40), *and* by Mr.

21   Cohen's sworn declaration that he has "not been served with the Summons or Complaint in this

22   matter," (Cohen Decl. ¶ 4).  Plaintiff also does not dispute that Mr. Cohen does not live at the

23   address at which Plaintiff's process server purports to have left the summons and has not

24

25

_____

26   [1] The Cohen Defendants reserve all defenses and objections to Plaintiff's Complaint, including
     but not limited to lack of personal jurisdiction, improper venue, failure to state a claim upon

27   which relief can be granted, and failure to join a necessary party.

28

REPLY SUPPORTING THE COHEN DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

authorized Ms. Gomes to accept service on his behalf.  Cohen Decl. ¶¶ 5–6.[2]  Plaintiff's failure to argue that service was proper is tantamount to a concession that service was improper. *See Troy Cap. LLC v. Patenaude & Felix APC*, 2022 WL 4290329, at *2 (D. Nev. Sept. 16, 2022) (Plaintiff "never argues that service was sufficient.  In this district, courts have held that parties concede to dismissal on that ground when they fail to address a portion of the moving party's argument."); *Rose v. Shintani*, 2023 WL 5529518, at *2 (D. Nev. Aug. 28, 2023) (Plaintiff's "failure [to serve process] is uncontested by [Plaintiff]. . . . This alone is sufficient to grant Defendants' motion.").

Perhaps recognizing his attempts at service failed to comport with due process, Plaintiff focuses his efforts on persuading the Court to excuse this deficient service.  Opp. at 3–5.  The Court should decline that invitation.  To begin with, Plaintiff relies on *Borzeka v. Heckler*, which established a four-part test to evaluate whether a "technical defect" in service warranted dismissal.  739 F.2d 444, 447 (9th Cir. 1984).  But service here was not plagued by a technical defect akin to *Borzeka*—where the plaintiff properly served defendant by certified mail, but failed in addition to serve defendant personally.  *Id.* at 446.  Here, Plaintiff served a stranger to the Cohen Defendants.  Cohen Decl. ¶¶ 6–7.  Such failure is far from technical.

In any case, Plaintiff does not satisfy *Borzeka*'s factors, which require that: "(a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." 739 F.2d at 447.  Plaintiff fails the latter two factors.

---

[2] Plaintiff also states that he "submitted documents for service" at several addresses he claims are associated with the Cohen Defendants' representatives. Opp. ¶ 8.  It is difficult to substantively respond to these claims because Plaintiff has not filed proof of service for these alleged "submissions."  If Plaintiff means to say that he mailed the Complaint and summons to these addresses, then that is insufficient for service of process.  *See Cooper v. Washington*, 2022 WL 7686630, at *3 (D. Nev. Oct. 13, 2022); *Shomide v. ILC Dover LP*, 2006 WL 2042969, at *3 (D. Del. July 20, 2006).

REPLY SUPPORTING THE COHEN DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

*First*, Plaintiff provided no justifiable excuse for his failure to properly serve the Cohen Defendants.  Such factor might be satisfied if, for instance, Plaintiff proved that he "received erroneous information from the 'lower court' regarding service of process[.]"  *Id.*  Here, Plaintiff concludes that his "failure to properly serve the original compliant is justifiable" (Opp. at 4), yet curiously offers *no* explanation for that failure—much less one that would warrant a departure from the Federal Rules.  Plaintiff's utter lack of justification is underscored by this Court's earlier conclusion that Plaintiff had not shown "he was diligent in attempting proper service" and had failed to "provide sufficient information about his attempts to find" alternative service addresses for the Cohen Defendants.  ECF No. 34 at 3.  That Plaintiff can conjure no justification for the ineffective service of process should end the inquiry.  *See Phillips v. State Bar of Nevada*, 2017 WL 1042461, at *3 (D. Nev. Mar. 16, 2017) ("Where a Plaintiff has no justifiable excuse for his failure to serve, however, he cannot satisfy the remaining factors under *Borzeka*.").

*Second*, Plaintiff has not proved that he would be prejudiced—much less severely prejudiced—if his complaint were dismissed *without prejudice*.  Plaintiff has not demonstrated, for instance, that the applicable limitations periods "would prevent plaintiff[] from re-filing" his complaint, or that dismissal would otherwise "cause great hardship to plaintiff[]."  *In re Casey*, 193 B.R. 942, 948 (Bankr. S.D. Cal. 1996).  Because Plaintiff would not be "severely prejudiced by the dismissal of his complaint," he cannot obtain "relief under the test set forth in *Borzeka*."  *Hearst v. West*, 31 F.App'x 366, 370 (9th Cir. 2002).

Finally, Plaintiff argues that "[d]ismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained," (Opp. at 5 (citation omitted)), but provides no basis to conclude that he will accomplish proper service.  Plaintiff has already received an extension of time to serve the Cohen Defendants (ECF No. 24), and has been twice denied his requests to serve the Cohen Defendants by alternate means (ECF Nos. 16, 34).  Put simply, Plaintiff has not articulated—nor has his conduct demonstrated—any reason to believe he will effectuate proper service upon the Cohen Defendants.  The Court should thus dismiss Plaintiff's Complaint for insufficient service of process.

1

## **CONCLUSION**

2    For the foregoing reasons, the claims asserted against the Cohen Defendants in Plaintiff's

3 Complaint should be dismissed.

4

5    Dated: December 19, 2024.          **EVANS FEARS SCHUTTERT MCNULTY MICKUS**

6

7                                      */s/ David W. Gutke*

8                                      Kelly A. Evans, Esq. (SBN 7691)
                                       David W. Gutke, Esq. (SBN 9820)

9                                      6720 Via Austi Parkway, Suite 300
                                       Las Vegas, NV 89119

10                                     Dane H. Butswinkas (*pro hac vice application*

11                                     *forthcoming*)
                                       Steven M. Farina (*pro hac vice application forthcoming*)

12                                     Madeline C. Prebil (*pro hac vice application forthcoming*)
                                       Jenna L. Romanowski (*pro hac vice application*

13                                     *forthcoming*)
                                       WILLIAMS & CONNOLLY LLP

14                                     680 Maine Ave. SW
                                       Washington, DC 20024

15

16                                     *Attorneys for Defendants RC Ventures LLC and Ryan*
                                       *Cohen*

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

I, the undersigned, hereby certify that on December 19, 2024, a true and correct copy of the foregoing **REPLY BRIEF IN SUPPORT OF DEFENDANTS RC VENTURES LLC'S AND RYAN COHEN'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** was served electronically on all counsel of record and Plaintiff Anthony Mitchell via CM-ECF.

*/s/ Faith Radford*
An employee of Evans Fears Schuttert McNulty Mickus