# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

ANTHONY MITCHELL,

    Plaintiffs,

    v.

RYAN COHEN, *et al.*,

    Defendants.

Case No. 2:24-cv-01042-RFB-DJA

**ORDER**

Before the Court are Motions to Dismiss by Defendants Overstock.com, Inc., Sue E Gove, and RC Ventures. For the following reasons, the Court grants Defendant's Motions to Dismiss.

## I. PROCEDURAL HISTORY

On June 26, 2024, Plaintiff filed their complaint. ECF No. 7. On September 11, 2024, Defendant Overstock.com, Inc. filed a Motion to Dismiss. ECF No. 18. On September 16, 2024, Plaintiff filed a Notice of Voluntary Dismissal of Defendant 20230930-DK-BUTTERFLY-1, INC. ECF No. 21. On November 6, 2024, Defendant Sue E. Gove filed a Motion to Dismiss. ECF No. 31. On November 14, 2024, Plaintiff filed a Notice of Voluntary Dismissal of Defendants Robinhood Financial LLC, Robinhood Securities, LLC, Robinhood Money, LLC, and The Depository Trust, and Clearing Corporation. ECF No. 35. On December 10, 2024, Defendants RC Ventures and Ryan Cohen filed a Motion to Dismiss. ECF No. 43.

The Court's Order follows.

## II. FACTUAL ALLEGATIONS / BACKGROUND

From July 2022 – April 2023, Plaintiff purchased 8,847 shares of Bed Bath and Beyond stock ("BBBY") on Robinhood, an online brokerage platform. On October 20, 2023, upon

checking his Robinhood account, Plaintiff noticed that the BBBY shares he owned were no longer in his account. Subsequently, Plaintiff contacted Robinhood and inquired about the missing shares. Robinhood provided Plaintiff with a full accounting of his BBBY purchase history and informed him that his shares held no value. Robinhood also informed Plaintiff that they had been instructed by the Depository Trust and Clearing Corporation to remove BBBY shares from the Robinhood platform. Shortly thereafter, Plaintiff learned about the class complaint filed in the United States District Court for the District of Columbia, (the "Class Complaint"), and filed the instant lawsuit.

Bed Bath and Beyond ("Bed Bath") is a home goods retailer with a national chain of big-box stores that sells home furnishings and décor. Buybuy Baby is a subsidiary of Bed Bath that specializes in items for expecting families and babies. Buybuy Baby was considered the "crown jewel" of the Bed Bath subsidiaries because of its strong financial performance. Defendant Ryan Cohen ("Cohen") is the former CEO of online retailer Chewy, Inc. and has served as the Chairman of the Board of Directors of GameStop Corp. Additionally, Mr. Cohen was one of the principal leaders of the "meme stock" movement and owned nearly 10% of the outstanding shares in BBBY by March 2022.  Defendant RC Ventures, LLC ("RC Ventures") is a Delaware limited liability company founded and controlled by Cohen. RC Ventures was used by Cohen to purchase and sell BBBY common stock and call options. Defendant Sue E. Gove ("Gove") served as interim CEO of Bed Bath from June 2022 to October 2022 when she was appointed permanent CEO. Prior to her appointment as CEO, Gove served as a member of Bed Bath's Board of Directors beginning in 2019.

In March 2022, Cohen threatened to take control of Bed Bath's Board of Directors. In an effort to prevent Cohen's takeover, Bed Bath entered into a cooperation agreement with Cohen providing him with three seats on the Board of Directors and an outsized influence over the Board Strategy Committee charged with evaluating options for the future of Buybuy Baby. Due to steep competition in the consumer goods industry, Bed Bath's 2022 financial outlook was dire. Cohen proposed selling Buybuy Baby as a way to remedy the liquidity and credit crisis Bed Bath was facing. The Bed Bath Board of Directors took Cohen's proposal into consideration and ultimately decided not to sell or spinoff Buybuy Baby.

On August 12, 2022, Cohen publicly encouraged retail investors to buy BBBY through misleading statements, filings, and a false Twitter post stating he believed BBBY stock was going "to the moon." Subsequently, Cohen began selling large quantities of his BBBY shares as the stock price dramatically increased. On August 16, 2022, Cohen encouraged retail investors to buy BBBY by strategically filing delayed SEC forms which where due several months earlier and served as a reminder to investors that he owned more than 10% of outstanding BBBY shares. After the market closed on August 16, 2022, Cohen submitted to the SEC a Form 144 regarding his intention to sell shares. Rather than filing the form via the "EDGAR system" which immediately provides investors access, Cohen submitted the form by email which takes at least 24 hours to be published. Cohen's form was publicly released on August 17, 2022, after the market closed. On August 18, 2022, after close of market, Cohen disclosed that he had sold his entire stake in Bed Bath, as a result the stock price plummeted. On August 18, 2022, Bed Bath filed a Current Report and Form 8-K asserting that the Board had reached an agreement with RC Ventures and generally expressing an optimistic outlook on BBBY's price.

On April 23, 2025, Bed Bath filed for bankruptcy in New Jersey. As part of the bankruptcy sale, Bed Bath sold certain intellectual property including its name and website to Overstock.com ("Overstock"). Under the bankruptcy sale, Overstock acquired the assets "free and clear of any and all liens, claims, interests, and encumbrances" and without successor liability. Additionally, the New Jersey bankruptcy court retained exclusive jurisdiction over the terms of the bankruptcy sale order and the purchase agreement.

### III. LEGAL STANDARD

#### A. Dismissal

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. APT Sec. Services,

Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action. . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## IV.    DISCUSSION

The Court now turns to the merits of Defendants' Motions to Dismiss, respectively. Defendants Overstock, Gove, RC Ventures and Cohen move to dismiss Plaintiff's claims.

### A.    Defendant Overstock's Motion to Dismiss

In the Complaint, Plaintiff alleges a cause of action for unjust enrichment against Overstock. Plaintiff argues that Overstock unjustly enriched itself by wrongfully converting, taking, utilizing, or managing the property and financial interests of Plaintiff. Overstock contends that Plaintiff's complaint should be dismissed for improper venue pursuant to FRCP 12(b)(3) or alternatively transferred to the District of New Jersey for referral to its Bankruptcy Court where venue is proper.

#### i.    *FRCP 12(b)(3) - Improper Venue*

A plaintiff bears the burden of establishing personal jurisdiction. Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1168 (9th Cir. 2006). To establish that personal jurisdiction over a defendant is proper, a plaintiff must show (1) that the forum state's long-arm statute confers personal jurisdiction and (2) that the exercise of jurisdiction comports with the constitutional

principles of due process. Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir.2002). Because N.R.S. § 14.065 permits Nevada courts to exercise jurisdiction to the same extent as the Constitution, this Court need only consider the constitutional principles of due process. Walden v. Fiore, 571 U.S. 277, 134 S. Ct. 1115, 1121, 188 L. Ed. 2d 12 (2014). In a civil action, venue is only proper in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). A district court has the authority to dismiss an action if commenced in the improper venue or to transfer it to any other district where it might have been brought. 28 U.S.C. § 1404(a); 28 U.S.C. § 1406(a). The decision whether to transfer a case is within the discretion of the district court and is made under "an individualized, case-by-case consideration of convenience and fairness." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000).

Plaintiff argues that venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391(b) and 15 U.S.C. § 78aa(a). In his Complaint, Plaintiff asserts that the alleged violations occurred in substantial part in the District of Nevada because Defendant Overstock disseminated the alleged materially misleading information on the internet which was accessible in the district. Aside from the allegation that the allegedly misleading information was accessible via the internet in this District, Plaintiff has alleged no facts about Overstock's conduct in Nevada. Defendant argues that venue is improper in the District of Nevada because Plaintiff fails to allege that any Defendants engaged in violative acts in the District of Nevada.

Pursuant to 28 U.S.C. § 1391(b), the Court finds that this district is not the proper venue for this action regarding Overstock. First, all Defendants in this action are not residents of Nevada. Next, plaintiff has not plead that a substantial part of the events or omissions that give rise to this action occurred in Nevada. Finally, this action may be properly brought in the District of New Jersey where there is personal jurisdiction over Overstock, and a substantial part of the events at

issue occurred.

Pursuant to 15 U.S.C. § 78aa(a) any suit or action to enforce any liability or duty created under the Act may be brought in the district where any act or transaction constituting the violation occurred. Securities Investor Protection Corp. v. Vigman, 764 F.2d 1309, 1314 (9th Cir. 1985). In this instance, the Court finds that Plaintiff has not adequately pled that Defendant Overstock's alleged dissemination of misleading information was purposefully directed at Nevada residents. Furthermore, the Court finds that Plaintiff did not adequately plead that Overstock engaged in any violative act within the state of Nevada. Accordingly, the Court grants Overstock's Motion to Dismiss without prejudice based upon improper venue.

### B. Defendant Sue E. Gove's Motion to Dismiss

In the Complaint, Plaintiff alleges Defendant Gove violated Section 10(b) of the Exchange Act and Rule 10b-5(b) promulgated thereunder. Plaintiff asserts that Gove's public disclosure made on August 18, 2022, expressing a positive outlook on Bed Bath's business, operations, and management was misleading and contained material omissions. Gove contends that the disclosure was not false or misleading because it accurately reflected her knowledge and outlook at the time it was made. Additionally, Gove asserts that the Complaint fails to plead the necessary elements of falsity, scienter, and reliance.

Section 10(b) of the Exchange Act, in combination with SEC Rule 10b-5, prohibits "any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security." 17 C.F.R. § 240.10b-5(c). To prevail on a section 10(b) claim, a plaintiff must prove: (1) a material misrepresentation or omission of fact; (2) scienter; (3) a connection with the purchase or sale of a security; (4) transaction and loss causation, and (5) economic loss. Rubke v. Capitol Bancorp, Ltd., 551 F.3d 1156, 1164 (9th Cir. 2009) (citation omitted). At the pleading stage, a complaint asserting claims under section 10(b) and Rule 10b-5 must satisfy the dual pleading requirements of FRCP 9(b) and the PSLRA. Thus, a plaintiff must plead falsity with particularity by specifying each statement alleged to have been misleading, the reason or reasons why the statement was misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint

shall state with particularity all facts on which that belief is formed. 15 U.S.C. § 78u-4(B)(1). Unlike Rule 9(b) the PSLRA also requires a plaintiff to plead scienter with particularity. A plaintiff must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2).

Applying the factors outlined in Rubke the Court finds that Plaintiff has not adequately pled his claim alleging Gove violated section 10(b) of the Exchange Act. First, while Plaintiff asserts that Gove made material misrepresentations, Plaintiff does not specify the reasons why Gove's disclosure was misleading or untrue. Plaintiff merely asserts that Gove made incomplete statements regarding BBBY. Second, the Complaint does not contain facts that show Gove acted with the intent to deceive or with deliberate recklessness as to the possibility of misleading investors. Thus, Plaintiff does not adequately plead scienter. Espy v. J2 Glob., Inc., 99 F.4th 527, 535 (9th Cir. 2024). Third and fourth, Plaintiff does not assert that in reliance on Gove's disclosure he purchased or sold shares of BBBY. Finally, Plaintiff does not allege that he suffered an economic loss as a result of the misrepresentations contained in Gove's disclosure. Accordingly, the Court finds that the Complaint fails state a claim under Section 10(b) of the Exchange Act. Thus, the Court grants Gove's Motion to Dismiss. As the Court finds that the Plaintiff has not sufficiently alleged what could be alleged in an amended pleading that would satisfy the elements of the offense(s), the Court dismisses Gove with prejudice from this action.

### C. Defendants RC Ventures' and Cohen's Motion to Dismiss

Plaintiff asserts that he served Cohen and RC Ventures (the "Cohen Defendants") by way of Ana Gomes at 701 South Carson Street, Suite 200, Carson City, Nevada 89701. The Cohen Defendants assert that Plaintiff did not properly effectuate service of process.

#### i. FRCP 12(b)(5) - Improper Service

The Court may dismiss a complaint under FRCP 12(b)(5) for insufficient service of process. Fed. R. Civ. P. 12(b)(5). Plaintiffs bear the burden of establishing that a defendant was properly served. Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). Under Federal Rule of Civil Procedure 4(m), the Court must dismiss an action without prejudice if a defendant is not served within 90 days of the filing of the complaint. FRCP 4(e) provides that an individual may

be severed by delivering a copy of the summons and of the complaint to the individual personally, leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2). Furthermore, an individual can be served by following the law for serving a summons in the State where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1).

FRCP 4(h) provides that service may be effectuated on a corporation either by the same means as an individual; or by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant. Fed. R. Civ. P. 4(h). The Nevada rule for serving an individual or corporation within Nevada mirrors the Federal Rule. Nev. R. Civ. P. 4.2(a)

The Court finds that Plaintiff did not properly serve the Cohen Defendants under Nevada law or FRCP 4. Plaintiff's proof of service indicates that the summons was served at the Cohen Defendants' residence or usual place of abode with Ana Gomes on November 20, 2024. The Cohen Defendants assert that they do not reside at 701 Carson Street, Carson City, Nevada. Furthermore, they assert that Ana Gomes is not an agent authorized to receive service of process on their behalf. Plaintiff argues that his failure to properly serve the Cohen Defendants is justifiable and requests the Court grant him leave to properly effectuate service of process.

The Court finds that Plaintiff does not meet the burden of proving that he properly served the Cohen Defendants. Thus, the Court grants the Cohen Defendant's Motion to Dismiss without prejudice and grants Plaintiff leave to effectuate proper service of process.

## V.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the [18] Motion to Dismiss is

1  **GRANTED** without prejudice.

2  **IT IS FURTHER ORDERED** that the [31] Motion to Dismiss is **GRANTED** with
3  prejudice.

4  **IT IS FURTHER ORDERED** that the [43] Motion to Dismiss is **GRANTED** without
5  prejudice. Additionally, Plaintiff is **GRANTED** leave to properly effectuate service on the Cohen
6  Defendants. Plaintiff has 10 days to effectuate proper service or the case will be dismissed.

8  **DATED:** September 30, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**