UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

ANTHONY MITCHELL,

    *Plaintiff,*

v.

RYAN COHEN, an individual; ROBINHOOD FINANCIAL LLC, a Delaware Limited Liability Company; ROBINHOOD SECURITIES, LLC, a Delaware Limited Liability Company; ROBINHOOD MONEY, LLC, a Delaware Limited Liability Company; THE DEPOSITORY TRUST & CLEARING CORPORATION, a New York Corporation; 20230930-DK-BUTTERFLY-1, INC., a New York Corporation doing business as BED BATH & BEYOND; OVERSTOCK.COM, INC., a Delaware Corporation doing business as BED BATH & BEYOND; RC VENTURES LLC, a Delaware Limited Liability Company; SUE E. GOVE, an individual,

    *Defendants.*

Case No. 2:24-cv-01042

FILED _____ RECEIVED
ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

OCT -3 2025

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

**PLAINTIFF'S MOTION TO DEEM DEFENDANTS COHEN AND RC VENTURES SERVED, OR IN THE ALTERNATIVE TO COMPEL ACCEPTANCE OF SERVICE, TO ORDER PROVISION OF A VALID ADDRESS, OR TO AUTHORIZE ALTERNATIVE SERVICE BY MAIL**

INTRODUCTION

Plaintiff Anthony Mitchell respectfully moves the Court to deem service of process upon Defendants Ryan Cohen and RC Ventures LLC effective or waived. In the alternative, Plaintiff requests that the Court (a) compel Defendants' counsel of record to accept service or provide a valid physical address for service, or (b) authorize service of process by certified or first-class mail to RC Ventures' P.O. Box and to Ryan Cohen's residence in an access-controlled building (see exhibits A and B.)

Finally, Plaintiff requests a forty-five (45) day extension under Fed. R. Civ. P. 4(m).

Defendants have litigated this case for over a year through counsel, filed substantive motions, and clearly have actual notice of the claims. Yet they frustrate Plaintiff's attempts at proper service by listing only a P.O. Box for RC Ventures and residing in an access-controlled building that blocks process servers for defendant Cohen. These tactics should not allow Defendants to evade accountability while actively invoking the Court's jurisdiction.

BACKGROUND

Plaintiff filed this action on May 29, 2024.

Defendants Cohen and RC Ventures appeared through Williams & Connolly LLP and Nevada local counsel and filed a Motion to Dismiss on December 10, 2024 (ECF No. 43).

On September 30, 2025, the Court dismissed Cohen and RC Ventures without prejudice for insufficient service and granted Plaintiff leave to cure within 10 days (ECF 78).

2
PLAINTIFF'S MOTION TO DEEM DEFENDANTS COHEN AND RC VENTURES SERVED

RC Ventures' official address of record is P.O. Box 25250, PMB 30427, Miami, FL 33102, which is not suitable for personal service under Rule 4. Exhibit A

Cohen resides in a secure, access-controlled building, which has prevented process servers from completing personal service 1114 Avenue of the Americas Fl 32, New York, NY 10036. Exhibit B

Cohen is the CEO of RC Ventures and GameStop. RC ventures avoids service by listing a PO Box as its registered agent address, GameStops Registered agent was properly served in this case and Ryan Cohen is the CEO of GameStop.

Both Cohen and RC Ventures have had actual notice of this action and have actively participated through counsel for more than 1 year.

ARGUMENT

I. Defendants Have Waived Any Service Defect by Substantial Participation

The purpose of Rule 4 is to provide notice, not to create a trap for dismissal. Cohen and RC Ventures have received notice, retained counsel, and defended the case on the merits.

Courts recognize that substantial participation in litigation waives service objections. Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984) (actual notice and lack of prejudice can excuse defects).

Sicre de Fontbrune v. Wofsy, 39 F.4th 1214, 1220–21 (9th Cir. 2022), confirms that voluntary appearance and active litigation waive jurisdictional defenses.

Rule 12(h)(1) requires service objections to be raised at the first opportunity; Defendants delayed while filing substantive motions (ECF 43), thereby waiving this defense.

Allowing dismissal here would elevate form over substance and reward Defendants' evasive tactics.

II. RC Ventures' P.O. Box and Cohen's Gated Residence Frustrate Service

RC Ventures' use of a P.O. Box makes personal service impossible and is inconsistent with Rule 4(e).

Cohen's access-controlled residence prevents process servers from completing service despite attempts.

These barriers demonstrate avoidance of service while continuing litigation through counsel.

III. Counsel of Record Should Be Compelled to Accept Service or Provide a Valid Address

Defendants' counsel have already appeared and filed substantive motions.

Requiring Plaintiff to pursue elusive service wastes resources when counsel are fully capable of accepting service.

The Court has inherent authority to direct counsel to accept service or provide a valid physical address. See Fed. R. Civ. P. 4(d) (imposing duty to waive service to avoid unnecessary expense).

IV. In the Further Alternative, Court Should Permit Alternative Service by Mail

Rule 4(e)(1) authorizes service by methods permitted under state law. Nevada Rule of Civil Procedure 4.2(d)(1)(A) allows any method "reasonably calculated to give actual notice."

The Ninth Circuit has held that courts may authorize alternative service where traditional methods are impracticable. Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1016 (9th Cir. 2002).

RC Ventures' official P.O. Box is the only available address of record. Service by certified mail (or regular mail if certified is refused) is reasonably calculated to give notice.

Cohen's access controlled residence similarly justifies mail service, especially since he already has actual notice through counsel.

V. Good Cause Exists for Extension Under Rule 4(m)

Even if the Court declines all other relief, good cause exists for an extension. Plaintiff has diligently attempted service, but Defendants' evasiveness has made compliance impracticable.

A 45-day extension is appropriate to allow completion of whichever method the Court authorizes.

RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

Deem Defendants Ryan Cohen and RC Ventures, LLC served or having waived service based on their actual notice, litigation conduct, and waiver by participation;

In the alternative, compel Defendants' counsel of record to accept service or provide a valid physical address;

In the further alternative, authorize Plaintiff to effect service as follows:

RC Ventures, LLC: by certified mail, return receipt requested, to P.O. Box 25250, PMB 30427, Miami, FL 33102; and, if certified mail is refused, by regular first-class mail.

Ryan Cohen: by certified mail, return receipt requested, to his residence within the access-controlled building where service has been denied; and, if certified mail is refused, by regular first-class mail.

Extend Plaintiff's time to serve by forty-five (45) days pursuant to Rule 4(m); and

Grant such other relief as the Court deems just and proper.

CONCLUSION

Cohen and RC Ventures cannot simultaneously litigate this case and evade service. The Court should deem them served, compel counsel to accept service, or authorize alternative service by mail. At a minimum, Plaintiff should be granted an extension of time.

Respectfully submitted,

[Plaintiff's Pro Se]

Date: 09/30/2025

ANTHONY MITCHELL, pro se

## CERTIFICATE OF SERVICE

I CERTIFY that on September 30, 2025, I caused a true and correct copy of the foregoing PLAINTIFF'S MOTION TO DEEM DEFENDANTS COHEN AND RC VENTURES SERVED, OR IN THE ALTERNATIVE TO COMPEL ACCEPTANCE OF SERVICE, TO ORDER PROVISION OF A VALID ADDRESS, OR TO AUTHORIZE ALTERNATIVE SERVICE BY MAIL to be filed with the Clerk of the Court and serving on all parties of record via email.

Dated: September 30, 2025

Respectfully submitted,

_____
ANTHONY MITCHELL, Pro se

# EXHIBIT A

SEC Home » Company Search » **Current Page**

Form SCHEDULE 13D/A - General Statement of Acquisition of Beneficial Ownership: [Amend]   SEC Accession No. 0000921895-25-000190

**Filing Date**
2025-01-29
**Accepted**
2025-01-29 16:05:22
**Documents**
1

**Document Format Files**

| Seq | Description | Document | Type | Size |
|---|---|---|---|---|
| 1 | | primary_doc.html | SCHEDULE 13D/A | |
| 1 | | primary_doc.xml | SCHEDULE 13D/A | 7490 |
| | Complete submission text file | 0000921895-25-000190.txt | | 9252 |

**GameStop Corp. (Subject)** CIK: 0001326380 (see all company filings)

EIN: 000000000 | State of Incorp.: **DE** | Fiscal Year End: **0201**
Type: **SCHEDULE 13D/A** | Act: **34** | File No.: 005-81055 | Film No.: **25569348**
SIC: 5734 Retail-Computer & Computer Software Stores
(CF Office: 07 Trade & Services)

Business Address
625 WESTPORT PARKWAY
GRAPEVINE
TX
76051
817-424-2000

Mailing Address
625 WESTPORT PARKWAY
GRAPEVINE
TX
76051

**RC Ventures LLC (Filed by)** CIK: 0001822844 (see all company filings)

EIN: 000000000 | State of Incorp.: **DE** | Fiscal Year End: **1231**
Type: **SCHEDULE 13D/A**

Business Address
PO BOX 25250
PMB 30427
MIAMI
FL
33102
212-986-6000

Mailing Address
PO BOX 25250
PMB 30427
MIAMI
FL
33102

# EXHIBIT B



A M <realanthonymitchell@gmail.com>

## Service Attempted for Reference ID Bed Bath And Beyond
2 messages

noreply@abclegal.com <noreply@abclegal.com>    Fri, Aug 9, 2024 at 1:21 PM
To: realanthonymitchell@gmail.com



Hello,

Your process server attempted to serve **Ryan Cohen**.

While we weren't able to serve the documents this time, we will continue making attempts until diligence is met or the documents are served.

**Reference ID:** Bed Bath And Beyond
**Case #:** 2:24-CV-01042-RFB-DJA
**Your Process Server:** Ismael Eldeweuk
**Date / Time:** August 09 2024 04:17 PM
**Address:** 1114 Avenue of the Americas Fl 32, New York, NY 10036
**Outcome:** I was unable to access the address due to secured building although I contacted apartment office and waited. Please be mindful because this service is not adding up. The service says that subject resides at the address. The address is a multi unit business commercial building. No one resides here!!! Once again THIS IS A COMMERCIAL BUILDING. SUBSTITUTE SERVICE IS NOT ALLOWED AT BUSINESS LOCATION. Non Service

Sign in to:

- See real-time status updates 24/7
- Review attempt GPS Coordinates
- Review or download the attempt photo

Questions? Visit our FAQ page to learn more.

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY MITCHELL,<br><br>               *Plaintiff*,<br><br>v.<br><br>RYAN COHEN, an individual; ROBINHOOD FINANCIAL LLC, a Delaware Limited Liability Company; ROBINHOOD SECURITIES, LLC, a Delaware Limited Liability Company; ROBINHOOD MONEY, LLC, a Delaware Limited Liability Company; THE DEPOSITORY TRUST & CLEARING CORPORATION, a New York Corporation; 20230930-DK-BUTTERFLY-1, INC., a New York Corporation doing business as BED BATH & BEYOND; OVERSTOCK.COM, INC., a Delaware Corporation doing business as BED BATH & BEYOND; RC VENTURES LLC, a Delaware Limited Liability Company; SUE E. GOVE, an individual,<br><br>               *Defendants.* | Case No. 2:24-cv-01042 |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DISMISSING DEFENDANT OVERSTOCK.COM, INC. (ECF 78)**

**INTRODUCTION**

    Plaintiff Anthony Mitchell respectfully moves for reconsideration under Fed. R. Civ. P. 59(e) and Local Rule 59-1 of the Court's September 30, 2025 Order (ECF 78), which dismissed

1
PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER (ECF 78)

claims against Overstock.com, Inc. ("Overstock," now Beyond, Inc.) for improper venue. The Court's order suggested that the proper venue for Plaintiff's claims lies in the New Jersey bankruptcy court. This was clear error because Overstock itself is not a debtor in bankruptcy proceedings, and Plaintiff's claims arise from Overstock's independent post-bankruptcy conduct.

Moreover, Overstock has already voluntarily appeared and actively litigated this case through counsel. Under binding Ninth Circuit authority, substantial participation in litigation waives jurisdictional and venue objections. See Sicre de Fontbrune v. Wofsy, 39 F.4th 1214, 1220–21 (9th Cir. 2022). Reconsideration is therefore warranted to prevent manifest injustice and to correct clear legal error.

ARGUMENT

I. Overstock Is Not in Bankruptcy and Is Independently Liable

Overstock acquired Bed Bath & Beyond assets in a bankruptcy sale but did not itself file for bankruptcy protection.

Plaintiff's claims against Overstock arise from Overstock's own statements, conduct, and unjust enrichment following the acquisition — not from enforcing or challenging the New Jersey bankruptcy sale order.

Because Overstock is a solvent, publicly traded Delaware corporation operating nationwide, it cannot claim bankruptcy venue protection. Requiring Plaintiff to litigate in bankruptcy court against a non-debtor is improper.

II. Venue Is Proper in This District Under the Securities Exchange Act

Section 27 of the Exchange Act (15 U.S.C. § 78aa(a)) permits venue "in any district wherein any act or transaction constituting the violation occurred" or where the defendant "is found or transacts business."

Overstock disseminated press releases, filings, and statements nationwide, including into Nevada. Plaintiff, a Nevada resident and investor, accessed and relied on those materials here.

Courts recognize that securities violations transmitted via the internet into a forum district satisfy § 78aa. See SEC v. Ross, 504 F.3d 1130, 1140 (9th Cir. 2007) (broad venue under Exchange Act).

III. Overstock Waived Venue and Jurisdiction Defenses Through Active Litigation

Even if Overstock could have challenged venue, it waived that defense by voluntarily appearing and litigating this case.

The Ninth Circuit has confirmed that "a party waives jurisdictional objections through substantial participation in litigation." Sicre de Fontbrune v. Wofsy, 39 F.4th 1214, 1220–21 (9th Cir. 2022).

Here, Overstock, represented by counsel, joined other Defendants in filing dispositive motions (ECF 43), addressing the merits and seeking dismissal. Having invoked the Court's jurisdiction for substantive relief, Overstock cannot now avoid venue on technical grounds.

IV. Dismissal Without Prejudice Imposes Unwarranted Burden and Prejudice

Requiring Plaintiff to refile in New Jersey creates unnecessary cost and delay, despite Overstock's nationwide business operations and active defense in this Court.

Rule 1 directs the Federal Rules to be applied to secure the "just, speedy, and inexpensive" resolution of cases. Retaining Overstock in this action furthers efficiency and fairness.

## RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

Reconsider and vacate the portion of its September 30, 2025 Order (ECF 78) dismissing Overstock.com, Inc. for improper venue;

Reinstate Plaintiff's claims against Overstock in this District; and

Grant such other relief as the Court deems just and proper.

## CONCLUSION

Overstock is not a debtor in bankruptcy, its securities-related conduct reached investors in Nevada, and it has waived any venue defense by actively litigating this case. Dismissing Overstock to bankruptcy court was clear error. Plaintiff therefore respectfully asks the Court to reconsider and reinstate Overstock as a Defendant.

Respectfully submitted,

[Plaintiff's Pro Se]

Date: 09/30/2025

ANTHONY MITCHELL, pro se

## CERTIFICATE OF SERVICE

I CERTIFY that on September 30, 2025, I caused a true and correct copy of the foregoing PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DISMISSING DEFENDANT OVERSTOCK.COM, INC. (ECF 78) to be filed with the Clerk of the Court and serving on all parties of record via email.

Dated: September 30, 2025

Respectfully submitted,

_____
ANTHONY MITCHELL, Pro se

KYTIERRA CLARK
7028840475
MAKEAMOM
618 PAINTED OPUS PL
N LAS VEGAS NV 89084

1 LBS
DWT: 12,7,1

SHIP TO:
CLERKS OFFICE
333 LAS VEGAS BLVD S
LAS VEGAS NV 89101-7065

NV 891 9-15

UPS 2ND DAY AIR
TRACKING #: 1Z E25 D30 02 3272 3392

2

BILLING: 3RD PARTY

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY: _____ DEPUTY