FILED ___ RECEIVED
ENTERED ___ SERVED ON
10/06/2025
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

ANTHONY MITCHELL,

        *Plaintiff,*

    v.

RYAN COHEN, an individual;
ROBINHOOD FINANCIAL LLC, a
Delaware Limited Liability Company;
ROBINHOOD SECURITIES, LLC, a
Delaware Limited Liability Company;
ROBINHOOD MONEY, LLC, a Delaware
Limited Liability Company; THE
DEPOSITORY TRUST & CLEARING
CORPORATION, a New York Corporation;
20230930-DK-BUTTERFLY-1, INC., a New
York Corporation doing business as BED
BATH & BEYOND; OVERSTOCK.COM,
INC., a Delaware Corporation doing business
as  BED BATH & BEYOND; RC
VENTURES LLC, a Delaware Limited
Liability Company; SUE E. GOVE, an
individual,

        *Defendants*.

Case No. 2:24-cv-01042

---

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DISMISSING**

**DEFENDANT OVERSTOCK.COM, INC. (ECF 78)**

**INTRODUCTION**

    Plaintiff Anthony Mitchell respectfully moves for reconsideration under Fed. R. Civ. P.

59(e) and Local Rule 59-1 of the Court's September 30, 2025 Order (ECF 78), which dismissed

claims against Overstock.com, Inc. ("Overstock," now Beyond, Inc.) for improper venue. The Court's order suggested that the proper venue for Plaintiff's claims lies in the New Jersey bankruptcy court. This was clear error because Overstock itself is not a debtor in bankruptcy proceedings, and Plaintiff's claims arise from Overstock's independent post-bankruptcy conduct.

Moreover, Overstock has already voluntarily appeared and actively litigated this case through counsel. Under binding Ninth Circuit authority, substantial participation in litigation waives jurisdictional and venue objections. See Sicre de Fontbrune v. Wofsy, 39 F.4th 1214, 1220–21 (9th Cir. 2022). Reconsideration is therefore warranted to prevent manifest injustice and to correct clear legal error.

ARGUMENT

I. Overstock Is Not in Bankruptcy and Is Independently Liable

Overstock acquired Bed Bath & Beyond assets in a bankruptcy sale but did not itself file for bankruptcy protection.

Plaintiff's claims against Overstock arise from Overstock's own statements, conduct, and unjust enrichment following the acquisition — not from enforcing or challenging the New Jersey bankruptcy sale order.

Because Overstock is a solvent, publicly traded Delaware corporation operating nationwide, it cannot claim bankruptcy venue protection. Requiring Plaintiff to litigate in bankruptcy court against a non-debtor is improper.

II. Venue Is Proper in This District Under the Securities Exchange Act

Section 27 of the Exchange Act (15 U.S.C. § 78aa(a)) permits venue "in any district wherein any act or transaction constituting the violation occurred" or where the defendant "is found or transacts business."

Overstock disseminated press releases, filings, and statements nationwide, including into Nevada. Plaintiff, a Nevada resident and investor, accessed and relied on those materials here.

Courts recognize that securities violations transmitted via the internet into a forum district satisfy § 78aa. See SEC v. Ross, 504 F.3d 1130, 1140 (9th Cir. 2007) (broad venue under Exchange Act).

III. Overstock Waived Venue and Jurisdiction Defenses Through Active Litigation

Even if Overstock could have challenged venue, it waived that defense by voluntarily appearing and litigating this case.

The Ninth Circuit has confirmed that "a party waives jurisdictional objections through substantial participation in litigation." Sicre de Fontbrune v. Wofsy, 39 F.4th 1214, 1220–21 (9th Cir. 2022).

Here, Overstock, represented by counsel, joined other Defendants in filing dispositive motions (ECF 43), addressing the merits and seeking dismissal. Having invoked the Court's jurisdiction for substantive relief, Overstock cannot now avoid venue on technical grounds.

IV. Dismissal Without Prejudice Imposes Unwarranted Burden and Prejudice

Requiring Plaintiff to refile in New Jersey creates unnecessary cost and delay, despite Overstock's nationwide business operations and active defense in this Court.

PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER (ECF 78)

Rule 1 directs the Federal Rules to be applied to secure the "just, speedy, and inexpensive" resolution of cases. Retaining Overstock in this action furthers efficiency and fairness.

RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

Reconsider and vacate the portion of its September 30, 2025 Order (ECF 78) dismissing Overstock.com, Inc. for improper venue;

Reinstate Plaintiff's claims against Overstock in this District; and

Grant such other relief as the Court deems just and proper.

CONCLUSION

Overstock is not a debtor in bankruptcy, its securities-related conduct reached investors in Nevada, and it has waived any venue defense by actively litigating this case. Dismissing Overstock to bankruptcy court was clear error. Plaintiff therefore respectfully asks the Court to reconsider and reinstate Overstock as a Defendant.

Respectfully submitted,

[Plaintiff's Pro Se]

Date: 09/30/2025

_____

ANTHONY MITCHELL, pro se

## CERTIFICATE OF SERVICE

I CERTIFY that on September 30, 2025, I caused a true and correct copy of the foregoing

PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DISMISSING

DEFENDANT OVERSTOCK.COM, INC. (ECF 78) to be filed with the Clerk of the Court and

serving on all parties of record via email.

Dated: September 30, 2025                          Respectfully submitted,

                                                   _____

                                                   ANTHONY MITCHELL, Pro se

PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER (ECF 78)