Kelly A. Evans, Esq. (SBN 7691)
David W. Gutke, Esq. (SBN 9820)
**EVANS FEARS SCHUTTERT MCNULTY MICKUS**
6720 Via Austi Parkway, Suite 300
Las Vegas, NV 89119
Telephone: (702) 805-0290
kevans@efsmmlaw.com
dgutke@efsmmlaw.com

Dane H. Butswinkas (*pro hac vice*)
Steven M. Farina (*pro hac vice*)
Madeline C. Prebil (*pro hac vice*)
Jenna L. Romanowski (*pro hac vice*)
**WILLIAMS & CONNOLLY LLP**
680 Maine Ave. SW
Washington, DC 20024
Telephone: (202) 434-5000
dbutswinkas@wc.com
sfarina@wc.com
mprebil@wc.com
jromanowski@wc.com

*Attorneys for Defendants RC Ventures LLC and Ryan Cohen*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY MITCHELL, <br><br> Plaintiff, <br><br> v. <br><br> RYAN COHEN, an individual; ROBINHOOD FINANCIAL LLC, a Delaware Limited Liability Company; ROBINHOOD SECURITIES, LLC, a Delaware Limited Liability Company; ROBINHOOD MONEY, LLC, a Delaware Limited Liability Company; THE DEPOSITORY TRUST & CLEARING CORPORATION, a New York Corporation; 20230930-DK-BUTTERFLY-1, INC., a New York Corporation doing business as BED BATH & BEYOND; OVERSTOCK.COM, INC., a Delaware Corporation doing business as BED BATH & BEYOND; RC VENTURES LLC, a Delaware Limited Liability Company; SUE E. GOVE, an individual, <br><br> Defendants. | Case No. 2:24-cv-01042-RFB-DJA <br><br> **DEFENDANTS RC VENTURES LLC'S AND RYAN COHEN'S OPPOSITION TO PLAINTIFF'S MOTION TO DEEM THEM SERVED, OR IN THE ALTERNATIVE TO COMPEL ACCEPTANCE OF SERVICE, TO ORDER PROVISION OF A VALID ADDRESS, OR TO AUTHORIZE ALTERNATIVE SERVICE BY MAIL** |

**INTRODUCTION**

Plaintiff's motion, ECF No. 79 ("Mot."), reiterates his view that he should be excused from properly serving Ryan Cohen and RC Ventures, LLC (collectively, "the Cohen Defendants"). But the Court already considered and rejected those arguments, ECF Nos. 16, 34, concluding instead that Plaintiff must adhere to the service requirements of the Federal Rules of Civil Procedure.

Plaintiff failed to do so. As this Court made clear, "Plaintiff did not properly serve the Cohen Defendants under Nevada law or FRCP 4." ECF No. 78 at 8. This Court therefore "grant[ed] the Cohen Defendant's Motion to Dismiss without prejudice," while nonetheless "grant[ing] Plaintiff leave to effectuate proper service of process." *Id.* This Court said it would give Plaintiff "10 days to effectuate proper service" and then—absent proper service—dismiss his complaint. *Id.* at 9.

Those ten days have elapsed. And Plaintiff did not use them to effectuate proper service, instead filing a motion rehashing his argument that the Federal Rules' service requirements should not apply to him. *See generally* Mot. Because Plaintiff proved unwilling or unable to establish personal jurisdiction over the Cohen Defendants, this Court must dismiss the complaint.

**ARGUMENT**

Plaintiff's motion is factually and legally meritless.

Start with the facts. Plaintiff contends the Cohen Defendants "have litigated this case for over a year through counsel[ and] filed substantive motions." Mot. at 2. Plaintiff also asserts the Cohen Defendants waived service objections that must "be raised at the first opportunity" by filing "substantive motions." Mot. at 3 (citing ECF No. 43).

The docket puts the truth to Plaintiff's claims: The only "substantive motion[]," *id.*, that the Cohen Defendants filed is a motion to dismiss *for insufficient service of process*. ECF No. 43. While reserving all substantive defenses, counsel for the Cohen Defendants entered appearances

to establish a single, threshold proposition: That Plaintiff failed to properly serve and thus lacks personal jurisdiction over the Cohen Defendants. *Id*. By "rais[ing] the issue of personal jurisdiction in a timely motion to dismiss," the Cohen Defendants satisfied the "requirements of Rule 12." *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1319 (9th Cir. 1998).

The Cohen Defendants have made no substantive arguments in this action. And notwithstanding Plaintiff's "Catch-22" logic, the Federal Rules do not deprive a defendant of his procedural right to service of process merely because the defendant protests that he was not properly served. *Id.*; *see also W. Institutional Rev. Bd., Inc. v. Jenkins*, 2018 WL 1811364, at *3 (W.D. Wash. Apr. 17, 2018) ("[A] defendant's notice of appearance prior to filing a motion to dismiss does not constitute a waiver of personal jurisdiction, as long as the defense is raised in an instant motion to dismiss.").

Plaintiff's legal arguments are equally misguided. Plaintiff references *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984). Mot. at 3. But the Cohen Defendants already explained that *Borzeka* is inapplicable because Plaintiff offered no "justifiable excuse for the failure to serve properly," nor explained how he "would be severely prejudiced if his complaint were dismissed." ECF No. 46 at 3 (quoting *Borzeka*, 739 F.2d at 447). This case also bears no resemblance to *De Fontbrune v. Wofsy*, 39 F.4th 1214 (9th Cir. 2022), where a defendant forfeited his right to contest personal jurisdiction by actively litigating the action in the foreign court. *See* Mot. at 3 (citing *Fontbrune*, 39 F.4th at 1220–21). The defendant there litigated the substance of the foreign court's judgment using a mechanism invokable "only for a limited set of reasons, including the discovery of false statements or certain documents" and "available only to one who has been a party to the judgment." *Fontbrune*, 39 F.4th at 1229. Here, the Cohen Defendants have reserved any argument about the substance of Plaintiff's claims, noting only that Plaintiff lacks jurisdiction to press them.

**COHEN DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION (ECF NO. 79)**

2

At bottom, Plaintiff's motion functions as a request for reconsideration. It recycles previously rejected excuses for Plaintiff's failure to effectuate service, *see* ECF Nos. 13, 16, 29, 34, and asks the Court to nullify its order requiring Plaintiff to execute service within 10-days. But Plaintiff cites *no* grounds for reconsideration, much less the "clear error" or "manifest injustice" required to revisit this Court's reasoned decision. *Mut. Life Ins. Co. of New York v. Pointe Tapatio Resort Props. No. 1 Ltd. P'ship*, 206 F.R.D. 495, 497 (D. Ariz. 2002).

Because Plaintiff did not "properly effectuate service on the Cohen Defendants" within "10 days" of this Court's order dated September 30, 2025, "the case [must] be dismissed." ECF No. 78 at 9.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's motion (ECF No. 79), dismiss Plaintiff's claims against the Cohen Defendants, and close the case.

Dated: October 17, 2025.   **EVANS FEARS SCHUTTERT MCNULTY MICKUS**

*/s/ David W. Gutke*
Kelly A. Evans, Esq. (SBN 7691)
David W. Gutke, Esq. (SBN 9820)
6720 Via Austi Parkway, Suite 300
Las Vegas, NV 89119

Dane H. Butswinkas (*pro hac vice*)
Steven M. Farina (*pro hac vice*)
Madeline C. Prebil (*pro hac vice*)
Jenna L. Romanowski (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Ave. SW
Washington, DC 20024

*Attorneys for Defendants RC Ventures LLC and Ryan Cohen*

**COHEN DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION (ECF NO. 79)**

3

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on October 17, 2025, a true and correct copy of the foregoing **DEFENDANTS RC VENTURES LLC'S AND RYAN COHEN'S OPPOSITION TO PLAINTIFF'S MOTION (ECF NO. 79)** was served electronically on all counsel of record and Plaintiff Anthony Mitchell via CM-ECF.

                                      */s/ Faith Radford*
                                      An employee of Evans Fears Schuttert McNulty Mickus