| | |
|---|---|
| 1 | Todd L. Bice, Bar No. 4534 |
|   | TLB@pisanellibice.com |
| 2 | Emily A. Buchwald, Bar No. 13342 |
|   | EAB@pisanellibice.com |
| 3 | PISANELLI BICE, PLLC |
|   | 400 S. 7th Street, Suite 300 |
| 4 | Las Vegas, Nevada 89101 |
|   | Telephone: (702) 214-2100 |
| 5 | tlb@pisanellibice.com |

Eric R. Swibel
LATHAM & WATKINS LLP
330 North Wabash Avenue, Ste. 2800
Chicago, Illinois 60611
Telephone: (312) 777-7185
Eric.Swibel@lw.com

*Attorneys for Defendant Bed Bath & Beyond, Inc. (f/k/a Overstock.com, Inc. and Beyond, Inc.)*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Anthony Mitchell,<br><br>             Plaintiff,<br><br>v.<br><br>Ryan Cohen, an individual; Robinhood Financial LLC, a Delaware Limited Liability Company; Robinhood Securities, LLC, a Delaware Limited Liability Company; Robinhood Money, LLC, a Delaware Limited Liability Company; The Depository Trust & Clearing Corporation, a New York Corporation; 20230930-DK-Butterfly-1, Inc., a New York Corporation doing business as Bed Bath & Beyond; Overstock.com, Inc., a Delaware Corporation doing business as Bed Bath & Beyond; RC Ventures LLC, a Delaware Limited Liability Company; Sue E. Gove, an individual,<br><br>             Defendants. | CASE NO. 2:24-cv-01042-RFB-DJA<br><br>**OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANT BEYOND, INC.'S (F/K/A OVERSTOCK.COM, INC.) MOTION TO DISMISS** |

I. INTRODUCTION

Plaintiff's Motion for Reconsideration (*see* Dkt. No. 80,[1] the "Motion") is frivolous and should be denied because Plaintiff fails to demonstrate any error in the Court's order granting Defendant Bed Bath & Beyond, Inc.'s (f/k/a Overstock.com, Inc. and Beyond, Inc.[2]) ("Beyond") Motion to Dismiss for improper venue (*see* Dkt. No. 78, the "Order"), let alone any "clear error" that would constitute proper grounds for reconsideration.

II. ARGUMENT

    A. **Plaintiff's Motion Should Be Denied Because the Court Did Not Commit "Clear Error" in Granting Beyond's Motion to Dismiss, and Plaintiff Presents No Other Valid Reason for Reconsideration.**

"Reconsideration is an extraordinary remedy, to be used sparingly." *Tomahawk Mfg., Inc. v. Spherical Indus., Inc.*, 2025 WL 2613861, at *3 (D. Nev. Sept. 9, 2025). A motion for reconsideration is appropriate only if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Bartell Ranch LLC v. McCullough,* 570 F. Supp. 3d 945, 948 (D. Nev. 2021) (quoting *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). The party seeking reconsideration "must set forth some valid reason why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Id.* (internal quotations and citation omitted).

Here, Plaintiff argues the Court committed "clear error" in finding that venue would be proper in New Jersey and that it is improper in Nevada. *See* Motion at 2–3. Plaintiff also now argues for the first time that Beyond waived its ability to contest venue and that dismissal "creates

---

[1] Plaintiff filed this same Motion for Reconsideration three times. *See* Dkt. No. 80 (filed on October 3, 2025); Dkt. No. 81 (filed on October 6, 2025); Dkt. No. 82 (filed on October 7, 2025). Each filing certifies that it was served to all parties of record via email on September 30, 2025, but counsel for Beyond received no such service on September 30, and instead only received the ECF filing notification on October 3, 2025.

[2] Defendant respectfully requests the Court to take notice that, effective August 29, 2025, it changed its corporate name from Beyond, Inc. to Bed Bath & Beyond, Inc. *See Beyond, Inc. Changes Name to Bed Bath & Beyond, Inc. and Reclaims Ticker Symbol BBBY*, BED BATH & BEYOND (Aug. 18, 2025), https://investors.beyond.com/news-events/press-releases/news-details/2025/Beyond-Inc--Changes-Name-to-Bed-Bath--Beyond-Inc--and-Reclaims-Ticker-Symbol-BBBY/default.aspx. The company's name change has no effect on the Motion for Reconsideration; Beyond notes it only in the interest of precision.

unnecessary cost and delay." *Id.* at 3–4. For the reasons set forth below, reconsideration is not warranted.

*First*, the Court did not commit clear error in finding that "this action may be properly brought in the District of New Jersey" or that venue is improper in Nevada. Order at 5–6. As Beyond detailed in its Motion to Dismiss, venue is proper only in the District of New Jersey because the Bankruptcy Court for the District of New Jersey retained exclusive jurisdiction over claims relating to Beyond's purchase of legacy Bed Bath & Beyond Inc.'s intellectual property, which is the basis for Plaintiff's claims against Beyond. *See* Dkt. No. 18 (the "Motion to Dismiss") at 8-11; *see also* Order at 5–6 (holding that "this action may be properly brought in the District of New Jersey where there is personal jurisdiction over Overstock, and a substantial part of the events at issue occurred").

The Court noted correctly that Plaintiff has "alleged no facts about Overstock's conduct in Nevada"; "has not plead that a substantial part of the events or omissions that give rise to this action occurred in Nevada"; "has not adequately pled that Defendant Overstock's alleged dissemination of misleading information was purposefully directed at Nevada residents"; and "Plaintiff did not adequately plead that Overstock engaged in any violative act within the state of Nevada." Order at 5–6.

Now, Plaintiff baldly asserts that venue is not proper in the District of New Jersey because his claims relate to Beyond's "independent post-bankruptcy conduct." Motion at 2. However, Plaintiff cites no allegations in the Complaint—because none exist—related to any post-bankruptcy conduct in Nevada that would be sufficient grounds for venue. And as the Bankruptcy Court's Order approving Beyond's asset purchase (Dkt. No. 18-1, the "Sale Order") provides, Beyond purchased the intellectual property in good faith, Sale Order ¶¶ N–O, "free and clear of any and all liens, claims, interests, and encumbrances," *id.* ¶ S, and with no successor liability with respect to legacy Bed Bath & Beyond, *id.* ¶¶ 13–16. Despite this, Plaintiff includes only one sentence about Beyond disseminating materials into Nevada over the Internet, which the Court considered and properly rejected as insufficient to establish venue in this District—and that is

separate from the fact that the U.S. Bankruptcy Court for the District of New Jersey retained exclusive jurisdiction over claims like Plaintiff's that relate to legacy Bed Bath & Beyond. *Compare* Dkt. No. 23 at 4 (alleging proper venue based on "the dissemination of materially misleading information on the Internet that was accessible in this District") *with* Motion at 3 ("Overstock disseminated press releases, filings, and statements nationwide, including into Nevada."); *see also* Order at 5 ("Aside from [Plaintiff's] allegation that the allegedly misleading information was accessible via the internet in this District, Plaintiff has alleged no facts about Overstock's conduct in Nevada"); Sale Order ¶ 38.  The Court got it right.

Further, Plaintiff's assertions that Beyond "cannot claim bankruptcy venue protection" because it is a solvent corporation and that it would be "improper" to require him to litigate against a non-debtor in bankruptcy court are patently false; non-debtor corporations may litigate issues "arising under" or "relating to" a bankruptcy in bankruptcy court—and the Bankruptcy Court expressly retained exclusive jurisdiction for claims relating to Beyond' purchase of intellectual property, which is true of Plaintiff's claims. [3]  *See* Motion to Dismiss at 11–14; *see also, e.g., Tulacro v. Chrysler Grp., LLC*, 2011 WL 13227751 (C.D. Cal. Feb. 2, 2011) (transferring claims against non-debtor corporation to bankruptcy court because adjudicating the claims required interpretation of a bankruptcy sale order and asset purchase agreement); Sale Order ¶ 38.  The Court therefore did not err when it found that Plaintiff may bring his claims in the Bankruptcy Court for the District of New Jersey.  In short, reconsideration is inappropriate because Plaintiff merely rehashes old arguments in the hopes of a better outcome. *See Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 670 (D. Nev. 2013) ("[M]otions for reconsideration are not the proper vehicles for rehashing old arguments and are not intended to give an unhappy litigant one additional chance to sway the judge." (citation omitted) (alteration in original)).

*Second*, Plaintiff's claim that Beyond waived jurisdictional and venue arguments is baseless because Beyond's only participation in this litigation has been to *challenge* proper venue

---

[3] The only new legal authority cited by Plaintiff as grounds for reconsideration expressly did not reach issues of venue. *See S.E.C. v. Ross*, 504 F.3d 1130, 1140 n. 11 (9th Cir. 2007) ("[Defendant] has challenged venue in the District of Oregon. Because of our disposition on jurisdictional grounds, we do not reach this question.").

and service pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(5). *See* Motion at 3. Beyond followed the proper procedures to *challenge* venue, which does not waive its venue defense. *See* Fed. R. Civ. P. 12(h)(1).

*Third*, dismissing Plaintiff's claims against Beyond avoids "unnecessary cost and delay." *See* Motion at 3.[4] As the Court noted, "a substantial part of the events at issue occurred" in the District of New Jersey, Order at 5–6, including the only connection Beyond has to this litigation— its purchase of certain assets from legacy Bed Bath and Beyond, Inc. at a bankruptcy sale there. *See* Motion to Dismiss at 14. Adjudicating Plaintiff's claims in that District would therefore be more "just, speedy, and inexpensive" than in a forum in which none of the conduct at issue occurred. *See* Fed. R. Civ. P. 1; Order at 5–6.

### III.  CONCLUSION

For the reasons discussed above, Beyond respectfully requests the Court deny Plaintiff's motion for reconsideration.

DATED: October 17, 2025           By:   */s/ Emily A. Buchwald*
                                        Todd L. Bice, Bar No. 4534
                                        TLB@pisanellibice.com
                                        Emily A. Buchwald, Bar No. 13342
                                        EAB@pisanellibice.com
                                        PISANELLI BICE, PLLC
                                        400 S. 7th Street, Suite 300
                                        Las Vegas, Nevada 89101
                                        Telephone:  (702) 214-2100
                                        tlb@pisanellibice.com

                                        Eric R. Swibel
                                        LATHAM & WATKINS LLP
                                        330 North Wabash Avenue, Ste. 2800
                                        Chicago, Illinois 60611
                                        Telephone: (312) 777-7185
                                        Eric.Swibel@lw.com

                                        *Attorneys for Defendant Beyond, Inc. (f/k/a Overstock.com, Inc.*

---

[4] As a threshold matter, Plaintiff failed to raise this argument in his opposition to Beyond's motion to dismiss, so the Court should exercise its discretion to not consider it. *See Bartell Ranch*, 570 F. Supp. 3d at 948–49 ("A district court has discretion not to consider arguments that were not raised until a motion for reconsideration without a good excuse for the delay.").

# CERTIFICATE OF SERVICE

I certify that I am an employee of Pisanelli Bice, PLLC, and that on the 17th day of October 2025, I caused a true and correct copy of the foregoing **OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANT BEYOND, INC.'S (F/K/A OVERSTOCK.COM, INC.) MOTION TO DISMISS** to be electronically filed with the Clerk of the Court by using CM/ECF service and serving on all parties of record via U.S. Mail as follows:

Anthony Mitchell
412 Viewmont
Henderson, NV 89015

*Pro Se*

/s/ Téa Rivera
An employee of Pisanelli Bice, PLLC