UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY MITCHELL,<br><br>*Plaintiff*,<br><br>v.<br><br>RYAN COHEN, an individual; ROBINHOOD FINANCIAL LLC, a Delaware Limited Liability Company; ROBINHOOD SECURITIES, LLC, a Delaware Limited Liability Company; ROBINHOOD MONEY, LLC, a Delaware Limited Liability Company; THE DEPOSITORY TRUST & CLEARING CORPORATION, a New York Corporation; 20230930-DK-BUTTERFLY-1, INC., a New York Corporation doing business as BED BATH & BEYOND; OVERSTOCK.COM, INC., a Delaware Corporation doing business as BED BATH & BEYOND; RC VENTURES LLC, a Delaware Limited Liability Company; SUE E. GOVE, an individual,<br><br>*Defendants*. | Case No. 2:24-cv-01042 |

NOTICE OF SUPPLEMENTAL EXHIBIT

IN SUPPORT OF PLAINTIFF'S MOTION

FOR RECONSIDERATION (ECF No. 80)

Plaintiff Anthony Mitchell, pro se, respectfully submits this Notice of Supplemental

Exhibit in further support of his pending Motion for Reconsideration (ECF No. 80) of the Court's

1
NOTICE OF SUPPLEMENTAL EXHIBIT

Order dismissing Defendant Overstock.com, Inc. (now known as Beyond, Inc.) for improper venue.

1. New Evidence

On October 16, 2025, counsel for Defendant Beyond, Inc. (f/k/a Overstock.com, Inc.), Eric Swibel of Latham & Watkins LLP, transmitted a letter to Plaintiff via email (attached hereto as Exhibit A).

In that letter, counsel expressly states:

"The Company has nothing to do with legacy (pre-bankruptcy) Bed Bath & Beyond, Inc., except that it purchased certain intellectual property in a bankruptcy sale."

(Letter from Eric Swibel, Latham & Watkins LLP to Anthony Mitchell, dated October 16, 2025.)

2. Relevance to Pending Motion

This admission directly supports Plaintiff's argument in his Motion for Reconsideration (ECF No. 80) that:

Beyond, Inc. is not a bankruptcy debtor and thus cannot claim venue protection based on the New Jersey bankruptcy case; and

Plaintiff's claims concern post-acquisition, independent conduct by Beyond, Inc., a solvent Delaware corporation conducting nationwide business —including in Nevada.

Accordingly, this new correspondence constitutes additional confirmation from Defendant's own counsel that the entity dismissed for "bankruptcy-related venue" grounds is in fact a distinct corporate successor that merely purchased intellectual property assets from the bankruptcy estate.

3. Relief Requested

Plaintiff respectfully requests that the Court:

Accept this Notice and Exhibit A into the record as supplemental support for the pending Motion for Reconsideration (ECF No. 80); and

Consider Defendant counsel's admission as further corroboration that Beyond, Inc. is independently liable and subject to venue in this District.

Respectfully submitted,

[Plaintiff's Pro Se]

Date: 10/16/2025

_____

ANTHONY MITCHELL, pro se

## CERTIFICATE OF SERVICE

I CERTIFY that on October 16, 2025, I caused a true and correct copy of the foregoing NOTICE OF SUPPLEMENTAL EXHIBIT IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 80) to be filed with the Clerk of the Court and serving on all parties of record via email.

Dated: October 16, 2025         Respectfully submitted,

                                _____
                                ANTHONY MITCHELL, Pro se

# Exhibit A

**LATHAM&WATKINS**LLP

330 North Wabash Avenue
Suite 2800
Chicago, Illinois  60611
Tel: +1.312.876.7700  Fax: +1.312.993.9767
www.lw.com

October 16, 2025

**VIA EMAIL**

Anthony Mitchell
412 Viewmont
Henderson, NV 89015
realanthonymitchell@gmail.com

<u>**RE:**  *Mitchell v. Cohen, et al.*  **(Case No. 24-cv-01042, D. Nev.)**</u>

Dear Mr. Mitchell:

      We represent Bed Bath & Beyond, Inc. (f/k/a Overstock.com, Inc. and Beyond, Inc.) (the "<u>Company</u>") in the above-referenced lawsuit.  As we explained in our August 2, 2024 letter to you, your claims against the Company have no merit.  Your recent Motion for Reconsideration is similarly without merit, and the Company has already incurred, and will continue to incur, costs in responding to it.  If you do not promptly withdraw the Motion for Reconsideration, the Company reserves all rights, including to seek sanctions under Rule 11 of the Federal Rules of Civil Procedure for reimbursement of attorney fees.

      If you proceed to re-file a complaint against the Company in a different jurisdiction, the Company continues to reserve all rights and intends to seek sanctions for the grounds outlined in our August 2, 2024 letter.  In short, the Company has nothing to do with legacy (pre-bankruptcy) Bed Bath & Beyond, Inc., except that it purchased certain intellectual property in a bankruptcy sale.  The Company therefore requests that you cease filing claims against it based on the alleged conduct of unaffiliated third parties.  As you know, we scheduled a call to discuss this further many months ago, but you canceled the call.  We are happy to re-schedule that call to meet and confer.

Sincerely,

*[signature]*

Eric Swibel
Latham & Watkins LLP