

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY MITCHELL,<br><br>*Plaintiff*,<br><br>v.<br><br>RYAN COHEN, an individual; ROBINHOOD FINANCIAL LLC, a Delaware Limited Liability Company; ROBINHOOD SECURITIES, LLC, a Delaware Limited Liability Company; ROBINHOOD MONEY, LLC, a Delaware Limited Liability Company; THE DEPOSITORY TRUST & CLEARING CORPORATION, a New York Corporation; 20230930-DK-BUTTERFLY-1, INC., a New York Corporation doing business as BED BATH & BEYOND; OVERSTOCK.COM, INC., a Delaware Corporation doing business as BED BATH & BEYOND; RC VENTURES LLC, a Delaware Limited Liability Company; SUE E. GOVE, an individual,<br><br>*Defendants*. | Case No. 2:24-cv-01042 |

# PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DEEM DEFENDANTS SERVED, TO COMPEL ADDRESS, AUTHORIZE MAIL SERVICE & EXTEND TIME -

## Reply to ECF83

INTRODUCTION

Defendants' opposition (ECF 83) fails to rebut most of the arguments or requests in Plaintiff's motion (ECF 79). They continue to rely solely on the technical defense of insufficient service, while ignoring the facts that:

They have had actual notice for nearly a year and have actively litigated through counsel;

RC Ventures lists only a P.O. Box, rendering personal service impossible; and

Ryan Cohen resides in a restricted-access building that prevents personal service.

Defendants do not address Plaintiff's alternative requests to compel production of a valid service address, authorize service by mail, and extend time. Their silence operates as non-opposition under Local Rule 7-2(d).

For these reasons, and the authorities already presented, the Court should deem Defendants served, compel provision of a service address, authorize mail service, and extend Plaintiff's time under Rule 4(m).

I. DEFENDANTS HAVE WAIVED ANY SERVICE DEFENSE THROUGH ACTIVE LITIGATION

Defendants claim they "filed only a motion to dismiss for insufficient service," but that assertion is inaccurate. They have filed and signed multiple joint submissions (including ECF 74 – "Joint Notice Regarding Automatic Stay of Discovery"), conferred with other counsel, and

taken positions on procedural matters wholly unrelated to service. That conduct constitutes voluntary participation in the case and thereby waives jurisdictional and venue defenses.

The Ninth Circuit in Sicre de Fontbrune v. Wofsy, 39 F.4th 1214, 1220-21 (9th Cir. 2022) confirmed that "a party waives jurisdictional objections through substantial participation in litigation." Having invoked this Court's authority to obtain relief, Defendants cannot now disavow its jurisdiction.

Further, under Rule 12(h)(1), a service objection must be raised at the first opportunity and not preserved indefinitely while a defendant engages the merits of litigation. Defendants' active participation far exceeds the limited appearance contemplated by Peterson v. Highland Music, Inc., 140 F.3d 1313 (9th Cir. 1998). They have used the Court's processes to their advantage for nearly a year; the defense of insufficient service is therefore waived.

II. THE OPPOSITION IGNORES KEY ARGUMENTS AND ALTERNATIVE REQUESTS

Defendants' filing fails to address or rebut:

Duty to Avoid Unnecessary Service Costs (Rule 4(d)). They offer no explanation for refusing to waive or accept service through counsel, contrary to Rule 4(d)'s mandate.

Court's Authority to Compel Counsel to Accept Service or Provide an Address. They ignore this entirely, leaving the request unrebutted.

RC Ventures' P.O. Box as Evasion. No denial that its official address is a P.O. Box, making personal service impossible.

Cohen's Restricted-Access Residence. No dispute that building staff barred entry, rendering standard service impracticable.

Request for Alternative Service by Mail. Completely unaddressed; the Court may treat this as conceded.

Request for Extension of Time (Rule 4(m)). Also unaddressed, amounting to non-opposition.

Because each of these items was raised and remains unrebutted, the Court may grant them as unopposed under LR 7-2(d).

### III. ALTERNATIVE SERVICE BY MAIL IS REASONABLE AND CONSISTENT WITH DUE PROCESS

When personal service is impracticable, courts have broad discretion to authorize alternate means. See Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1016 (9th Cir. 2002). Here, RC Ventures chose to use only a P.O. Box (P.O. Box 25250, PMB 30427, Miami FL 33102) as its address of record; Cohen resides in a restricted-access building.

Service by certified mail, return-receipt requested, to those addresses—and, if refused, by regular mail—is reasonably calculated to give actual notice, especially since Defendants have long had counsel actively monitoring this case. Alternative service therefore fully satisfies Rule 4(e)(1) and Nevada Rule 4.2(d)(1)(A).

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DEEM DEFENDANTS SERVED

IV. GOOD CAUSE EXISTS TO EXTEND THE TIME TO SERVE

Even if the Court declines to deem service effective, it should extend time. Defendants' refusal to cooperate, use of a P.O. Box, and residence restrictions constitute "good cause" under Rule 4(m). Plaintiff has diligently attempted service but has been obstructed by circumstances outside his control. A forty-five (45)-day extension is modest and warranted.

V. FAIRNESS AND EFFICIENCY FAVOR GRANTING RELIEF

The Federal Rules are to be applied to secure the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Granting this motion achieves that purpose; dismissing for technical non-service where Defendants have been represented and actively litigating would accomplish the opposite.

CONCLUSION

Defendants' opposition fails to rebut Plaintiff's factual record or the alternative relief sought. Accordingly, Plaintiff respectfully requests that the Court:

Deem Defendants Ryan Cohen and RC Ventures, LLC served or having waived service based on actual notice and participation;

Compel Defendants to provide a valid physical address for service;

Authorize Plaintiff to serve RC Ventures and Cohen by certified mail (return receipt requested) to their addresses of record or to counsel of record and, if certified mail is refused, by regular first-class mail;

Extend Plaintiff's time to serve by forty-five (45) days under Rule 4(m); and

Grant any further relief the Court deems just and proper.

DATED: October 17, 2025

Respectfully submitted,

[Plaintiff's Pro Se]

Date: 10/17/2025

_____

ANTHONY MITCHELL, pro se

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DEEM DEFENDANTS SERVED

## CERTIFICATE OF SERVICE

I CERTIFY that on October 17, 2025, I caused a true and correct copy of the foregoing PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DEEM DEFENDANTS SERVED, TO COMPEL ADDRESS, AUTHORIZE MAIL SERVICE & EXTEND TIME - Reply to ECF83 to be filed with the Clerk of the Court and serving on all parties of record via email.

Dated: October 17, 2025                                      Respectfully submitted,

                                                             _____
                                                             ANTHONY MITCHELL, Pro se