Case 2:24-cv-01042-RFB-DJA   Document 87   Filed 10/17/25   Page 1 of 8



UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY MITCHELL,<br><br>    *Plaintiff*,<br><br>v.<br><br>RYAN COHEN, an individual; ROBINHOOD FINANCIAL LLC, a Delaware Limited Liability Company; ROBINHOOD SECURITIES, LLC, a Delaware Limited Liability Company; ROBINHOOD MONEY, LLC, a Delaware Limited Liability Company; THE DEPOSITORY TRUST & CLEARING CORPORATION, a New York Corporation; 20230930-DK-BUTTERFLY-1, INC., a New York Corporation doing business as BED BATH & BEYOND; OVERSTOCK.COM, INC., a Delaware Corporation doing business as BED BATH & BEYOND; RC VENTURES LLC, a Delaware Limited Liability Company; SUE E. GOVE, an individual,<br><br>    *Defendants*. | Case No. 2:24-cv-01042 |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**

**Reply to ECF 84**

Plaintiff Anthony Mitchell respectfully submits this Reply in further support of his Motion for

Reconsideration of the Court's September 30, 2025 Order dismissing Overstock.com, Inc. (now

1
PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION

Bed Bath & Beyond, Inc.) for improper venue. See ECF No. 80. Defendant's Opposition (Dkt. 84) does not refute (1) the clear legal error identified in the Motion, nor (2) the new, clarifying evidence supplied by Defendant's counsel after the Motion was filed.

I. Standard

Reconsideration is appropriate where the Court "committed clear error or the initial decision was manifestly unjust," or where new evidence emerges. See LR 59-1; Fed. R. Civ. P. 59(e); cases cited in Dkt. 84 at 2. Plaintiff's Motion identified clear error in assigning bankruptcy-related venue to a non-debtor, solvent acquirer and offered new evidence post-filing confirming Defendant's own corporate separation from the debtor.
See Exhibit A

II. New Evidence Confirms Defendant Is Not the Debtor and Acts Independently

After Plaintiff filed ECF 80, Defendant's counsel sent a letter dated October 16, 2025 stating:

"The Company has nothing to do with legacy (pre-bankruptcy) Bed Bath & Beyond, Inc., except that it purchased certain intellectual property in a bankruptcy sale."

Beyond - Letter to Anthony Mitchell

This letter is attached a Exhibit

The admission corroborates Plaintiff's core point: Defendant is not a bankruptcy debtor and Plaintiff's claims concern post-acquisition conduct by a solvent successor operating nationwide

—including in Nevada. This new evidence (post-motion) is squarely relevant to the venue ruling and supports reconsideration.

### III. The Court's Venue Ruling Was Clear Error as Applied to a Non-Debtor

The Opposition leans on the New Jersey Bankruptcy Court's retained jurisdiction and the sale order's provisions. Dkt. 84 at 2–4. But the Court's earlier order effectively routed claims against a non-debtor to bankruptcy court merely because that non-debtor purchased IP in a sale—collapsing the critical distinction between administering the estate and litigating independent, post-sale conduct of a third party.

Plaintiff's Motion explained this legal error and its consequences: Overstock/Beyond is a solvent Delaware corporation and cannot bootstrap bankruptcy-court venue protections to insulate itself from securities-law claims arising from its own conduct.

The Opposition does not reconcile that error with counsel's Exhibit A admission.

### IV. Venue Is Proper Under Section 27 of the Exchange Act

Section 27 authorizes venue "in any district wherein any act or transaction constituting the violation occurred" or where the defendant "is found or transacts business" (15 U.S.C. § 78aa(a)). Plaintiff— a Nevada investor—accessed and relied upon Defendant's nationwide statements and filings in Nevada. Plaintiff's Motion cited this statutory basis and Ninth Circuit authority recognizing broad Exchange Act venue where violative communications are disseminated into the forum via the internet.

The Opposition characterizes Plaintiff's Nevada-effects allegations as conclusory. Dkt. 84 at 3–4. But Section 27's venue standard is satisfied where the alleged securities communications

were transmitted into, and had effects in, the forum district—precisely what Plaintiff alleged and argued. Id.; see also Motion at 2–3 (citing § 78aa(a))

### V. Defendant's "Exclusive Bankruptcy Jurisdiction" Argument Overreaches

Defendant argues the Bankruptcy Court "retained exclusive jurisdiction" over claims "relating to" the IP purchase, citing the sale order. Dkt. 84 at 3–4. But Exhibit A confirms Defendant is distinct from the debtor and only purchased IP. Post-sale statements and market communications by a non-debtor successor are not core estate administration. Defendant's position would convert any successor's routine public-company communications into bankruptcy matters indefinitely—an untenable result.

### VI. Waiver: Defendant Substantially Participated

As the Motion noted, Defendant appeared and litigated this case through counsel, joining dispositive motion practice with other defendants—conduct that constitutes substantial participation and waives venue objections under Ninth Circuit authority. See Sicre de Fontbrune v. Wofsy, 39 F.4th 1214, 1220–21 (9th Cir. 2022) (party waives jurisdictional objections via substantial participation); Motion at 3 (detailing Defendant's participation)

. The Opposition's assertion that it "only" pressed Rule 12 defenses (Dkt. 84 at 4) does not address the Motion's waiver showing.

### VII. Their Service Timing Sidebar Is Irrelevant

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION

Defendant's footnote about when it received service (Dkt. 84 at 2 n.1) does not bear on the Rule 59(e) standard and cannot cure the underlying legal error or the new evidence confirming Defendant's non-debtor status.

VIII. Relief Requested

For these reasons and those stated in the Motion, Plaintiff respectfully requests that the Court:

Grant reconsideration of the Order dismissing Defendant for improper venue;

Vacate the dismissal as to Bed Bath & Beyond, Inc. (f/k/a Overstock.com, Inc. and Beyond, Inc.); and

Reinstate Plaintiff's claims against that Defendant in this District.

DATED: October 17, 2025

Respectfully submitted,

[Plaintiff's Pro Se]

Date: 10/17/2025

_____

ANTHONY MITCHELL, pro se

## CERTIFICATE OF SERVICE

I CERTIFY that on October 17, 2025, I caused a true and correct copy of the foregoing PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION - Reply to ECF84 to be filed with the Clerk of the Court and serving on all parties of record via email.

Dated: October 17, 2025                              Respectfully submitted,

                                                     _____
                                                     ANTHONY MITCHELL, Pro se

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION

# Exhibit A

**LATHAM & WATKINS** LLP

330 North Wabash Avenue
Suite 2800
Chicago, Illinois  60611
Tel: +1.312.876.7700  Fax: +1.312.993.9767
www.lw.com

October 16, 2025

**VIA EMAIL**

Anthony Mitchell
412 Viewmont
Henderson, NV 89015
realanthonymitchell@gmail.com

<u>**RE:  *Mitchell v. Cohen, et al.* (Case No. 24-cv-01042, D. Nev.)**</u>

Dear Mr. Mitchell:

     We represent Bed Bath & Beyond, Inc. (f/k/a Overstock.com, Inc. and Beyond, Inc.) (the "<u>Company</u>") in the above-referenced lawsuit.  As we explained in our August 2, 2024 letter to you, your claims against the Company have no merit.  Your recent Motion for Reconsideration is similarly without merit, and the Company has already incurred, and will continue to incur, costs in responding to it.  If you do not promptly withdraw the Motion for Reconsideration, the Company reserves all rights, including to seek sanctions under Rule 11 of the Federal Rules of Civil Procedure for reimbursement of attorney fees.

     If you proceed to re-file a complaint against the Company in a different jurisdiction, the Company continues to reserve all rights and intends to seek sanctions for the grounds outlined in our August 2, 2024 letter.  In short, the Company has nothing to do with legacy (pre-bankruptcy) Bed Bath & Beyond, Inc., except that it purchased certain intellectual property in a bankruptcy sale.  The Company therefore requests that you cease filing claims against it based on the alleged conduct of unaffiliated third parties.  As you know, we scheduled a call to discuss this further many months ago, but you canceled the call.  We are happy to re-schedule that call to meet and confer.

Sincerely,

*[signature]*

Eric Swibel
Latham & Watkins LLP