# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Anthony Mitchell,<br><br>                    Plaintiff,<br><br>         v.<br><br>Ryan Cohen, et al.,<br><br>                    Defendants. | Case No. 2:24-cv-01042-RFB-DJA<br><br>**Order** |

This is a federal securities action arising out of *pro se* Plaintiff's purchase of 8847 shares of Bed Bath & Beyond stock from trading platform, Robinhood and those shares' loss of value during the "meme stock" movement. Plaintiff moves to compel Defendants to participate in a Federal Rule of Civil Procedure 26(f) conference. (ECF No. 76). Plaintiff also moves the Court to deem Defendants Ryan Cohen and RC Ventures, LLC served or, in the alternative to compel those Defendants' attorneys to accept service or to allow alternative service by mail and to extend the service deadline by forty-five days. (ECF No. 79). The Court denies both motions.

**I.      Plaintiff's motion to compel.**

On September 2, 2025, the undersigned magistrate judge entered a minute order noting that the discovery plan and scheduling order was overdue and ordering the parties to file one on or before September 23, 2025. (ECF No. 73). Plaintiff then moved to compel Defendants to engage in a Rule 26(f) conference on September 23, 2025. (ECF No. 76). However, a few days after Plaintiff filed his motion to compel, the Honorable District Judge Richard F. Boulware entered an order granting the only remaining Defendants'[1] motions to dismiss. (ECF No. 78).

---

[1] Plaintiff originally sued Ryan Cohen; Robinhood Financial, LLC; Robinhood Securities, LLC; Robinhood Money, LLC; The Depository Trust & Clearing Corporation; 20230930-DK-BUTTERFLY-1, Inc.; Bed Bath & Beyond; Overstock.com, Inc. dba Bed Bath & Beyond; RC Ventures, LLC; and Sue Gove. (ECF No. 7). Plaintiff voluntarily dismissed his claims against 20230930-DK-BUTTERFLY-1, Inc.; Robinhood Financial, LLC; Robinhood Securities, LLC;

1  So, as of now, there are no active Defendants to compel to engage in a Rule 26(f) conference.
2  The Court therefore denies Plaintiff's motion without prejudice as moot.

3  **II.  Plaintiff's motion regarding service.**

4  Plaintiff moves the Court to consider his service attempts on Cohen and RC Ventures to
5  be effective because they have waived any service defects, or, in the alternative to compel those
6  Defendants' attorneys to accept service or to allow alternative service by mail and to extend the
7  service deadline by forty-five days.  (ECF No. 79).  Cohen and RC Ventures oppose the motion.
8  (ECF No. 83).  The Court denies Plaintiff's motion.

9  ***A.   Cohen and RC Ventures have not waived service defects.***

10  Plaintiff's first argues that the Court should find Cohen and RC Ventures to have waived
11  any service defects by appearing in the case through counsel and "defend[ing] the case on the
12  merits."  (ECF No. 79 at 3).  Plaintiff relies on the Ninth Circuit's decision in *Borzeka v. Heckler*
13  for the proposition that "[c]ourts recognize that substantial participation in litigation waives
14  service objections."  (*Id.*) (citing *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984)).  He also
15  cites the Ninth Circuit's decision in *De Fontbrune v. Wofsy* for the proposition that "voluntary
16  appearance and active litigation waive jurisdictional defects."  (*Id.*) (citing *De Fontbrune v.
17  Wofsy*, 39 F.4th 1214, 1220-21 (9th Cir. 2022)).  However, Plaintiff ignores that, after appearing
18  through counsel, Cohen and RC Ventures moved to dismiss under Rule 12(b)(5) for insufficient
19  service of process and so, did not waive that defense under Rule 12(h)(1).  Additionally, *Borzeka*
20  and *De Fontbrune* are distinguishable.

21  In *Borzeka*, a pro se litigant had complied with all of the requirements to serve the
22  defendant—the Secretary of Health and Human Services—except for the requirement to

---

25  Robinhood Money, LLC; and The Depository Trust & Clearing Corporation.  (ECF Nos. 21, 35).
Overstock.com, Inc. dba Bed Bath & Beyond; Ryan Cohen, and RC Ventures, LLC moved to
26  dismiss Plaintiff's claims against them, which motion Judge Boulware granted.  (ECF No. 78).
Plaintiff has not separately served Bed Bath & Beyond, although Overstock.com, Inc. has
27  represented that Bed Bath & Beyond, Inc. filed for bankruptcy and, as part of those proceedings,
sold certain of its intellectual property to Overstock.com, which now does business as Beyond,
28  Inc.  (ECF No. 18 at 4).

personally serve the summons and complaint on the United States Attorney in Las Vegas. *See Borzeka*, 739 F.2d at 445-48. Instead, the litigant had mailed the summons and complaint to the United States Attorney, who received and ignored it. *Id.* at 447-48. After the pro se litigant obtained a default judgment, the Secretary moved to set it aside and argued that the case should be dismissed because the litigant had failed to comply with the technical requirements for personal service on the United States. *Id.* at 446. The district court granted the Secretary's motion and dismissed the complaint. *Id.* On appeal, the Secretary argued that the failure to comply with the technical requirements of personal service should always result in dismissal of claims. *Id.* at 447. The Ninth Circuit disagreed and found that technical service defects do not always require dismissal of the complaint if: (1) the party that had to be served personally received actual notice; (2) the defendant would suffer no prejudice from the defect in service; (3) there is a justifiable excuse for the failure to serve properly; and (4) the plaintiff would be severely prejudiced if the complaint were dismissed. *Id.* at 446-47.

In *De Fontbrune*, an individual named Yves Sicre de Fontbrune obtained a judgment against Alan Wofsy and Wofsy's company in France, finding that Wofsy had infringed on certain of de Fontbrune's copyrights. *De Fontbrune*, 39 F.4th at 1218. De Fontbrune sought recognition of the French judgment under the California version of the Uniform Foreign-Country Money Judgment Recognition Act and Wofsy opposed, arguing that the California district court lacked personal jurisdiction over him. *Id.* at 1218, 1228. Specifically, the California Recognition Act required California to refuse to recognize a foreign-country judgment if the foreign court did not have personal jurisdiction over the defendant. *Id.* at 1228. However, also under that act, California could not refuse recognition for lack of personal jurisdiction if the defendant "voluntarily appeared in the proceeding, other than for the purpose of protecting property seized or threatened with seizure in the proceeding or of contesting the jurisdiction of the court over the defendant." *Id.* The district court found, and the Ninth Circuit affirmed, that Wofsy had waived his personal jurisdiction defense because he had voluntarily appeared in the French action and made arguments other than protecting property or contesting jurisdiction. *Id.* at 1229.

Here, unlike the pro se litigant in *Borzeka*, who had complied with almost every technical requirement to serve the Secretary, Plaintiff has not complied with any of the technical requirements to serve Cohen or RC Ventures. Indeed, the Court has already denied two of Plaintiff's motions for alternate service on Cohen and RC Ventures because Plaintiff failed to provide sufficient information to show that he had attempted proper service on them first. (ECF Nos. 16, 34). Plaintiff then filed two proofs of service showing that Cohen and RC Ventures were served at an address in Nevada on a person named Ana Gomes. (ECF Nos. 39, 40). Cohen and RC Ventures appeared in the action a few weeks later—unlike the United States Attorney in *Borzeka* who received notice in the action and ignored it—and successfully moved to dismiss Plaintiff's claims on the grounds that Gomes is a stranger to them and so, Plaintiff did not properly serve them. (ECF No. 43). Even if the Court were to classify Plaintiff's service defects as "technical," the *Borzeka* four-part analysis would not weigh in his favor. While Cohen and RC Ventures' appearance through counsel indicates that they have received actual notice of the action—the first factor—the remaining factors do not support Plaintiff's position. Cohen and RC Ventures would suffer prejudice from the defect in service because there has been no service on them at all and they have been diligent in maintaining their defense on that ground under Rule 12(h)(1). And other than repeating arguments and references to service attempts that the Court has already found to be lacking, Plaintiff has provided no justifiable excuse for not serving Cohen or RC Ventures. Finally, Plaintiff's complaint has already been dismissed without prejudice on this basis.

*De Fontbrune* is also distinguishable on multiple grounds. As a preliminary matter, it did not involve personal jurisdiction by virtue of service under Rule 4, but involved personal jurisdiction under California's Recognition Act. Even setting that distinction aside, it is factually distinguishable because, unlike Wofsy who had voluntarily appeared in the foreign court proceeding and raised arguments other than those protecting property or challenging jurisdiction, here Cohen and RC Ventures appeared *only* to challenge jurisdiction. So, *De Fontbrune* does not stand for the proposition that they have waived defenses based on personal jurisdiction. The

Court therefore denies Plaintiff's request that the Court find Cohen and RC Ventures to have waived any service defects and to be successfully served.

### B.  *The Court will not compel Cohen and RC Ventures' attorneys to accept service.*

The Court denies Plaintiff's request that it compel Cohen and RC Ventures' attorneys to accept service on their behalf.  The Court cannot force counsel to accept service on Defendant's behalf because attorneys must have implied or actual authority to do so.  *See* Fed. R. Civ. P. 4(e)(C) (explaining that summons may be served on "an agent authorized by appointment or by law to receive service of process"); *see In re Focus Media*, 387 F.3d 1077, 1081 (9th Cir. 2004) (explaining that an agent may be impliedly authorized to accept service on a client's behalf in certain circumstances).  Here, Plaintiff has provided no indication, other than the fact that counsel has appeared on Cohen and RC Ventures' behalf in this action to contest Plaintiff's service attempts, that counsel has actual or implied authority to accept service on Cohen or RC Ventures' behalf.  Without more, Plaintiff's conclusory argument that the Court can force counsel to accept service on Cohen and RC Ventures' behalf simply because of counsel's appearance is not sufficient for the Court to find that counsel has authority to accept service for them.  So, the Court denies Plaintiff's request.

### C.  *Plaintiff has not made a sufficient showing for alternate service.*

Plaintiff requests that the Court authorize alternate service on Cohen and RC Ventures by mail.  For the reasons the Court has already articulated in its prior orders, Plaintiff again fails to provide sufficient information to justify the alternate methods of service he seeks. (ECF Nos. 16, 34).  The Court therefore denies Plaintiff's request for alternate service.

### D.  *Plaintiff has shown good cause for a brief extension.*

Federal Rule of Civil Procedure 4(m) mandates that a court extend the time for service if a plaintiff shows good cause.  Given Plaintiff's pro se status and the difficulty he has faced with service, the Court finds that Plaintiff has shown good cause for his requested, forty-five day extension of the deadline for service, which extension the Court calculates from the date of this order.  This will be Plaintiff's last extension of this deadline.

///

1  **IT IS THEREFORE ORDERED** that Plaintiff's motion to compel (ECF No. 76) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion regarding service (ECF No. 79) is **granted in part and denied in part**. It is granted in part **only** regarding Plaintiff's request for a forty-five day extension of the time to serve Cohen and RC Ventures. It is denied in all other respects. Plaintiff shall have until **March 20, 2026**, to accomplish service on Cohen and RC Ventures.

DATED: February 4, 2026

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE