UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY MITCHELL,<br><br>*Plaintiff*,<br><br>v.<br><br>RYAN COHEN, an individual; ROBINHOOD FINANCIAL LLC, a Delaware Limited Liability Company; ROBINHOOD SECURITIES, LLC, a Delaware Limited Liability Company; ROBINHOOD MONEY, LLC, a Delaware Limited Liability Company; THE DEPOSITORY TRUST & CLEARING CORPORATION, a New York Corporation; 20230930-DK-BUTTERFLY-1, INC., a New York Corporation doing business as BED BATH & BEYOND; OVERSTOCK.COM, INC., a Delaware Corporation doing business as  BED BATH & BEYOND; RC VENTURES LLC, a Delaware Limited Liability Company; SUE E. GOVE, an individual,<br><br>*Defendants*. | Case No. 2:24-cv-01042-RFB-DJA |

### PLAINTIFF'S MOTION FOR RECONSIDERATION
### (LIMITED TO SERVICE OF PROCESS)

### INTRODUCTION

Plaintiff Anthony Mitchell, proceeding pro se, respectfully moves for reconsideration of the portion of the Court's **Order at ECF No. 78** addressing service of process as to Defendants **RC Ventures LLC** and **Ryan Cohen**.

1
PLAINTIFF'S MOTION FOR RECONSIDERATION

This motion is **narrowly limited to the service-of-process issue only** and is brought pursuant to **Fed. R. Civ. P. 54(b)** and the Court's inherent authority to correct clear procedural error and prevent manifest injustice.

Plaintiff acknowledges that he previously filed motions for reconsideration limited to the Court's **venue and bankruptcy-related rulings as to Defendant Overstock.com, Inc.** Those motions did **not** address service of process. This is the **first motion seeking reconsideration of the service determination** as to RC Ventures LLC and Ryan Cohen.

I. BACKGROUND

1. On **November 19, 2024**, Plaintiff effected service of process on Defendant **RC Ventures LLC**.

2. On **November 20, 2024**, Plaintiff effected service of process on Defendant **Ryan Cohen**.

3. Executed proofs of service were filed with the Court at **ECF Nos. 39 and 40**.

4. Each proof of service reflects **personal delivery** of the summons and complaint to **Ana Gomes** at **701 S. Carson Street, Suite 200, Carson City, Nevada 89701**.

5. The licensed process server declared under penalty of perjury that **Ana Gomes identified herself as authorized to accept service** and accepted service without objection.

6. The proofs of service are facially valid under **Fed. R. Civ. P. 4(h)** (RC Ventures LLC) and **Fed. R. Civ. P. 4(e)** (Ryan Cohen).

II. DEFENDANTS DID NOT MOVE TO QUASH SERVICE

7. Defendants **did not file a motion to quash service** under **Fed. R. Civ. P. 12(b)(5)**.

8. Defendants **did not submit any sworn declaration or affidavit** from Ana Gomes or any other witness denying authority to accept service.

9. Instead, Defendants asserted in opposition briefing that the address was not valid and that Ana Gomes lacked authority.

10. **Unsworn attorney argument is insufficient** to rebut a sworn proof of service.

11. Once a plaintiff files a facially valid proof of service, **the burden shifts to the defendant** to disprove service with competent evidence.

12. Defendants did not meet that burden.

**III. THE COURT'S ORDER RESOLVED A FACTUAL DISPUTE WITHOUT AN EVIDENTIARY RECORD**

13. In the Order at **ECF No. 78**, the Court declined to deem service effective.

14. That ruling was issued **without a motion to quash before the Court** and **without any sworn evidence rebutting the executed proofs of service**.

15. The Court therefore resolved a factual dispute regarding authority to accept service **based solely on unsworn attorney assertions**.

16. Ninth Circuit authority disfavors resolving disputed service issues in this manner where sworn proofs of service are unrebutted.

**IV. NINTH CIRCUIT AUTHORITY CONFIRMS THAT UNSWORN BRIEFING CANNOT DEFEAT EXECUTED SERVICE**

17. The Ninth Circuit has repeatedly held that a signed return of service constitutes prima facie evidence of valid service, and that the burden shifts to the defendant to rebut service with strong and convincing evidence.

18. In SEC v. Internet Solutions for Business Inc., 509 F.3d 1161, 1163 (9th Cir. 2007), the Ninth Circuit held that a process server's declaration is entitled to a presumption of correctness and must be rebutted with competent evidence.

19. Similarly, in O'Brien v. R.J. O'Brien & Associates, Inc., 998 F.2d 1394, 1398 (9th Cir. 1993), the court held that once a plaintiff produces a sworn proof of service, "the burden shifts to the defendant to demonstrate why service was not proper."

20. The Ninth Circuit has further made clear that statements of counsel are not evidence and cannot rebut sworn declarations. United States v. One 1997 Mercedes E420, 175 F.3d 1129, 1131 n.4 (9th Cir. 1999).

21. Where a defendant disputes the authority of the individual who accepted service, Ninth Circuit precedent requires either a motion to quash supported by sworn evidence or a limited evidentiary hearing, not resolution on briefing alone. Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 688–89 (9th Cir. 1988).

22. Even where service is technically imperfect, the Ninth Circuit disfavors dismissal where defendants received actual notice and suffered no prejudice, and instead requires courts to permit cure. Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984).

23. Here, Defendants never filed a Rule 12(b)(5) motion, never submitted sworn rebuttal evidence, and never requested an evidentiary hearing. Under Ninth Circuit law, the unrebutted proofs of service at ECF Nos. 39 and 40 were therefore entitled to presumptive validity.

## V. ACTUAL NOTICE AND LACK OF PREJUDICE

24. Defendants indisputably received actual notice of this action.

25. Defendants appeared through counsel and actively litigated the case after service was effected.

26. Defendants have not identified any prejudice arising from the manner of service.

27. Under these circumstances, disregarding accepted service or requiring duplicative service efforts is disfavored.

## VI. REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court reconsider its service ruling and grant one of the following forms of relief:

A. Deem service on Defendants RC Ventures LLC and Ryan Cohen effective as of November 19 and November 20, 2024, as reflected in ECF Nos. 39 and 40;

or, in the alternative,

B. Order a limited evidentiary hearing on the authority of Ana Gomes to accept service, rather than resolving the issue on unsworn attorney argument.

## VII. CONCLUSION

This motion does not seek to relitigate the merits or revisit prior venue or bankruptcy rulings. It requests only that the Court apply the proper procedural standard to executed proofs of service that were accepted and never properly challenged, in conformity with Ninth Circuit authority governing service of process and burden shifting.

    Respectfully submitted,
Dated: February 5, 2026

    /s/ Anthony Mitchell
    Anthony Mitchell
    Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I certify that on February 5, 2026, I served a true and correct copy of the foregoing PLAINTIFF'S MOTION FOR RECONSIDERATION on all parties of record via email.

Dated: February 5, 2026

/s/ Anthony Mitchell
Anthony Mitchell
Plaintiff, Pro Se