1  Kelly A. Evans, Esq. (SBN 7691)
   David W. Gutke, Esq. (SBN 9820)
2  **EVANS FEARS SCHUTTERT MCNULTY MICKUS**
3  6720 Via Austi Parkway, Suite 300
   Las Vegas, NV 89119
4  Telephone: (702) 805-0290
   kevans@efsmmlaw.com
5  dgutke@efsmmlaw.com

6  Dane H. Butswinkas (*pro hac vice*)
7  Steven M. Farina (*pro hac vice*)
   Madeline C. Prebil (*pro hac vice*)
8  Jenna L. Romanowski (*pro hac vice*)
   **WILLIAMS & CONNOLLY LLP**
9  680 Maine Ave. SW
   Washington, DC 20024
10 Telephone: (202) 434-5000
   dbutswinkas@wc.com
11 sfarina@wc.com
12 mprebil@wc.com
   jromanowski@wc.com
13 *Attorneys for Defendants RC Ventures LLC*
   *and Ryan Cohen*
14
                    **UNITED STATES DISTRICT COURT**
15                      **DISTRICT OF NEVADA**

16  ANTHONY MITCHELL,                          | Case No. 2:24-cv-01042-RFB-DJA
17                          Plaintiff,          | **DEFENDANTS RC VENTURES
                                                | LLC'S AND RYAN COHEN'S
18                     v.                       | OPPOSITION TO PLAINTIFF'S
                                                | MOTION FOR
19  RYAN COHEN, an individual; ROBINHOOD        | RECONSIDERATION
    FINANCIAL LLC, a Delaware Limited Liability
20  Company; ROBINHOOD SECURITIES, LLC, a
    Delaware Limited Liability Company;
21  ROBINHOOD MONEY, LLC, a Delaware Limited
    Liability Company; THE DEPOSITORY TRUST &
22  CLEARING CORPORATION, a New York
    Corporation; 20230930-DK-BUTTERFLY-1, INC.,
23  a New York Corporation doing business as BED
    BATH & BEYOND; OVERSTOCK.COM, INC., a
24  Delaware Corporation doing business as BED
    BATH & BEYOND; RC VENTURES LLC, a
25  Delaware Limited Liability Company; SUE E.
    GOVE, an individual,
26
27                          Defendants.
28

1

**INTRODUCTION**

2      The Motion for Reconsideration ("Motion"), ECF No. 89, marks the fifth time that Plaintiff

3   Anthony Mitchell has asked the Court to excuse him from the Federal Rules of Civil Procedure.

4   In his first and second attempts, Plaintiff moved to serve Ryan Cohen and RC Ventures, LLC

5   (collectively, "the Cohen Defendants") by alternative means.  ECF Nos. 13, 29.  In his third bite

6   of the apple, Plaintiff opposed the Cohen Defendants' motion to dismiss, arguing that "even if [he]

7   failed to comply with the service requirements, it does not warrant dismissal."  ECF No. 45 at 4.

8   And in his fourth gambit, Plaintiff revived his request to serve the Cohen Defendants by substitute

9   means and alternatively asked the Court to deem the Cohen Defendants served.  ECF 79 at 5-6.

10  Apparently undeterred by the Court's uniform rejection of these arguments, ECF Nos. 16, 34, 78,

11  88, Plaintiff brings this fifth Motion recycling his meritless contentions.

12      But enough is enough.  The Court has unequivocally explained that Plaintiff failed to

13  "properly serve the Cohen Defendants under Nevada law or FRCP 4" and to "justify the alternate

14  methods of service he seeks."  ECF Nos. 78 at 8, 88 at 5; *see also* ECF Nos. 16, 34.  It also gave

15  Plaintiff ample opportunities to course-correct.  Indeed, the Court has repeatedly extended

16  Plaintiff's service deadlines, ECF Nos. 24, 78, 88, collectively affording him more than a year-

17  and-a-half to serve the Cohen Defendants.  *See* ECF No. 7 (docketed June 26, 2024).  This Court

18  cautioned that its most recent extension, prolonging Plaintiff's deadline until March 20, 2026, will

19  be the last.  ECF No. 88 at 5-6.

20      Plaintiff apparently is uninterested in using his borrowed time to comply with this Court's

21  orders and the Federal Rules.  Plaintiff prefers instead to file a successive Motion, ECF No. 89,

22  requesting the Court deem the Cohen Defendants served.  Plaintiff's attempt to relitigate

23  conclusively decided issues is a sanctionable waste of judicial resources.[1]  Because this Motion is

24

25

------

26  [1]  This Court cautioned at the outset that "[f]iling multiple motions requesting the same relief is
     a litigation tactic that strains the resources of the Court and generally delays a decision in the

27  case.  The Court may impose sanctions on parties who engage in such litigation tactics."
     ECF No. 3 at 2.; *cf.* Local Rule 59-1(b).

28

1  as meritless as its predecessors, the Cohen Defendants respectfully request that this Court deny the

2  Motion and finally close the case.

3                           **FACTUAL BACKGROUND**

4        This Court docketed Plaintiff's complaint in June 2024.  ECF No. 7.  In August 2024,

5  Plaintiff moved to serve the Cohen Defendants by way of substitute service.  ECF No. 13. The

6  Court denied that request because Plaintiff did "not demonstrate[] that he has attempted proper

7  service…before moving for alternate service."  ECF No. 16 at 1.  Plaintiff requested, and this Court

8  granted, an extension to serve the Cohen Defendants by November 22, 2024.  ECF Nos. 22, 24.

9        Plaintiff filed a second motion to serve the Cohen Defendants by way of substitute service

10  in October 2024.  ECF No. 29.  The Court denied that motion in November 2024 because "the

11  Court [could not] find that Plaintiff was diligent in attempting to serve Cohen or RC Ventures and

12  [could not] determine whether Plaintiff's proposed method of alternative service will comport with

13  due process."  ECF No. 34 at 4.  Days later, Plaintiff moved to further extend his deadline to serve

14  the Cohen Defendants.  ECF No. 37.

15        While his second extension request remained pending, Plaintiff filed two forms purporting

16  to prove service upon the Cohen Defendants.  ECF Nos. 39, 40.  The forms reflect that Plaintiff

17  attempted to serve the Cohen Defendants by delivering a summons to a person named Ana Gomes

18  at an address associated with CT Corporation in Carson City, Nevada.  *Id.*

19        The Cohen Defendants timely moved to dismiss the complaint because Plaintiff failed to

20  properly serve them.  ECF No. 43.  The motion to dismiss explained that Cohen does not reside in

21  Nevada, that Gomes is a stranger to the Cohen Defendants, and that neither she nor CT Corporation

22  are registered agents for the Cohen Defendants.  ECF No. 43 at 3.  Cohen swore to these facts in a

23  declaration accompanying the motion to dismiss.  ECF No. 43-1.

24        The Court granted the Cohen Defendants' motion to dismiss in September 2025 because

25  "Plaintiff did not properly serve the Cohen Defendants under Nevada law or FRCP 4."  ECF No.

26  78 at 8.  The Court provided "Plaintiff leave to effectuate proper service of process" by November

27  10, 2025, after which point the Court would close the case.  ECF No. 78 at 8-9.

28

1    As far as the Cohen Defendants can tell, Plaintiff did not thereafter attempt service.

2  Instead, Plaintiff moved "to deem [the Cohen Defendants] served, … to compel acceptance of

3  service, … or to authorize alternative service by mail." ECF No. 79 (capitalization omitted). The

4  motion requested this Court allow substitute service that does not comply with the Federal Rules,

5  or reverse its holding that Plaintiff failed to properly serve the Cohen Defendants. *Id.* The "motion

6  function[ed] as a request for reconsideration," ECF No. 83 at 3, despite that Plaintiff refuses to

7  recognize it as such, ECF No. 89 at 2.

8    The Court denied Plaintiff's functional reconsideration motion in February 2026. ECF No.

9  88. The Court allowed Plaintiff a third extension, until March 20, 2026, to properly effectuate

10  service upon the Cohen Defendants. *Id.* at 6. Rather than make good on the third chance this

11  Court gave him, Plaintiff filed this Motion, ECF No. 89, totaling his fifth attempt to establish that

12  the rules should not apply to him.

13                                    **LEGAL STANDARD**

14    The Court "possesses the inherent power to reconsider an interlocutory order for cause …

15  Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not

16  available when the original motion or response was filed, (2) the court committed clear error or

17  the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling

18  law." Local Rule 59-1(a).

19    "Motions for reconsideration are disfavored." Local Rule 59-1(b). Such motions "should

20  not be granted, absent highly unusual circumstances, unless the district court is presented with

21  newly discovered evidence, committed clear error, or if there is an intervening change in the

22  controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

23                                       **ARGUMENT**

24    Plaintiff's Motion is, once again, factually and legally meritless. He points to no new

25  evidence or change in law and provides no basis to find the Court committed error to support his

26  disfavored request for relief. *See* Local Rule 59-1(a)-(b); *Orange Street*, 179 F.3d at 665.

27

28

1    Plaintiff either ignores or misrepresents the facts of this matter.  He first claims the Cohen

2  Defendants waived arguments regarding service-of-process because they "did not file a motion to

3  quash service under Fed. R. Civ. P. 12(b)(5)."  ECF No. 89 at 2.  But the Cohen Defendants did

4  exactly that, in a motion to dismiss for insufficient service of process under FRCP 12(b)(5).  ECF

5  No. 43.  And lest there be any lingering doubt, the Court explained to Plaintiff that the Cohen

6  Defendants "moved to dismiss under Rule 12(b)(5) for insufficient service of process and so, did

7  not waive that defense."  ECF No. 88 at 2.

8    Next, Plaintiff claims that the Cohen Defendants "did not submit any sworn declaration or

9  affidavit" denying Gomes's authority to accept service.  ECF No. 89 at 2.  Here, the docket proves

10  Plaintiff wrong.  In conjunction with the Cohen Defendants' motion to dismiss, Cohen filed a

11  sworn declaration that Gomes lacks authority to accept service on his or RC Venture's behalf.

12  ECF No. 43-1.  Plaintiff's insistence that the Court granted the Cohen Defendants' motion to

13  dismiss "without any sworn evidence rebutting the executed proofs of service," ECF No. 89 at 3,

14  is thus foreclosed by the parties' public filings.

15    Finally, Plaintiff repeats his assertion that the Cohen Defendants have "actively litigated

16  the case after service was effected" and "have not identified any prejudice arising from the manner

17  of service."  ECF No. 89 at 4.  The Court has already squarely rejected this argument, explaining

18  that the Cohen Defendants appeared for the limited purpose of "mov[ing] to dismiss under Rule

19  12(b)(5) for insufficient service of process."  ECF No. 88 at 2.  Moreover, the Cohen Defendants

20  "would suffer prejudice from the defect in service because there has been no service on them at all

21  and they have been diligent in maintaining their defense on that ground."  *Id.* at 4.

22    On the law, Plaintiff fares no better.  First, Plaintiff argues that the Cohen Defendants bore,

23  and failed to satisfy, a burden to "rebut service."  ECF No. 89 at 3.  But the burden of proving

24  jurisdiction shifts only to those defendants who "had actual notice of the original proceeding *but*

25  *delayed* in bringing [a service of process] motion *until after entry of default*."  *Sec. Exch. Comm'n*

26  *v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1163 (9th Cir. 2007) (emphasis added); *see also*

27  *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1397 (7th Cir. 1993); *Direct Mail*

28

4

1    *Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 687 (9th Cir. 1988). By contrast,

2    a defendant who does not delay until entry of default "may force the plaintiff to prove that service

3    has been made and that jurisdiction is proper by filing a Rule 12(b) motion to dismiss." *Internet*

4    *Sols.*, 509 F.3d at 1166. Because the Cohen Defendants did just that, ECF No. 43, "the burden to

5    establish jurisdiction" remains with Plaintiff. *Id.* at 1165.

6         Even if the jurisdictional burden rested with the Cohen Defendants (it does not), this case

7    would nonetheless bear no resemblance to those in which a defendant failed to carry that burden.

8    In *Internet Solutions*, the defendant attempted to deny that he was personally served at his office

9    by providing a copy of his electronic calendar and offering unsworn emails suggesting he spent

10   the day at another company's office. *Id.* at 1164-1167. The court held that "rank hearsay" was

11   outweighed by a process server's sworn declaration that he verified the defendant's identity and

12   personally served the defendant at the defendant's office—along with a letter from the second

13   company stating that its employees did not meet with the defendant on the day in question. *Id.*

14   Here, however, there is no suggestion that Plaintiff personally served Cohen. Nor are there any

15   facts casting any doubt on Cohen's sworn declaration that Gomes is a stranger to the Cohen

16   Defendants, who lacks authority to accept service on their behalf.

17        Plaintiff's remaining contentions similarly fail. He cites no cases establishing that the

18   Court *must* (rather than *can*) hold a hearing to resolve jurisdictional disputes. ECF No. 89 at 3

19   (citing *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685 (9th Cir.

20   1988)). And Plaintiff's arguments regarding *Borzeka v. Heckler*, 739 F.2d 444 (9th Cir. 1984) are

21   as well-worn as they are misguided. ECF No. 89 at 3. The Court already distinguished *Borzeka*

22   because Plaintiff here did "not compl[y] with any of the technical requirements to serve" the Cohen

23   Defendants. ECF No. 88 at 4. The Court added that even if *Borzeka*'s four-part analysis were

24   applicable, it "would not weigh in [Plaintiff's] favor." *Id.* Plaintiff makes no argument the Court's

25   thorough analysis on this point somehow constitutes "clear error" worthy of reconsideration.

26   Local Rule 59-1(a); *Orange Street*, 179 F.3d at 665.

27                                         * * *

28

1    Plaintiff has squandered both the Court's generosity and the copious time provided to effect

2   service.  This Motion finally exhausts his meritless attempts to relitigate this Court's sound rulings.

3   This Court should deny Plaintiff's Motion and offer no further extensions.

4                                          **CONCLUSION**

5    For the foregoing reasons, this Court should deny Plaintiff's Motion, ECF No. 89, and

6   close the case if Plaintiff does not serve the Cohen Defendants by March 20, 2026.

7

8   Dated: February 18, 2026.                    **EVANS FEARS SCHUTTERT MCNULTY MICKUS**

9

10                                              */s/ David W. Gutke*
                                                Kelly A. Evans, Esq. (SBN 7691)
11                                              David W. Gutke, Esq. (SBN 9820)
                                                6720 Via Austi Parkway, Suite 300
12                                              Las Vegas, NV 89119

13                                              Dane H. Butswinkas (*pro hac vice*)
                                                Steven M. Farina (*pro hac vice*)
14                                              Madeline C. Prebil (*pro hac vice*)
                                                Jenna L. Romanowski (*pro hac vice*)
15                                              WILLIAMS & CONNOLLY LLP
                                                680 Maine Ave. SW
16                                              Washington, DC 20024

17
                                                *Attorneys for Defendants RC Ventures LLC and Ryan*
18                                              *Cohen*

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**CERTIFICATE OF SERVICE**</u>

I, the undersigned, hereby certify that on February 18, 2026, a true and correct copy of the

foregoing **DEFENDANTS RC VENTURES LLC'S AND RYAN COHEN'S OPPOSITION**

**TO PLAINTIFF'S MOTION FOR RECONSIDERATION** was served electronically on all

counsel of record and Plaintiff Anthony Mitchell via CM-ECF.


*/s/ Faith Radford*
An employee of Evans Fears Schuttert McNulty Mickus