_____ FILED          _____ RECEIVED
_____ ENTERED        _____ SERVED ON

03/17/2026

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

BY:_____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANTHONY MITCHELL,

Plaintiff,

v.

RYAN COHEN, an individual; et al.

Defendants.

Case No. 2:24-cv-01042-RFB-DJA

PLAINTIFF'S MOTION FOR ORDER

AUTHORIZING ALTERNATIVE SERVICE OF

PROCESS ON DEFENDANT RYAN COHEN AND

MEMORANDUM OF POINTS AND AUTHORITIES

**TABLE OF CONTENTS**

**I. INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**II. PROCEDURAL AND FACTUAL BACKGROUND** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.  The Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    B.  Comprehensive Service Attempts — Chronological History . . . . . . . . . . . . . . . . . . . . . 3

    C.  Why Plaintiff Did Not Attempt Service at GameStop Corp. . . . . . . . . . . . . . . . . . . . . . 6

    D.  Prior Court Orders Regarding Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    E.  Cohen's Counsel Has Proven, Direct Communication with Cohen . . . . . . . . . . . . . . . . 7

**III. LEGAL STANDARD FOR ALTERNATIVE SERVICE** . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    A.  Federal Rule of Civil Procedure 4(e)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    B.  Nevada Rule of Civil Procedure 4.4(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    C.  Florida Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

D.  Constitutional Due Process Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**IV. ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

A.  Personal Service on Cohen Is Impracticable . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

B.  Plaintiff Has Demonstrated Due Diligence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

C.  Service Through Counsel Is Court-Ordered Alternative Service, . . . . . . . . . . . . . . . . . . 12

D.  The Proposed Methods Satisfy Due Process Under Mullane . . . . . . . . . . . . . . . . . . . . . 12

E.  Cohen's Known Contact Information Under NRCP 4.4(b)(2)(A) . . . . . . . . . . . . . . . . . . 14

F.  Cohen Has Proven Actual Notice of This Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

G.  Denial Would Effectively Deny Plaintiff Access to the Courts . . . . . . . . . . . . . . . . . . . 14

**V. CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Mitchell v. Cohen et al.

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

-------------

Bd. of Trs. v. Scoutlite Corp.,

No. 2:24-cv-01059-RFB-DJA (D. Nev. Sept. 16, 2024) ......... IV.A Board of Trustees v. Sahara

Star, LLC,

2014 WL 2804588 (D. Nev. June 19, 2014) ............... IV.A, IV.C Borzeka v. Heckler,

739 F.2d 444 (9th Cir. 1984) ......................... IV.A, IV.F Chambers v. NASCO, Inc.,

501 U.S. 32 (1991) ......................................... IV.G Chanel, Inc. v. Gordashevsky,

558 F. Supp. 2d 532 (D.N.J. 2008) ...................... II.E, IV.A Direct Mail Specialists, Inc. v. Eclat

Computerized Techs., Inc.,

840 F.2d 685 (9th Cir. 1988) ............................... III.D Erickson v. Pardus,

551 U.S. 89 (2007) ......................................... IV.G Falcon Cliff, LLC v. Wykoff,

No. 2:24-cv-00694-RFB-DJA (D. Nev. July 15, 2024) .......... IV.A Fashion Exch. LLC v. Hybrid

Promotions, LLC,

2019 WL 3037269 (D. Nev. July 11, 2019) ................... III.D Haines v. Kerner,

404 U.S. 519 (1972) ........................................ IV.G Hobson v. Harper,

No. 2:25-cv-01211-APG-EJY (D. Nev. Sept. 2025) ............ IV.A Hollow v. Hollow,

193 F.R.D. 49 (N.D.N.Y. 2000) ............................. IV.A In re Focus Media, Inc.,

387 F.3d 1077 (9th Cir. 2004) ........................ IV.A, IV.C Lea v. Kim,

2024 WL 1328345 (C.D. Cal. Mar. 28, 2024) ................... IV.C Levin v. Raynor,

2019 WL 4575389 (S.D. Fla. Sept. 20, 2019) ................. IV.A Mullane v. Cent. Hanover Bank &

Trust Co.,

339 U.S. 306 (1950) .................... III.B, III.D, IV.C, IV.D, IV.G Nansamba v. N. Lake Tahoe Fire

Prot. Dist.,

2023 WL 4364735 (D. Nev. July 6, 2023) ............... III.D, IV.A Neumont Univ. v. Nickles,

304 F.R.D. 594 (D. Nev. 2015) ............................... IV.A Reflex Media, Inc. v. Wallace,

No. 2:18-cv-02423-RFB-BNW (D. Nev. Jan. 11, 2022) .......... IV.D Rio Props., Inc. v. Rio Int'l Interlink,

284 F.3d 1007 (9th Cir. 2002) .............. II.E, III.D, IV.A, IV.C Silverberg v. Bonomo,

No. 2:25-cv-01587-GMN-NJK (D. Nev. Nov. 2025) .............. IV.B Starken v. Amazon.com, Inc.,

No. 2:25-cv-00045-RFB-EJY (D. Nev. May 5, 2025) ............ IV.D Westgate LVH v. Trustees,

No. 2:15-cv-01613-GMN-VCF, 2018 WL 11445543

(D. Nev. 2018) ................................................ IV.A Williams v. Schulte,

No. 2:25-cv-00667-RFB-EJY (D. Nev. Sept. 12, 2025) ......... IV.D

STATE CASES

-----------

Abreu v. Gilmer,

985 P.2d 746 (Nev. 1999) .................................... IV.B McNair v. Rivera,

874 P.2d 1240 (Nev. 1994) ................................... IV.B Price v. Dunn,

787 P.2d 785 (Nev. 1990) .................................... IV.B

**FEDERAL STATUTES AND RULES**

-------------------------

28 U.S.C. § 1746 ...................................... Declaration Fed. R. Civ. P. 1 ........................................ V

Fed. R. Civ. P. 4(d) ........................ I, II.F, IV.G, Decl. Fed. R. Civ. P. 4(e)(1) ............................ I, III.A, III.C Fed. R. Civ. P. 4(e)(2)(B) ........................... II.B.5, II.B.6 Fed. R. Civ. P. 4(m)

........................................ II.A

**STATE STATUTES AND RULES**

Mitchell v. Cohen et al.

------------------------

Fla. Const. art. VII, § 6 ................................. III.C Fla. Stat. § 48.031 ............................ III.C, IV.A

Fla. Stat. § 48.031(5)(b) ............................ III.C Fla. Stat. § 48.031(1)(a) ................................ III.C

Fla. Stat. § 196.031 ..................................... III.C Fla. Stat. § 196.061 ...................................... II.E

Fla. Stat. § 322.17 ............................. II.B.6, III.C Nev. Rev. Stat. § 14.090 ............................

II.B.6, III.D Nev. R. Civ. P. 4.2 ................................... III.B, IV.A Nev. R. Civ. P. 4.2(a)(2)

................................. II.B.6 Nev. R. Civ. P. 4.3 ........................................ III.B Nev. R. Civ. P. 4.4(a)

.................................... III.B Nev. R. Civ. P. 4.4(b) .............. I, III.B, IV.A, IV.C, IV.H Nev. R. Civ.

P. 4.4(b)(1) ............................ III.B, IV.A Nev. R. Civ. P. 4.4(b)(2)(A) ......................... III.B, IV.E

Nev. R. Civ. P. 4.4(b)(2)(B) ............................... III.B Nev. R. Civ. P. 4.4(d) ..................... III.B,

IV.C, IV.D, Order

Plaintiff Anthony Mitchell ("Plaintiff"), proceeding pro se, respectfully moves this Court pursuant to Nevada Rule of Civil Procedure 4.4(b) and Federal Rule of Civil Procedure 4(e)(1) for an order authorizing alternative service of process on Defendant Ryan Cohen ("Cohen"). This Motion is supported by the accompanying Declaration of Anthony Mitchell ("Mitchell Decl.") and the exhibits attached thereto.

## I. INTRODUCTION

Despite diligent efforts spanning nearly two years across three states, Plaintiff has been unable to effectuate personal service on Defendant Ryan Cohen. Seven separate attempts — employing process servers, certified mail, and a licensed private investigator — have all failed, and conventional service is impracticable.

This Motion is not a motion for reconsideration of the Court's February 4, 2026 Order (ECF No. 88). It is a new motion based on facts that did not exist when that Order was entered — specifically, multiple failed service attempts at Cohen's actual residential addresses in Florida, a licensed private investigator's report, certified mail deliveries, and ECF No. 94 reflecting ongoing counsel coordination — all post-dating the Court's Order.1

Moreover, this Court already granted alternative service on co-defendant Gove under ECF No. 16 based on a substantially weaker record — a gated community where security denied access and multiple service attempts failed. The record for Cohen now surpasses the Gove record in every respect.

What distinguishes this Motion from Plaintiff's prior requests is that Plaintiff has now done precisely what the Court previously required — and more. Plaintiff has:

• Retained a licensed private investigator who confirmed that Cohen's current Florida driver's license lists 224 Bal Bay Drive, Bal Harbour, FL 33154 as his residential address. Mitchell Decl. ¶¶ 25-26; Exhibit F.

• Attempted personal service at 224 Bal Bay Drive — the address listed on Cohen's current Florida driver's license and a property held in the Honeybell Trust managed by Barry M. Brant, CPA, the same individual who transferred Cohen's homestead to him (Exhibits N, O, P) — where an

individual identifying as the resident stated the "subject [is] unknown," and an on-site worker did not recognize Cohen's name. Mitchell Decl. ¶¶ 15-16, 40; Exhibit B.

• Attempted personal service at 10201 Collins Avenue, Unit 1807W, Bal Harbour, FL — a property Cohen still owns, with no transfer of ownership recorded since December 19, 2024, and on which he has claimed a Florida homestead exemption (declaring it his primary residence) — where two separate individuals independently denied Cohen's presence: an individual identifying as the resident stated that Cohen had "moved," and a property manager/landlord separately confirmed that Cohen is "not resident." Mitchell Decl. ¶ 13; Exhibit A.

• Sent certified mail to Cohen's residential address, which USPS records confirm was "Delivered, Left with Individual" on February 23, 2026 — just four days before the property manager told the process server Cohen had "moved." Mitchell Decl. ¶ 27; Exhibit G.

• Sent certified mail to Cohen's P.O. Box, which Cohen has not picked up. Mitchell Decl. ¶ 29; Exhibit H.

• Requested waiver of service under FRCP 4(d) from Cohen's counsel, who declined within two days. Exhibits I, J.

• Sent certified mail containing the Summons and Complaint to 224 Bal Bay Drive — the address on Cohen's driver's license where a resident had told the process server Cohen was "unknown" just six days earlier — and Ryan Cohen personally signed for it on March 16, 2026. Mitchell Decl. ¶ 17; Exhibit U.

Cohen's attorneys — who have actively litigated this case for over a year and who obtained Cohen's own signed, sworn declaration — are in direct and proven communication with him.

The Court's final service deadline of March 20, 2026 is imminent. ECF No. 88 at 6. Plaintiff respectfully requests that the Court exercise its authority under NRCP 4.4(b) to authorize alternative service through methods reasonably calculated to provide Cohen actual notice — and likely to do so, given the proven communication channel through counsel.

A comprehensive chronological chart is set forth in Mitchell Decl. ¶ 52.

_____

1. The Court entered ECF No. 88 on February 4, 2026. Plaintiff's Florida service attempts occurred on February 18-27, 2026 (certified mail) and February 27 and March 10, 2026 (personal service). The private investigator's report is dated March 3, 2026. The pre-filing email and phone calls were placed on March 11, 2026. On March 16, 2026, Ryan Cohen personally signed for certified mail containing the Summons and Complaint at 224 Bal Bay Drive (Exhibit U). All of these facts post-date the Order and could not have been presented at that time.

2. Nevada law independently recognizes that gated-community barriers warrant alternative service methods. See NRS 14.090.

## II. PROCEDURAL AND FACTUAL BACKGROUND

### A. The Action

Plaintiff filed this federal securities action on May 29, 2024, alleging violations of Sections 9, 10(b), and 20(a) of the Securities Exchange Act of 1934 arising from Cohen's alleged manipulation of Bed Bath & Beyond stock during August 2022. The Complaint is docketed at ECF No. 7. Plaintiff, a retail investor residing in Nevada, purchased 8,847 shares of BBBY stock between July 2022 and April 2023. Id. ¶ 17.

On September 30, 2025, this Court dismissed the claims against Cohen without prejudice for insufficient service, granting Plaintiff leave to effectuate proper service. ECF No. 78.

On February 4, 2026, the Court granted Plaintiff a final 45-day extension under FRCP 4(m), setting a March 20, 2026 deadline — and stating this is "Plaintiff's last extension of this deadline." ECF No. 88 at 6.

### B. Comprehensive Service Attempts — Chronological History

Plaintiff has made seven separate service attempts on Cohen across three states over the course of twenty months:

1. August 8-9, 2024 — New York, New York

Plaintiff retained a process server to serve Cohen at 1114 Avenue of the Americas, 32nd Floor, New York, NY 10036 — the office of a law firm associated with Cohen. The process server was denied access to the building on multiple attempts over two days. The server reported on August 8 that a

Mitchell v. Cohen et al.

manager "stated service not permitted." On August 9, the server noted the address was "a multi unit business commercial building" where "[n]o one resides" and stated "SUBSTITUTE SERVICE IS NOT ALLOWED AT BUSINESS LOCATION."

ECF No. 13 at 10-11.

2.  November 19-20, 2024 — Carson City, Nevada

Plaintiff retained a process server who delivered documents to Ana Gomes at 701 South Carson Street, Suite 200, Carson City, Nevada 89701 — GameStop's registered agent per Nevada SOS (Exhibit T). Cohen is GameStop's CEO (Exhibit S; SEC Form 10-K). Cohen's sworn declaration stated he "do[es] not know" Ana Gomes and that CT Corporation "is not a registered agent" for him or RC Ventures; the declaration addressed personal capacity only. ECF No. 43-1 ¶¶ 5-8.

3.  February 18-23, 2026 — Certified Mail to Residential

   Address (Bal Harbour, Florida)

Following the Court's February 4, 2026 Order and extensive public records research identifying Cohen's connection to residential properties in Bal Harbour, Florida (Mitchell Decl. ¶¶ 18-24), Plaintiff sent certified mail addressed to Ryan Cohen at his Bal Harbour residential address on February 18, 2026.

USPS records confirm that this certified mail was delivered on February 23, 2026 at 12:57 PM at Miami Beach, FL 33154 (the zip code encompassing Bal Harbour). The delivery status reads: "Delivered, Left with Individual." Mitchell Decl. ¶ 27; Exhibit G.

4.  February 19, 2026 — Certified Mail to P.O. Box (Miami)

On February 19, 2026, Plaintiff sent certified mail addressed to Ryan Cohen at P.O. Box 25250, PMB 30427, Miami, FL 33102 via LetterStream (Job No. 13422809). Cohen has not picked up this certified mail. Mitchell Decl. ¶ 29; Exhibit H.

5.  February 27, 2026 — Bal Harbour, Florida (Collins Avenue)

Plaintiff retained Florida process server Tyrone Mapp to attempt personal service at 10201 Collins Avenue, Unit 1807W, Bal Harbour, FL 33154 — an address that Miami-Dade County Property Appraiser records confirm is owned by Ryan Cohen and Candice Cohen, and on which Cohen has claimed a Florida homestead exemption for 2025, declaring it his primary residence. Mitchell Decl.

¶¶ 37-38; Exhibit C at p. 2, Benefits Information.

On February 27, 2026, Mr. Mapp attempted service at this address. As documented in the Proof of Non-Service, Mr. Mapp spoke with two separate individuals: (1) a resident who "stated subject moved" and (2) a property manager who confirmed Cohen is "not resident." The summons was returned unexecuted. Mitchell Decl. ¶ 13; Exhibit A.

Substitute service was not attempted because both individuals denied Cohen's presence, negating the "dwelling or usual place of abode" predicate under FRCP 4(e)(2)(B). See Karlsson v. Rabinowitz, 318 F.2d 666, 668-69 (4th Cir. 1963). Plaintiff offers to make a substitute service attempt at Collins Avenue if the Court conditions its grant on that step.

The denials are contradicted by Cohen's homestead exemption (Exhibit C), continued ownership, and certified mail delivered to an individual at this address four days earlier (Exhibit G).

6.  March 10, 2026 — Bal Harbour, Florida (Bal Bay Drive)

A licensed private investigator retained by Plaintiff confirmed that Cohen's current Florida driver's license lists 224 Bal Bay Drive, Bal Harbour, FL 33154 as his residential address. Mitchell Decl. ¶¶ 25-26; Exhibit F. Under Fla. Stat. § 322.17, individuals must maintain accurate address information on their driver's license. Plaintiff retained process server Tyrone Mapp to attempt personal service at this address.

On March 10, 2026, Mr. Mapp attempted service at 224 Bal Bay Drive. As documented in the Proof of Non-Service, Mr. Mapp spoke with an individual who identified themselves as the resident, who stated that the "subject [is] unknown." Mr. Mapp also spoke with an on-site worker who did not recognize Cohen's name. The summons was returned unexecuted. Mitchell Decl. ¶¶ 15-16; Exhibit B.

The denial at Bal Bay Drive mirrors Collins Avenue: denial negating the statutory predicate for substitute service. The trustee of the Honeybell Trust holding this property — Barry M. Brant — is the same individual who transferred Collins Avenue to Cohen (Exhibits O, P), establishing a connection between Cohen and both properties. See supra n.2 (NRS 14.090).

7.  March 16, 2026 — Certified Mail Signed by Cohen at
   224 Bal Bay Drive

Mitchell v. Cohen et al.

On March 9, 2026, Plaintiff mailed a certified letter containing the Summons and Complaint to 224 Bal Bay Drive, Bal Harbour, FL 33154 — the same address where, the following day, an individual identifying as the resident told process server Tyrone Mapp that the "subject [is] unknown." Mitchell Decl. ¶ 17; Exhibits B, V.

On March 16, 2026, at 3:45 PM, the USPS Proof of Delivery confirms that this certified mail was delivered at Miami Beach, FL 33154 and signed for by "RYAN COHEN." Mitchell Decl. ¶ 17; Exhibits U, V.

Plaintiff used a neutral return address because prior identified mailings were not signed for by Cohen personally; the contents — the actual Summons and Complaint — were not disguised or altered.

Exhibit U is not offered as formal service. It is offered as evidence that (1) Cohen is physically present at 224 Bal Bay Drive, contradicting the March 10 denial; (2) individuals at the address gave information inconsistent with later delivery records; and (3) the method Plaintiff proposes — court-authorized mail to Cohen's confirmed addresses — has already been proven to reach him. The proposed alternative service replicates the very method that achieved actual notice. See Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

**C.   Why Plaintiff Did Not Attempt Service at GameStop Corp.**

Plaintiff did not attempt personal service at GameStop's headquarters in Grapevine, Texas because this Court twice denied alternative service motions where attempts were directed at commercial addresses rather than residential ones (ECF Nos. 16, 34), and because Cohen's role as Chairman of the Board does not require daily physical presence at any GameStop office. Plaintiff's proposed service plan accordingly focuses on Cohen's confirmed residential addresses in Florida, where Exhibit U demonstrates he can be reached by mail.

**D.   Prior Court Orders Regarding Service**

The Court denied three prior service-related motions, each for specific deficiencies that this Motion now addresses:

**• ECF No. 16 (9/5/24): No personal service at actual address. NOW ADDRESSED: Two Florida residential attempts.**

Exhibits A, B.

**• ECF No. 34 (11/14/24): Insufficient diligence and investigative documentation. NOW ADDRESSED: Thirteen-step investigation including PI, property records, SEC filings. Mitchell Decl. ¶¶ 18-40.**

**• ECF No. 88 (2/4/26): Denied compelling counsel to accept service; granted final 45-day extension. NOW ADDRESSED: Plaintiff does not ask to compel counsel. Plaintiff asks the Court to authorize mailing as primary service with supplemental notice to counsel under NRCP 4.4(d) — a fundamentally different request, as explained in Section IV.C. And Plaintiff now supports this request with evidence that did not exist when the Court ruled on ECF No. 88.**

Each deficiency has been cured. Grant here would be consistent with this Court's approach in Gove (ECF No. 16).

**E.   Cohen's Counsel Has Proven, Direct Communication with Cohen**

Cohen's counsel of record — Williams & Connolly LLP (Washington, D.C.) and Evans Fears Schuttert McNulty Mickus (Las Vegas, NV) — have been actively litigating this case on Cohen's behalf since December 2024. Counsel's active participation is documented extensively in the record:

• Filed multiple motions on Cohen's behalf (ECF Nos. 43, 46, 83, 90), including Cohen's own sworn declaration (ECF No. 43-1);

• On February 20, 2026, counsel replied within two days to Plaintiff's FRCP 4(d) waiver request: "We are not authorized to accept service on behalf of Mr. Cohen and/or RC Ventures LLC. The defendants have not waived service." Exhibits I, J. The same defendants — Ryan Cohen personally and RC Ventures LLC — executed AO 399 waivers of service in a related action, Case No. 1:24-cv-05874 (S.D.N.Y.), on August 13, 2024. Exhibit M. Cohen signed the waiver the same week (August 8-9, 2024) that a process server was being denied access to serve him in this case. Cohen knows how to cooperate with service; he chooses not to here;

• On March 2, 2026, counsel emailed Plaintiff seeking consent for RC Ventures to extend its response deadline to "unify the Cohen Defendants' filing deadlines" — confirming active

coordination between counsel and Cohen. Exhibit K.

• On March 3, 2026, counsel filed ECF No. 94 (Exhibit L) — captioned as filed by "Attorneys for Defendants RC Ventures LLC and Ryan Cohen." ECF No. 94 at 1. Counsel stated "[t]he Cohen Defendants have conferred about this matter with Plaintiff" and plan "a single, joint motion" after Cohen is served. Id. at 2. This reflects active coordination with Cohen as recently as March 3, 2026.

### III. LEGAL STANDARD FOR ALTERNATIVE SERVICE

#### A.  Federal Rule of Civil Procedure 4(e)(1)

FRCP 4(e)(1) provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Because this Court sits in Nevada, Nevada law governing alternative service applies. Additionally, because service was attempted in Florida, Florida law may also provide applicable service methods. See FRCP 4(e)(1).

#### B.  Nevada Rule of Civil Procedure 4.4(b)

NRCP 4.4(b)(1) authorizes a plaintiff to serve a party through alternative means when the methods of service provided for in Rules 4.2, 4.3, and 4.4(a) "are impracticable." NRCP 4.3 governs service on a party located outside Nevada, but Cohen is not being served within Nevada, and certified mail under NRCP 4.3(d) to his P.O. Box has gone unclaimed. All three conventional methods are therefore impracticable.

A motion for alternative service must provide "affidavits, declarations or other evidence demonstrating: (i) the due diligence that the plaintiff undertook to locate and serve the defendant; and (ii) the defendant's known, or last known contact information including address, phone numbers, email addresses, social media accounts, or other information used to communicate with the defendant." NRCP 4.4(b)(2)(A).

The motion must also "outline the proposed alternative service method and explain why it comports with due process." NRCP 4.4(b)(2)(B).

Importantly, if the Court orders alternative service, the plaintiff must also make "reasonable efforts

Mitchell v. Cohen et al.

to provide additional notice" under NRCP 4.4(d), which may include "certified mail, telephone, voice message, email, social media, or any other method of communication." NRCP 4.4(d). Service by publication under NRCP 4.4(a) is also impracticable. Cohen has no Nevada connection per his own sworn declaration (ECF No. 43-1 ¶ 5); publication in a Nevada newspaper would have virtually no probability of reaching a Florida resident. See Mullane, 339 U.S. at 315.

## C. Florida Law

Florida's service rules are also relevant under FRCP 4(e)(1). Neither personal service (Fla. Stat. § 48.031) nor substitute service is available: individuals at both addresses denied Cohen's presence, and Fla. Stat. § 48.031(5)(b)'s gate-access petition requires filing in Florida state court — unavailable to an out-of-state pro se litigant.2

## D. Constitutional Due Process Standard

The Due Process Clause requires only that service be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). The Constitution "does not require any particular means of service of process." Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1017 (9th Cir. 2002). Rule 4 "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988). Courts have broad discretion to authorize creative service methods where traditional methods are unavailable. See Rio Props., 284 F.3d at 1017-18 (affirming service by email where defendant was "elusive" and personal service was "not practicable"); see also Nansamba v. N. Lake Tahoe Fire Prot. Dist., 2023 WL 4364735, at *2 (D. Nev. July 6, 2023) (authorizing alternative service under NRCP 4.4(b)); Fashion Exch. LLC v. Hybrid Promotions, LLC, 2019 WL 3037269, at *2 (D. Nev. July 11, 2019) (authorizing alternative service by email where personal service proved futile).

## IV. ARGUMENT

## A. Personal Service on Cohen Is Impracticable

The record establishes that personal service

on Cohen is impracticable within the meaning of NRCP 4.4(b)(1). Over twenty months, Plaintiff has made seven service attempts using multiple methods — personal service, certified mail, and professional investigation — all without success. Most recently, Plaintiff sent certified mail containing the Summons and Complaint to Cohen's driver's license address, and Cohen personally signed for it — confirming his physical presence at the address where a resident and an on-site worker denied his presence just six days earlier. Mitchell Decl. ¶ 17; Exhibit U.

This Court already granted alternative service on co-defendant Gove based on gated-community barriers, security denials, and failed attempts. ECF No. 16 at 6-7. The Cohen record replicates every element that sufficed for Gove and adds PI-confirmed addresses, homestead records, and Cohen's own signature on certified mail at the denied address (Exhibit U). The Cohen record is a fortiori sufficient.

Magistrate Judge Albregts — who will decide this Motion — has granted alternative service in other Boulware-assigned cases on comparable showings. See Falcon Cliff, LLC v. Wykoff, No. 2:24-cv- 00694-RFB-DJA, ECF No. 12 (D. Nev. July 15, 2024) (Albregts, M.J.) (granting alternative service where "proposed alternative service methods are reasonably calculated" to provide notice); Bd. of Trs. v. Scoutlite Corp., No. 2:24-cv-01059-RFB-DJA, ECF No. 6 (D. Nev. Sept. 16, 2024) (Albregts, M.J.) (granting alternative service in part, conditioned on personal service attempt at a second address). Plaintiff here has already attempted personal service at two separate residential addresses — exceeding the condition imposed in Scoutlite. The record presents no material factual disputes: the evidence consists of third-party professional documentation (process server Proofs of Non-Service, PI affidavit, USPS records, government property records), and Cohen has offered no contrary evidence despite actively litigating counsel. Every deficiency identified in the Court's prior orders has been cured.

Moreover, Plaintiff faces a Catch-22: the same denials that establish impracticability also defeat substitute service. If Cohen resides at these addresses despite the denials, individuals at those addresses are preventing service. If the denials are truthful, substitute service would be defective. Either way, alternative service is the appropriate remedy.

Impracticability under NRCP 4.4(b)(1) is measured qualitatively — by the range and reasonableness of efforts — not by counting visits. See Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1015 (9th Cir. 2002) (Rule 4 "does not require a plaintiff to exhaust every conceivable means of service before resorting to an alternative method"). District of Nevada precedent is equally clear: "Plaintiffs are not required to attempt every permissible means of service of process before requesting an alternative method of service." Hobson v. Harper, No. 2:25-cv- 01211-APG-EJY (D. Nev. Sept. 2025); see also Neumont Univ. v. Nickles, 304 F.R.D. 594 (D. Nev. 2015) (granting alternative service without requiring exhaustion of all conventional methods); Westgate LVH v. Trustees, No. 2:15-cv-01613-GMN-VCF, 2018 WL 11445543 (D. Nev. 2018) (same). Any suggestion that Plaintiff must first attempt substitute service — a method the record shows would be defective — before this Court may authorize alternative service is foreclosed by this authority.

The barriers are structural, not temporal. The process server spoke with four individuals across two locations — each occupying a different role — and all denied Cohen's presence; additional visits would yield the same result. See Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984). This Court's March 20, 2026 deadline leaves insufficient time for additional visits. Nonetheless, Plaintiff offers to make one additional substitute service attempt at Collins Avenue if the Court conditions its grant on that step (with a 30-day extension).

## B.  Plaintiff Has Demonstrated Due Diligence

The Court's prior denials were based on Plaintiff's failure to attempt service at Cohen's actual residential addresses and insufficient documentation of investigative efforts. ECF No. 16 at 6-7; ECF No. 34 at 3. Both deficiencies have been cured.

Plaintiff's evidence rests on third-party professional documentation: sworn Proofs of Non-Service from a licensed process server (Exhibits A, B), a licensed PI's affidavit (Exhibit F), USPS records (Exhibits G, H, U), and official government property records (Exhibits C, N, O, P).

Plaintiff's investigation meets and exceeds the diligence standard applied in this District. See Price v. Dunn, 787 P.2d 785, 786-87 (Nev. 1990); Abreu v. Gilmer, 985 P.2d 746, 747 (Nev. 1999); McNair v. Rivera, 874 P.2d 1240, 1241 (Nev. 1994). The thirteen-step investigation detailed in the Declaration far exceeds these requirements.

The interval between December 2024 and February 2026 was consumed by pending dispositive motions (ECF Nos. 43, 78, 79, 83, 88). No service deadline existed until February 4, 2026. Once the Court set the March 20, 2026 deadline, Plaintiff acted immediately: within two weeks, Plaintiff sent certified mail, requested a waiver, retained a process server, and retained a private investigator. Mitchell Decl. ¶¶ 10-11.

**C.  Service Through Counsel Is Court-Ordered Alternative Service,**

Not "Compelling Counsel to Accept Service"

This Motion's primary request — service by mail to Cohen's known addresses — must be distinguished from Plaintiff's prior request that the Court compel counsel to accept service. Counsel notification is proposed solely as supplemental notice under NRCP 4.4(d).

In ECF No. 88, the Court correctly held that it cannot compel counsel to accept service absent authority. ECF No. 88 at 5. Plaintiff does not ask to compel counsel. The primary method is mailing to Cohen's addresses; counsel notification is supplemental notice under NRCP 4.4(d). Service is deemed complete fourteen days after mailing (or upon confirmed delivery, whichever is earlier); counsel notification does not determine service effectiveness. See Lea v. Kim, 2024 WL 1328345, at *3 (C.D. Cal. Mar. 28, 2024) (authorizing alternative service through counsel); Board of Trustees v. Sahara Star, LLC, 2014 WL 2804588, at *4 (D. Nev. June 19, 2014).

**D.  The Proposed Methods Satisfy Due Process Under Mullane**

Plaintiff proposes the following methods of alternative service, which in combination are "reasonably calculated, under all the circumstances, to apprise" Cohen of this action:

Primary Method — First Class Mail and Certified Mail to Known Addresses:

Mailing the summons, complaint, and order authorizing alternative service by (a) USPS first class mail, and

(b) certified mail, return receipt requested, to each of the following:

• 224 Bal Bay Dr, Bal Harbour, FL 33154 (Cohen's current address per his Florida driver's license — Exhibit F);

• 10201 Collins Ave, Unit 1807W, Bal Harbour, FL 33154 (Cohen's homestead — Exhibit C; certified mail delivered here February 23, 2026 — Exhibit G);

Mitchell v. Cohen et al.

• P.O. Box 25250, PMB 30427, Miami, FL 33102.

First class mail ensures service cannot be defeated by refusing to sign — it is deposited directly into the mailbox. Certified mail provides evidentiary proof of delivery. This dual-method approach is validated by the record: certified mail to 10201 Collins Avenue was already delivered to an individual on February 23, 2026 (Exhibit G).

Supplemental Notice Under NRCP 4.4(d) — Notification to Counsel:

NRCP 4.4(d) provides that when alternative service is ordered, the plaintiff must make "reasonable efforts to provide additional notice" including by "email" and "any other method of communication." Plaintiff proposes the following supplemental notice to counsel of record:

• Email to counsel at: dbutswinkas@wc.com; sfarina@wc.com; mprebil@wc.com; jromanowski@wc.com; kevans@efsmmlaw.com; dgutke@efsmmlaw.com; bmarshall@efsmmlaw.com;

• First class mail to Williams & Connolly LLP, 680 Maine Ave. SW, Washington, DC 20024; and Evans Fears Schuttert McNulty Mickus, 6720 Via Austi Parkway, Suite 300, Las Vegas, NV 89119. Counsel's proven communication with Cohen — including obtaining his sworn declaration (ECF No. 43-1) and coordinating joint strategy (ECF No. 94) — makes this channel reliable.

Plaintiff will also send a direct message to Cohen's verified X (Twitter) account (@ryancohen) as additional NRCP 4.4(d) notice.

Additionally, Plaintiff will send an email to ERICBENCOHEN@GMAIL.COM — an email address identified as associated with Cohen through the Delvepoint Comprehensive Public Records Report (Exhibit E at p. 23) — as further NRCP 4.4(d) supplemental notice.

These methods in combination provide multiple redundant channels of notice through physical addresses, professional intermediaries, and social media, exceeding the constitutional minimum. Magistrate judges in Boulware-assigned cases have routinely authorized these methods. See Starken v. Amazon.com, Inc., No. 2:25-cv-00045-RFB-EJY, ECF No. 114 (D. Nev. May 5, 2025) (Youchah, M.J.) (authorizing plaintiff to "email a copy of the Summons and Complaint to any email address that is reasonably believed to be associated with" the defendant); Williams v. Schulte, No. 2:25-cv-00667-RFB-EJY, ECF No. 12 (D. Nev. Sept. 12, 2025) (Youchah, M.J.) (authorizing

Mitchell v. Cohen et al.

service by publication, U.S. mail, certified mail, and text message); Reflex Media, Inc. v. Wallace, No. 2:18-cv-02423-RFB-BNW, ECF No. 251 (D. Nev. Jan. 11, 2022) (Weksler, M.J.) (authorizing service "via e-mail and Facebook" where standard methods were impracticable).

**E.   Cohen's Known Contact Information Under NRCP 4.4(b)(2)(A)**

As required by NRCP 4.4(b)(2)(A), the following contact information is known for Cohen:

Addresses: 224 Bal Bay Dr, Bal Harbour, FL 33154 (driver's license — Exhibit F); 10201 Collins Ave, Unit 1807W, Bal Harbour, FL 33154 (listed homestead — Exhibit C at p. 2, Benefits Information); P.O. Box 25250, PMB 30427, Miami, FL 33102.

Business: GameStop Corp., Chairman of the Board (625 Westport Parkway, Grapevine, TX 76051); RC Ventures LLC, Manager.

Social Media: X (formerly Twitter): @ryancohen.

Counsel: Williams & Connolly LLP and Evans Fears Schuttert McNulty Mickus — addresses and emails listed in Section IV.D.

Phone: (305) 904-7291 (Miami, FL), (516) 822-1262 (New York), (514) 833-3320 (Montreal, Canada). Plaintiff left voicemail messages at both domestic numbers on March 11, 2026. (Mitchell Decl. ¶¶ 49-51; Exhibit E at p. 1.)

Email: ERICBENCOHEN@GMAIL.COM (Exhibit E at p. 23). Pre-filing notice email sent March 11, 2026; delivered. (Mitchell Decl. ¶ 48; Exhibit R.)

**F.   Cohen Has Proven Actual Notice of This Action**

Cohen has actual notice through counsel's year-long litigation and, most significantly, his personal signature for certified mail containing the Summons and Complaint (Exhibit U). Actual notice does not cure defective service, Crowley v. Bannister, 734 F.3d 967, 975 (9th Cir. 2013), which is precisely why this Motion is necessary — court authorization of alternative service is required even where actual notice exists.

This Motion is not mooted by Exhibit U. Receipt of the Summons and Complaint via certified mail does not constitute formal service under Rule 4. See Crowley, 734 F.3d at 975. Without court-authorized service, the 21-day answer period under FRCP 12(a)(1)(A)(i) does not begin to run. This Motion therefore remains necessary to formalize service and trigger Defendant's

obligation to respond.

**G.  Denial Would Effectively Deny Plaintiff Access to the Courts**

The Court has set March 20, 2026 as Plaintiff's final service deadline and has stated this is "Plaintiff's last extension." ECF No. 88 at 6. If alternative service is not authorized, Plaintiff's claims against Cohen will be dismissed — not for lack of merit, but because conventional service is physically impossible against a defendant who resides behind gated security in secured residential communities.

Plaintiff is a pro se litigant who has nonetheless retained a PI, employed process servers across three states, and conducted exhaustive research. The practical consequence of denial is that Cohen — who has actual notice and actively litigating counsel — will escape jurisdiction because he lives behind gated security. The equities strongly favor authorization. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991).

In the alternative, if the Court determines that Defendant's receipt and signature on the March 16, 2026 certified mailing reflected in Exhibit U satisfies the requirements of Rule 4, Plaintiff respectfully requests that the Court deem service effective as of that date. Plaintiff does not rely on Exhibit U as formal service for purposes of this Motion, but submits it as further evidence of Defendant's ability to receive process and the impracticability of traditional methods.

## V. CONCLUSION

Plaintiff has satisfied every requirement for alternative service under NRCP 4.4(b) and Mullane. The record exceeds the Gove showing (ECF No. 16), and Cohen has proven actual notice (Exhibit U). Plaintiff offers to make an additional substitute service attempt at Collins Avenue if the Court so directs.

WHEREFORE, Plaintiff respectfully requests that the Court:

(1) Authorize alternative service of process on Defendant Ryan Cohen by the methods set forth in the accompanying Proposed Order, including USPS first class mail and certified mail to Cohen's

known addresses and supplemental notice to counsel of record under NRCP 4.4(d);

(2) Extend the service deadline as necessary to complete the alternative service methods authorized herein;

(3) Consider this Motion on an expedited basis given the imminent March 20, 2026 service deadline, or in the alternative, toll the service deadline while this Motion is pending;

(4) Grant such other and further relief as the Court deems just and proper.

Dated: March 17, 2026                                                Respectfully submitted,


/s/ Anthony Mitchell

Anthony Mitchell

Plaintiff, Pro Se

CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2026, I submitted the foregoing Motion for Order Authorizing Alternative Service of Process, together with all supporting declarations and exhibits, to the Clerk of the Court for filing via electronic mail.

I further certify that, upon filing, the CM/ECF system will send notification of such filing to all counsel of record. In addition, I have provided a copy of this filing to counsel for Defendants via electronic mail.


/s/ Anthony Mitchell

Anthony Mitchell

Plaintiff, Pro Se

Mitchell v. Cohen et al.