UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANTHONY MITCHELL,

Plaintiff,

v.

RYAN COHEN, an individual; et al.

Defendants.

Case No. 2:24-cv-01042-RFB-DJA

[PROPOSED] ORDER ON PLAINTIFF'S

MOTION FOR ALTERNATIVE SERVICE ON

DEFENDANT RYAN COHEN

Before the Court is Plaintiff Anthony Mitchell's Motion for Order Authorizing Alternative Service of Process on Defendant Ryan Cohen (ECF No. ___). Having considered the Motion, the Declaration of Anthony Mitchell filed in support thereof, the exhibits attached thereto, the record in this case, and good cause appearing,

THE COURT FINDS as follows:

1. Plaintiff has demonstrated due diligence under NRCP 4.4(b)(2)(A).

2. The standard methods of service under Federal Rule of Civil Procedure 4(e)(2), Nevada Rules of Civil Procedure 4.2 and 4.3, and service by publication under Nevada Rule of Civil Procedure 4.4(a) are impracticable as to Defendant Ryan Cohen. Service by publication is impracticable because Defendant Cohen's known addresses are in Florida, and publication in a Nevada newspaper is unlikely to apprise him of this action.

3. USPS certified mail was delivered to 224 Bal Bay Drive, Bal Harbour, FL 33154 on March 16, 2026, and was signed for by an individual identified as "Ryan Cohen" according to USPS records (Exhibit U), which is inconsistent with the denial of Defendant Cohen's presence at that address by a resident and an on-site worker to a process server six days earlier, and which supports a finding

Mitchell v. Cohen et al.

that traditional service methods are impracticable.

4. This Court previously authorized alternative service in this case on Defendant Gove (ECF No. 16) based on a comparable showing of gated-community barriers and unsuccessful service attempts. The record as to Defendant Cohen supports a comparable showing.

Based on the foregoing findings, IT IS HEREBY ORDERED:

IT IS ORDERED that, pursuant to Federal Rule of Civil Procedure 4(e)(1) and Nevada Rule of Civil Procedure 4.4(b), Plaintiff's Motion for Alternative Service (ECF No. ___) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is authorized to effectuate alternative service of process on Defendant Ryan Cohen by serving a copy of this Order, the Complaint (ECF No. 7), and the Summons on Cohen by the following methods:

(1) Primary Service — First Class Mail and Certified Mail to Known Addresses: Plaintiff shall mail a copy of this Order, the Complaint, and the Summons by (a) USPS first class mail, and (b) certified mail, return receipt requested, to each of:

224 Bal Bay Dr

Bal Harbour, FL 33154

10201 Collins Ave, Unit 1807W

Bal Harbour, FL 33154

P.O. Box 25250, PMB 30427

Miami, FL 33102

(2) Supplemental Notice Under NRCP 4.4(d) — Notification to Counsel of Record: Consistent with NRCP 4.4(d), Plaintiff may provide supplemental notice by:

(a) Email to Defendant Cohen's counsel of record at:

dbutswinkas@wc.com

sfarina@wc.com

mprebil@wc.com

jromanowski@wc.com

kevans@efsmmlaw.com

dgutke@efsmmlaw.com

Mitchell v. Cohen et al.

bmarshall@efsmmlaw.com

(b) First class mail to:

Williams & Connolly LLP

680 Maine Ave. SW

Washington, DC 20024

Evans Fears Schuttert McNulty Mickus

6720 Via Austi Parkway, Suite 300

Las Vegas, NV 89119

(c) Email to Defendant Cohen at ERICBENCOHEN@GMAIL.COM.

(d) Direct message to Defendant Cohen's verified X (formerly Twitter) account at @ryancohen.

IT IS FURTHER ORDERED that service shall be deemed complete fourteen (14) days after mailing to all addresses listed in paragraph (1) above, or upon confirmation of delivery to any address listed in paragraph (1) above, whichever is earlier. Plaintiff shall complete all mailings required by paragraph (1) within seven (7) days of the date of this Order. Plaintiff shall file proof of service with the Court within seven (7) days of the effective date of service.

IT IS FURTHER ORDERED that the Court's service deadline of March 20, 2026 (ECF No. 88) is extended as necessary to allow Plaintiff to complete any service methods authorized herein.

IT IS FURTHER ORDERED that Defendant Ryan Cohen shall have twenty-one (21) days from the effective date of service within which to respond to the Complaint.

IT IS FURTHER ORDERED that, in the alternative, if the Court determines that Defendant Ryan Cohen's receipt and signature on the March 16, 2026 certified mailing constitutes valid service under applicable law, service is deemed effective as of March 16, 2026.

IT IS FURTHER ORDERED that this Order is without prejudice to Defendant Cohen's right to appear, to challenge the sufficiency of service, and to contest the merits of Plaintiff's claims.

DATED: _____

_____

Mitchell v. Cohen et al.

DANIEL J. ALBREGTS

UNITED STATES MAGISTRATE JUDGE

Mitchell v. Cohen et al.