Anthony Mitchell
618 Painted Opus Place
North Las Vegas, Nevada 89084
Telephone: (702) 884-0472
Email: RealAnthonyMitchell@gmail.com

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANTHONY MITCHELL,
Pro Se
Plaintiff,

v.

RYAN COHEN, an individual; and RC
VENTURES LLC, a Delaware limited
liability company,
Defendants.

Case No. 2:24-cv-01042-RFB-DJA

PLAINTIFF'S NOTICE OF ERRATA TO
FIRST AMENDED COMPLAINT

PLAINTIFF'S NOTICE OF ERRATA TO FIRST AMENDED COMPLAINT

Plaintiff Anthony Mitchell, pro se, respectfully submits this Notice of Errata to correct the record regarding certain factual allegations and quotations in the First Amended Complaint ("FAC," ECF No. 100), and to withdraw the allegations identified in Part I below. The corrections follow Plaintiff's complete re-review of the FAC against its own exhibits. Each correction is stated without argument, and none alters the claims for relief.

**I. WITHDRAWAL: THE STALE-DENOMINATOR ALLEGATIONS**

The FAC alleges that Amendment No. 2 to the Schedule 13D, filed August 16, 2022 (FAC Exhibit E), reported Defendants' beneficial ownership as approximately 9.8 percent through the use of a stale share-count denominator. FAC Paras. 5(e), 26A, 47A, 54(e). The exhibits

reflect otherwise: the original Schedule 13D, filed March 7, 2022 (Exhibit A), reported approximately 9.8 percent based upon the 96,337,713 shares outstanding reported in the Issuer's then-most-recent Form 10-Q, and Amendment No. 2 (Exhibit E) reported that the same 9,450,100 shares constituted approximately 11.8 percent based upon the current 79,957,649 shares outstanding reported in the Issuer's Form 10-Q for the period ended May 28, 2022. The August 16, 2022 Form 144 (Exhibit D) used the same current figure.

Plaintiff withdraws, and will not rely upon, the following: Paragraph 5(e); the stale-denominator allegations of Paragraph 26A; Scheme Act Four as alleged in Paragraph 47A; and the scienter subparagraph at Paragraph 54(e). This withdrawal extends to every other reference in the FAC to a "denominator manipulation" or "stale denominator" as an act of deceptive conduct, a scheme act, or evidence of scienter, including the references in Paragraphs 6, 9(f), 43, 48, 54A(h), 91(d), and 91(e).

## II. CORRECTION: DISPOSITION OF THE CALL OPTIONS

Paragraphs 1 and 46 of the FAC allege that Defendants' position included "2,350,000 call options" and that Cohen "exercised approximately 2,350,000 call options" on or about August 16-17, 2022. Exhibit F (Schedule 13D/A No. 3, Schedule A) reflects that Defendants held call options underlying 1,670,100 shares (16,701 option contracts) and sold those options on August 17, 2022; Item 6 of Exhibit F states that following those transactions "the Reporting Persons no longer owned any options." The FAC is corrected accordingly: Defendants' position consisted of 7,780,000 common shares plus call options underlying 1,670,100 shares (9,450,100 shares beneficially owned in total), and the transaction alleged in Paragraph 46 was the sale, not the exercise, of those options. Scheme Act Two (Paragraph 46) is restated as the MNPI-informed sale of those call options; the allegation that the transaction was executed while in possession of the material nonpublic information alleged in Paragraphs 38-42 is unchanged.

### III. CORRECTION: THE SCHEDULE 13D FILING CHRONOLOGY

Paragraph 1 states that RC Ventures "made three Schedule 13D filings" (the original Schedule 13D, Amendment No. 2, and Amendment No. 3). There were four: on March 25, 2022, RC Ventures filed Amendment No. 1, which amended Item 4 by adding a description of the Cooperation Agreement. Amendment No. 1 did not amend, qualify, or withdraw the Item 4 representation that "No Reporting Person has any present plan or proposal" regarding the matters in subparagraphs (a)-(j) of Item 4; that representation remained operative thereafter. Statements in the FAC that Item 4 was "never amended in any subsequent filing" (e.g., Paragraph 101(b)) are corrected to state that the Item 4 Representation -- the "no present plan or proposal" statement -- was never amended, qualified, or withdrawn in any subsequent filing, although Item 4 was supplemented by Amendment No. 1 as described above.

### IV. CORRECTION: DATE OF THE COOPERATION AGREEMENT

Paragraphs 19 and 52, the Exhibit Index, and the cover page of Exhibit B date the Cooperation Agreement March 6, 2022. The Agreement states on its face that it was "made and entered into as of March 24, 2022," and it was announced March 25, 2022. March 6, 2022 is the date of the Reporting Persons' letter to the Issuer's Board of Directors referenced in Item 4 of the original Schedule 13D. The FAC is corrected accordingly, and references to "five months" of board participation preceding August 16, 2022 (e.g., Paragraph 52) are corrected to "nearly five months."

## V. CORRECTION: PUBLIC DISSEMINATION OF THE FORM 144

Paragraph 86 states that the substance of the Form 144 "was incorporated by reference in the contemporaneous Schedule 13D/A #2 (Exhibit E)." Exhibit E contains no reference to the Form 144, and that clause is withdrawn. Paragraph 86 is corrected to state that the Form 144's filing and substance became publicly known upon filing on August 16, 2022, through financial media reporting and public dissemination, as reflected in the D.D.C. opinion's account that the Issuer received media questions about the Form 144 shortly after its submission. FAC Exhibit H at 4. The remainder of Paragraph 86, including the alternative reliance theories pleaded there, is unchanged.

## VI. CONFORMITY OF QUOTATIONS

(a) The FAC quotes the D.D.C. opinion (Exhibit H) as finding Cohen's Form 144 certification "itself misleading." The opinion's language, at page 15, is: "Cohen's Form 144 was materially misleading too." The word "too" refers to the opinion's preceding holdings: at page 12, the opinion states, "Taking the Complaint as true, Cohen's amended 13D was materially misleading as well." All quotations are conformed to the opinion's actual text.

(b) The FAC quotes the D.D.C. opinion as finding Cohen's August 12, 2022 post "plausibly read as an expert insider's direction to buy or hold." The opinion's language, at pages 11-12, is: "Bratya has plausibly alleged that Cohen's tweet was more, an expert insider's direction to buy or hold." All quotations are conformed accordingly.

(c) The FAC's quotations of the Item 4 Representation end with the words "except as set forth herein." The full sentence in Exhibit A continues: "or such as would occur upon or in connection with completion of, or following, any of the actions discussed herein." The

quotations should be read as including an ellipsis reflecting that concluding clause. The omission does not alter the allegations, which address the same sentence in full context.

(d) The FAC quotes the D.D.C. opinion as stating Cohen "just barely beat this bad news, which suggests he saw it coming." The opinion's exact text, at page 16, is: "Cohen just barely beat this bad news, which suggests **that** he saw it coming" (emphasis added). The quotation is conformed.

(e) Paragraph 4 describes the Form 144 certification as a sworn statement of "no knowledge of material adverse information." That phrase is a paraphrase. The certification's exact language, quoted correctly elsewhere in the FAC, is that the signer "does not know any material adverse information in regard to the current and prospective operations of the Issuer of the securities to be sold which has not been publicly disclosed." All references are conformed to the exact language.

## VII. SCOPE OF THIS NOTICE

This Notice is limited to the matters identified above. The remaining allegations of the FAC -- including the remaining scheme acts alleged in Paragraphs 45 through 47 (with Paragraph 46 as corrected in Part II) and the scienter allegations of Paragraphs 51 through 54A (except Paragraph 54(e)) -- are unaffected and are not withdrawn. The FAC pleaded the withdrawn denominator allegation as circumstantial evidence only and expressly disclaimed any damages arising from it. FAC Para. 54(e).

If the Court concludes that a formal amendment of the FAC is the appropriate vehicle for any of these corrections, Plaintiff respectfully requests leave to file a conforming amendment under Federal Rule of Civil Procedure 15(a)(2) limited to the paragraphs identified above.

Plaintiff submits this Notice so that the record before the Court is accurate in advance of the August 6, 2026 hearing (ECF No. 113).

DATED: July 3, 2026

Respectfully submitted,

/s/ Anthony Mitchell

ANTHONY MITCHELL, Pro Se
618 Painted Opus Place
North Las Vegas, Nevada 89084
Telephone: (702) 884-0472
Email: RealAnthonyMitchell@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2026, a true and correct copy of the foregoing PLAINTIFF'S NOTICE OF ERRATA TO FIRST AMENDED COMPLAINT was served electronically on all counsel of record via the Court's CM/ECF system.

/s/ Anthony Mitchell

Anthony Mitchell, Pro Se

NOTICE OF ERRATA